Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohshlaw.com
**ORBACH HUFF SUAREZ & HENDERSON LLP**
1901 Harrison Street, Suite 1630
Oakland, CA 94612
Telephone: 510.999.7908/Facsimile: 510.999.7918

Attorney for Defendants
DETECTIVES MICHAEL ARTEAGA, JEFF CORTINA,
JOHN MOTTO and JULIAN PERE

Susan E. Coleman, Esq. (SBN 171832)
scoleman@bwslaw.com
**BURKE, WILLIAMS & SORENSEN, LLP**
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Telephone: 213.236.0600/Facsimile: 213.236.2700

Attorney for Defendants
CITY OF LOS ANGELES, SERGEANT JOSEPH SANCHEZ
OFFICERS DORA BORN and MARSHALL COOLEY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART TOBIAS,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES; SGT. SANCHEZ, #25339; DETECTIVE MICHAEL ARTEAGA, #32722; DETECTIVE JEFF CORTINA, #35632; DETECTIVE J. MOTTO, #25429; DETECTIVE JULIAN PERE, #27434; OFFICER MARSHALL COOLEY, #38940; OFFICER BORN, #38351; L.A. SCHOOL POLICE OFFICER DANIEL EAST, #959; and UNIDENTIFIED EMPLOYEES of the CITY OF LOS ANGELES,<br><br>        Defendants. | Case No. 17-cv-01076-DSF-AS<br><br>**REPLY IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(b)(6)**<br><br>DATE: July 10, 2017<br>TIME: 1:30 p.m.<br>DEPT: Courtroom 7D<br>JUDGE: Hon. Dale S. Fischer |

**TABLE OF CONTENTS**

Page(s)

I. DEFENDANTS REQUEST DISMISSAL OF PLAINTIFF'S STATE LAW CLAIMS ..................................................................................................... 1

II. PLAINTIFF'S FEDERAL CLAIMS ARE IMPROPER AS PLED .......................... 2

    A. The Remedy for an Improper Confession and Denial of Counsel is Suppression of Evidence, Not a Civil Suit Under Section 1983 ..................... 4

    B. Plaintiff's Failure to Intervene Claim is Still Insufficient .............................. 7

    C. Plaintiff's Conspiracy Claim is Insufficient .................................................... 9

III. CONCLUSION .......................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Chavez v. Martinez,*
  538 U.S. 760 (2003) ................................................................................... passim

*Chuman v. Wright,*
  76 F.3d 292 (9th Cir. 1996) ................................................................................. 9

*Devereaux v. Abbey,*
  263 F.3d 1070 (9th Cir. 2001) ................................................................. 2, 3, 4, 5

*Gantt v. City of L.A.,*
  717 F.3d 702 (9th Cir. 2013) ........................................................................... 3, 5

*Hannon v. Sanner,*
  441 F.3d 635 (8th Cir. 2006) ........................................................................... 6, 7

*Jackson v. Barnes,*
  749 F.3d 755 (2014) ........................................................................................ 2, 4, 6

*Jones v. Williams,*
  297 F.3d 930 (9th Cir. 2002) ............................................................................... 9

*Manson v. Brathwaite,*
  432 U.S. 98 (1977) ................................................................................................ 2

*Michigan v. Jackson,*
  475 U.S. 625 (1986) ............................................................................................. 4

*Monell v. Department of Social Services of the City of New York,*
  436 U.S. 658 (1978) ............................................................................................. 3

*Neil v. Biggers,*
  409 U.S. 188 (1972) ............................................................................................. 2

*Sornberger v. City of Knoxville,*
  434 F.3d 1006 (7th Cir. 2006) ............................................................................. 6

ORBACH HUFF SUAREZ & HENDERSON LLP

# TABLE OF AUTHORITIES

Page(s)

*Sportscare of America, P.C. v. Multiplan, Inc.*,
  No. 2:10–4414, 2011 WL 589955 (D.N.J. Feb. 10, 2011) ........................... 1, 2

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
  802 F.Supp.2d 1125 (C.D. Cal. 2011) ........................................................... 1

*Stoot v. City of Everett*,
  582 F.3d 910 (9th Cir. 2009) ........................................................... 2, 4, 6, 7

*Tennison v. City and Cnty. of S.F.*,
  570 F.3d 1078 (9th Cir. 2009) ........................................................................ 5

*United States v. Antelope*,
  395 F.3d 1128 (9th Cir. 2005) .................................................................. 5, 6

*United States v. Morrison*,
  449 U.S. 361 (1981) ........................................................................................ 4

**STATUTES**

42 U.S.C. § 1983 ..................................................................... 2, 4, 5, 6, 7

**RULES**

Federal Rules of Civil Procedure
  Rule 12(b)(6) .................................................................................................. 1
  Rule 12(e) ....................................................................................................... 1

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

Defendants CITY OF LOS ANGELES, SANCHEZ, BORN, COOLEY, ARTEAGA, CORTINA, MOTTO and PERE (hereinafter "Defendants") submit the following reply memorandum in response to Plaintiff ART TOBIAS' ("Plaintiff") Memorandum in Response to Motion to Dismiss ("Opp.") and in support of their Motion to Dismiss ("Motion") Plaintiff's First Amended Complaint ("FAC").

As stated previously, Defendants' Motion to Dismiss merely seeks to clarify Plaintiff's claims to the valid and established claims that are supported by his asserted facts.[1] With the more simplified statement of claims that Defendants propose, the case will be able to more effectively target necessary discovery and focus on the pertinent legal issues in this action.

## I. DEFENDANTS REQUEST DISMISSAL OF PLAINTIFF'S STATE LAW CLAIMS

Although Plaintiff implies surprise at Defendants' filing of this Motion, the parties' meet-and-confer efforts were lengthy and protracted. It is telling that although Plaintiff agreed that his state law claims should be dismissed, he refused to voluntarily dismiss them, instead forcing the current Motion. Nevertheless, Plaintiff concedes that the dismissal of his state law claims in their entirety is appropriate. (*See*, Opp. at pg. 2, fn. 1 (Dkt. 27).) Likewise, Plaintiff made no attempt to dispute Defendants' arguments as to the state law claims being time-barred or redundant. (*Id.*) "In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue." (*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F.Supp.2d 1125, 1132 (C.D. Cal. 2011), quoting *Sportscare of America, P.C. v. Multiplan, Inc.*, No. 2:10–4414, 2011 WL

---

[1] Arguably, Defendants' Motion could have been styled as both a 12(b)(6) to dismiss the state law claims and as a 12(e) for more definite statement on the remaining federal claims. To the extent that Rule 12(e) is applicable, Defendants respectfully request the Court consider their Motion as a Rule 12(e) motion for more definite statement in the alternative.

Reply ISO Defs' Joint Motion to Dismiss Plaintiff's First Amended Complaint [17-cv-01076-DSF-AS]

589955, at *1 (D.N.J. Feb. 10, 2011).) As such, Defendants respectfully request that all of Plaintiff's state law claims, Counts IX-XIV, be dismissed with prejudice.

## II. PLAINTIFF'S FEDERAL CLAIMS ARE IMPROPER AS PLED

The crux of Plaintiff's Opposition is that a civil claim is appropriate where law enforcement officers improperly cohere or otherwise unduly influence a witness to testify untruthfully as part of a criminal prosecution. Defendants agree with that principle. However, it is the nature of the civil claims that are in dispute. According to Plaintiff, a civil rights violation is automatically established every time a Court of Appeal determines that a suppression motion was improperly denied. However, not a single published opinion has ever reached that conclusion. Nor does Plaintiff address the differing legal standards between criminal and civil matters.[2] Confirming to the contrary, the Supreme Court has stated that "[t]he exclusion of unwarned statements, when not within an exception [to the Miranda rule], is a complete and sufficient remedy." (*Chavez v. Martinez*, 538 U.S. 760, 790 (2003) (Kennedy, J. concurring in part, dissenting in part).)

Plaintiff ignores a plethora of published cases – including the United States Supreme Court's opinion in *Chavez* (538 U.S. 760) – instead relying upon a pair of appellate cases (*Jackson v. Barnes*, 749 F.3d 755 (2014) and *Stoot v. City of Everett*, 582 F.3d 910 (9th Cir. 2009)) that address collateral issues. Contrary to Plaintiff's unsupported contentions, neither of those cases authorized a claim for "denial of counsel" or "Fifth Amendment violations." Instead, they merely confirm that a civil claim may be premised upon the use of improperly obtained information – this principle is not in dispute. In fact, Defendants expressly agree that Plaintiff may assert claims of: (1) violation of section 1983 related to an alleged violation of Plaintiff's right to due process and a fair trial (*Manson v. Brathwaite*, 432 U.S. 98 (1977); *Neil v. Biggers*, 409 U.S. 188 (1972)); (2) violation of section 1983 for alleged fabrication of evidence (*Devereaux v.*

---

[2] The burden of proof is upon the prosecution in a criminal matter, with questions of admissibility resolved in favor of exclusion. By comparison, the burden rests upon a civil plaintiff. If Plaintiff's claims were allowed to proceed as pled, Plaintiff would essentially be allowed to shift the burden of proof to the Defendants.

- 2 -

Reply ISO Defs' Joint Motion to Dismiss Plaintiff's First Amended Complaint [17-cv-01076-DSF-AS]

1  *Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc); see *Gantt v. City of L.A.,* 717 F.3d
2  702, 708 (9th Cir. 2013)); and (3) municipal liability as against the City of Los Angeles
3  (*Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978)).
4  These principles are discussed further below.

5        This Motion simply seeks to have the FAC reflect the proper claims given the
6  alleged facts.  This would allow both the parties and the Court to focus their efforts in
7  addressing and adjudicating only the plausible and relevant claims, rather than
8  duplicative, unsupported or time-barred claims.  As currently pled, Plaintiff's claims are
9  insufficient and not properly tied or supported by the facts.  In response, Plaintiff
10 generally argues that Defendants misread and mischaracterize the asserted facts, only to
11 then attempt for the first time to tie the voluminous facts to the individual claims.
12 Plaintiff's efforts to do so actually support Defendants' Motion by demonstrating that
13 Plaintiff's claims are *not* clear and cognizable as currently pled.  Instead, the FAC leaves
14 the Court and parties to speculate and guess at the specific allegations Plaintiff is
15 attempting to make in support of each claim.[3]

16       Plaintiff also argues that Defendants have misinterpreted the law with regard to his
17 Fifth Amendment, Fourteenth Amendment, failure to intervene and conspiracy claims.
18 However, Plaintiff mischaracterizes Defendants' arguments and fails to understand the
19 arguments that are being made in the Motion – namely, not that Plaintiff's facts are
20 insufficient, but that the claims themselves are vague and not sufficiently tied to the
21 proper facts.  No amount of legal citation will save Plaintiff from this failure.
22 ///
23 ///
24 ///
25 ///

---

[3] Notably, Plaintiff is even confused with his claims, as he notes that Count II should have referenced the Sixth Amendment, rather than the Fifth, yet Count II actually only references the Fourteenth Amendment and neither the Fifth or the Sixth. (*See* Opp. at pg. 9, fn. 4.) Presumably, Plaintiff meant to suggest that Count III is a *Sixth* Amendment claim.  This just highlights the confusion in the FAC.

### A. The Remedy for an Improper Confession and Denial of Counsel is Suppression of Evidence, Not a Civil Suit Under Section 1983[4]

Defendants maintain that Plaintiff's claims do not properly present a legally cognizable claim for the facts regarding the alleged improper confession and right to counsel. In particular, Defendants aver that Plaintiff's claims of denial of right to counsel and other alleged violations of *Miranda* as pled under the first three claims in the FAC cannot rise to a section 1983 claim.[5] Instead, the claims are appropriate only under the Fourteenth Amendment's due process or a fabrication claim. Alone, however, they do not stand.

Plaintiff, instead, argues that *Chavez* is irrelevant and relies on the Ninth Circuit's holdings in *Jackson v. Barnes* (749 F.3d 755, 758-60 (9th Cir. 2014)) and *Stoot v. City of Everett* (582 F.3d 910, 924-25 (9th Cir. 2009)), to assert that his Fifth Amendment claims are correct and cognizable. Plaintiff's reliance is misplaced. While *Jackson* and *Stoot* both concluded that a civil claim may proceed where the defendant police officers improperly obtained evidence, neither case identified or discussed the proper claim under which such circumstances could be addressed. The *Stoot* court focused upon the Supreme Court's opinion from *Chavez*, which stated that "We fail to see how, based on the text of the Fifth Amendment, [the plaintiff] can allege a violation of this right, since [the plaintiff] was never prosecuted for a crime, let alone compelled to be a witness against himself in a criminal case." (*Chavez*, 538 U.S. at 777.) However, the use of an improper statement is actionable either as a *Biggers/Manson* and/or a *Devereaux* claim. In *Devereaux v. Abbey* (263 F.3d 1070, 1076 (9th Cir. 2001)), the Ninth Circuit stated that in order to establish deliberate fabrication of evidence, a plaintiff:

---

[4] Defendants refer specifically to Counts I-III in the FAC, as all of these claims make some variation of a violation of a *Miranda* right, which is not cognizable under section 1983. This was inadvertently referred to as a "right to counsel" in the Motion, but meant to include all variations of Plaintiff's assertions which relate to violations of *Miranda*.

[5] Plaintiff also ignores Defendants' citation to *Michigan v. Jackson*, 475 U.S. 625 (1986) and *United States v. Morrison*, 449 U.S. 361, 364 (1981) in their entirety, which confirms that the remedy for a violation of an individual's right to counsel is exclusion from evidence of a statement so obtained and that the remedies should be tailored to the injury suffered.

- 4 -

must, at a minimum, point to evidence that supports at least one of the following two propositions: (1) Defendants continued their investigation of [the plaintiff] despite the fact that they knew or should have known that he was innocent; or (2) Defendants used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information.  (263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).)

Substantive due process imposes a standard of deliberate indifference or reckless disregard for an accused's rights or for the truth.  (See, *Gantt v. City of L.A.,* 717 F.3d 702, 708 (9th Cir. 2013); *Tennison* v. *City and Cnty. of S.F.,* 570 F.3d 1078, 1089 (9th Cir. 2009).)  In *Gantt,* the Ninth Circuit explained:

> "Deliberate indifference is the conscious or reckless disregard of the consequences of one's acts or omissions. It entails something more than negligence but is satisfied by something less than acts or omission for the very purpose of causing harm or with knowledge that harm will result." (717 F.3d at 708.)

Even the most cursory review of Plaintiff's asserted facts confirms that his claims fall squarely under *Devereaux*, not some alternative theory that have been expressly rejected by the appellate courts.  For example, Plaintiff's allegations of abusive questioning and prolonged interrogation represent the exact circumstances that a *Devereaux* claim is intended to adjudicate.  Rather than acknowledge the applicable cases and agree to confirm his claims to those authorized by the published legal authorities, Plaintiff misinterprets an important constitutional holding in *Chavez*.  That holding was explained in *United States v. Antelope* (395 F.3d 1128, 1140–41 (9th Cir. 2005)), wherein the Ninth Circuit stated:

> Chavez was a civil rights suit filed under 42 U.S.C. § 1983 by a plaintiff alleging that a police officer who aggressively questioned him violated his Fifth Amendment right. ***Six justices agreed with the defendant police officer that the cause of action premised on a Fifth Amendment violation could not survive summary judgment.*** See *Chavez,* 538 U.S. at 766–67, 123 S.Ct. 1994 *1141 (Thomas, J., joined by Rehnquist, C.J., O'Connor, J., and Scalia, J.); *id*. at 777–79, 123 S.Ct. 1994 (Souter, J., concurring, joined by Breyer, J.). . . . ***Critical to the reasoning of all six***

> *justices was the simple principle that the scope of the Fifth Amendment's efficacy is narrower when used as a sword in a civil suit than when used as a shield against criminal prosecution.* See *id.* at 772–73, 123 S.Ct. 1994 (Thomas, J., joined by Rehnquist, C.J., O'Connor, J., and Scalia, J.) ("***Rules designed to safeguard a constitutional right [such as that protected by the self-incrimination clause] do not extend the scope of the constitutional right itself.... Accordingly, Chavez's failure to read Miranda warnings to Martinez ... cannot be grounds for a § 1983 action.***"); *id.* at 777–78 (Souter, J., concurring, joined by Breyer, J.) (explaining that while case law "requiring a grant of immunity in advance of any testimonial proffer .... is outside the Fifth Amendment's core," the privilege's protections will only be expanded where "the core guarantee, or the judicial capacity to protect it, would be placed at some risk in the absence of such complementary protection," and concluding that it was not "necessary to expand protection of the privilege ... to ... civil liability"). (*Antelope*, 395 F.3d at 1140–41.)

Neither *Jackson* nor *Stoot* addressed the important distinction between using the Fifth Amendment as a sword versus a shield. Indeed, *Chavez* is not even mentioned in the *Jackson* decision. (*See, generally, Jackson,* 749 F.3d at 755.) While the Ninth Circuit considered some other Circuits interpretation of *Chavez* in the *Stoot* decision (i.e., *Sornberger v. City of Knoxville*, 434 F.3d 1006, 1027 (7th Cir. 2006)), it never considered *Hannon v. Sanner* (441 F.3d 635 (8th Cir. 2006)) or the Supreme Court's holding in *Chavez* that the Fifth Amendment protections are most broad when used as a shield, but are much more narrowly drawn in cases where it is used as a sword, as Plaintiff is attempting to do here.

The *Hannon* court explained its analysis as being in accord with *Chavez* in that a violation of the prophylactic requirements of *Miranda* does not rise to a cognizable civil claim under section 1983, even when a statement has been "used" at trial, resulting in a conviction. "Statements obtained in violation of the *Miranda* rule are not "compelled," and the use of such statements in a criminal case does not amount to compelled self-incrimination. The admission at trial of statements obtained in violation of *Miranda* thus does not implicate the core of the Fifth Amendment, and it does not result in the

deprivation of a 'right[ ] ... secured by the Constitution' within the meaning of § 1983, any more than does the eliciting of the statements in the first place." (*Hannon,* 441 F.3d at 637.)

Further, the remedy for a violation of *Miranda*, when a person has been denied the right to counsel or when an improperly obtained confession has been used against them, is the suppression of such evidence. (*Id.* at 637-38; *see also, Chavez,* 538 U.S. at 790 (Kennedy, J. concurring in part and dissenting in part) ["The exclusion of unwarned statements, when not within an exception [to the *Miranda* rule], is a complete and sufficient remedy."].) Clearly and contrary to Plaintiff's contentions, even the Supreme Court has stated that exclusion is a full and complete remedy to an unwarned statement. (*See, contra* Opp. at pgs. 11-13.)

As such, Plaintiff's claims under a vague "Fifth Amendment" argument cannot stand as currently pled. Plaintiff must instead define his claim as either a substantive due process violation (as expressly acknowledged as cognizable in *Chavez* and *Stoot*)[6] or a fabrication of evidence claim. (*Chavez,* 538 U.S. at 773 (plurality opinion of Thomas, J.); *id.* at 779 (Souter, J.); *id.* at 787 (Stevens, J.); *id.* at 799 (Kennedy, J.); *Stoot,* 582 F.3d at 923.) Plaintiff's claims in Counts I-III of his FAC are simply insufficient as currently pled.

**B.     Plaintiff's Failure to Intervene Claim is Still Insufficient**

Defendants challenge Plaintiff's claim for Failure to Intervene based upon a complete lack of facts to satisfy the necessary elements. Although Plaintiff's FAC is lengthy, he never actually articulates which officers were allegedly aware of unconstitutional actions, how they were aware and when they had the opportunity to intervene. In response, Plaintiff attempts to finally apply the voluminous facts to the claims, as should have been done in the FAC. Plaintiff's Opposition simply adds logical

---

[6] Plaintiff conflates Defendants' arguments with regard to the standard of police misconduct with the "shocks the conscience" standards for claims under the Fourteenth Amendment and other claims standards. (Opp. at pg. 11:3-16, Dkt. 27.) Plaintiff clearly misunderstood Defendants' argument in this regard.

- 7 -

Reply ISO Defs' Joint Motion to Dismiss Plaintiff's First Amended Complaint [17-cv-01076-DSF-AS]

connections between the claim and the facts, where none were alleged in the FAC. This demonstrates exactly why the FAC fails. Defendants should not have to make such logical leaps in order to understand Plaintiff's claims.

For example, Plaintiff states that there are numerous facts asserting that Detective Sanchez failed to intervene, but some of these allegations had to be pieced together from a general allegation applicable to all Defendants. (*See, i.e.,* Opp. at pg. 21:6-19.) In particular, however, and similar to the problems associated with Counts I-III, Plaintiff does not specifically identify which facts amount to a failure to intervene. For example, Count VI (failure to intervene), paragraph 171 states:

> "In the manner described above, by their conduct and under color of law, during the constitutional violations described herein, one or more of the Defendants stood by without intervening to prevent the violation of Plaintiff's constitutional rights, even though they had the opportunity to do so." (FAC, pg. 35, Dkt. 19.)

This paragraph does not identify any single Defendant or even point to what supposed "constitutional violations" they failed to intervene. Is Plaintiff intending to mean the interrogation? The identification of him as a suspect? Or, the alleged *Miranda* violation?

Plaintiff expects Defendants to sift through the 100+ paragraphs of "facts" to find the ones that Plaintiff contends constitute a failure to intervene. This is beyond what a defendant is required to do. Rule 8 requires a "plain statement" to fairly put Defendants on notice of what each is being accused. Yet, Plaintiff's FAC directly contradicts that mandate and instead presents a convoluted maze of facts and allegations that do not constitute a coherent claim. Defendants are simply asking that Plaintiff be ordered to amend his FAC to plead claims and assert the facts where appropriate. Such clarification will enable the parties to better evaluate the potential for liability, direct discovery and any dispositive motions so that the case can proceed as efficiently as possible. With the amorphous claims pled in the FAC, discovery is likely to be convoluted and unnecessarily lengthy.

Further, Plaintiff continues to pursue his belief that asserting a vague claim premised upon a team liability concept as against all Defendants is sufficient. However, the Ninth Circuit has explicitly held that police officers cannot be held under a theory of "team liability." (*See, Jones v. Williams*, 297 F.3d 930, 936 (9th Cir. 2002) ["a "team effort" standard is impermissible because it "allows the jury to lump all the defendants together, rather than require it to base each individual's liability on his own conduct"] *quoting, Chuman v. Wright*, 76 F.3d 292, 295 (9th Cir. 1996).) Here, Plaintiff must specifically identify those officers he believes contributed to the asserted claims including the specific wrongful conduct by each officer, rather than generically assuming all the officers were involved in every incident.

### C. Plaintiff's Conspiracy Claim is Insufficient

Plaintiff's arguments are woefully deficient regarding his conspiracy claim. As is the theme with Plaintiff's Opposition, Plaintiff now attempts to belatedly tie facts together in his Opposition to infer a conspiracy claim, which was not properly stated in the FAC. Again, this requires a leap of logic that Defendants should not be forced to endure.

Plaintiff's Opposition claims that "Clearly, Plaintiff's brutal interrogation was a core part of the conspiracy, and the "who," "what," "when," and "how" of that process is alleged in exceptional detail over the course of more than 50 paragraphs spanning more than 10 pages." (Opp. at pg. 24:3-6, Dkt 27.) But, nowhere in the 150+ paragraphs of the FAC does it connect the claims for conspiracy to the facts, as Plaintiff asserts in his Opposition. Plaintiff only now attempts to create this connection. This is exactly why the FAC fails.

Similar to the prior counts, Count VII (conspiracy) fails to suggest what each Defendant did to conspire. The FAC merely states, "the Defendant Officers . . . agreed among themselves . . . to act in concert in order to deprive Plaintiff of his constitutional rights, including his rights against self-incrimination [sic] due process, and to a fair trial, all as described in the various paragraphs of this Complaint." (FAC at pg. 36, ¶ 175, Dkt.

19.) How did they conspire? What did Defendants do? None of that is clear in this count. Plaintiff's Opposition asserts a host of facts that could potentially support this claim, but the problem is that those facts are not asserted in the claim itself, nor are they linked to each of the individual Defendants. As such, without the benefit of Plaintiff's commentary in the Opposition, which clarifies the allegations against *some* of the Defendants, Defendants would have to sift through the facts and attempt to match facts to each claim. This is exactly what the federal pleading rules are designed to avoid. Plaintiff must be ordered to submit a further amended complaint that presents clear and cogent claims against each Defendant individually. The Rules require nothing less.

## III.   CONCLUSION

In sum, Defendants are not arguing that Plaintiff has not stated enough facts. To the contrary, Plaintiff has asserted a plethora of facts. However, Plaintiff does not connect his myriad facts to the individual Defendants or to any viable legal claim that can withstand dismissal. As such, Plaintiff must amend his FAC to more definitively state the allegations against each of the Defendant Officers, with the correct legal standards. Accordingly, Defendants respectfully request this Motion to Dismiss be granted with leave to amend.

Dated: June 26, 2017      ORBACH HUFF SUAREZ & HENDERSON LLP

By: /s/ Kevin E. Gilbert
Kevin E. Gilbert
Attorney for Defendants
DETECTIVES MICHAEL ARTEAGA, JEFF CORTINA, JOHN MOTTO and JULIAN PERE

Dated: June 26, 2017      BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Susan E. Coleman
Susan E. Coleman
Attorney for Defendants
CITY OF LOS ANGELES, SERGEANT JOSEPH SANCHEZ, OFFICERS DORA BORN and MARSHALL COOLEY