UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 17-01076 DSF (AS) | Date | 7/12/2017 |
|---|---|---|---|
| Title | Art Tobias v. City of Los Angeles, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff | Attorneys Present for Defendants |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order GRANTING IN PART and DENYING IN PART Defendants' Motion to Dismiss (Docket No. 26)

Defendants Sergeant Sanchez, Officer Born, Officer Cooley, Detective Arteaga, Detective Cortina, Detective Motto, and Detective Pere (Defendant Officers), and the City of Los Angeles (together with the Defendant Officers, Defendants) move to dismiss Plaintiff's First Amended Complaint (FAC). Defendants argue that (1) Plaintiff's federal claims fail to comply with Rule 8(a) of the Federal Rules of Civil Procedure; (2) several of Plaintiff's federal claims fail as a matter of law because they are based on impermissible legal theories; and (3) Plaintiff's state law claims are time-barred because he failed to comply with the California Tort Claims Act.

The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons given below, the motion is GRANTED IN PART and DENIED IN PART.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**I.     BACKGROUND[1]**

On August 18, 2012, Alex Castaneda and two other individuals were shot on the 1400 block of Alvarado Terrace in Los Angeles, California. Dkt. 19, FAC ¶¶ 12–13. Castaneda died. FAC ¶ 12. The Los Angeles Police Department (LAPD) investigated the incident. FAC ¶ 21. Pere and Motto retrieved surveillance video of the shooting; they decided to pursue Plaintiff as the perpetrator even though the shooter in the video was around six feet tall and 200 pounds and Plaintiff was a "short, skinny 13 year-old." FAC ¶¶ 2, 17, 22, 27–30. Pere and Motto then entered into a conspiracy to violate Plaintiff's constitutional rights by fabricating evidence against him so that he would be falsely convicted of murder. E.g., FAC ¶¶ 27–31, 36–37, 175–77.

Sanchez, Born, Cooley, Arteaga, Cortina, and Defendant Officer East, who is not a party to the motion, all later joined the conspiracy. FAC ¶¶ 37–38, 40–42, 44–45, 51–53, 60–62. First, Cooley and Born met Pere and Motto at the scene and agreed to falsely identify Plaintiff as the shooter in the video. FAC ¶¶ 37–43. Next, the officers contacted East, who agreed to do the same. FAC ¶¶ 51–52. Plaintiff was then arrested— purportedly in connection with a missing person report his mother had filed, as the officers did not have probable cause to arrest him for Castaneda's murder. FAC ¶¶ 54–56. While Plaintiff was in custody, Pere, Motto, Cortina, and Arteaga formulated a strategy to force Plaintiff to falsely confess to shooting Castaneda so they could use the confession to secure his conviction. FAC ¶ 60. Sanchez, who was the supervisor on duty, approved of the officers' strategy and helped them coordinate their efforts to obtain a false confession. FAC ¶ 61.

The Defendant Officers proceeded to use coercive tactics while interrogating Plaintiff and continued to interrogate him even after he asked to see his mother and invoked his right to counsel. FAC ¶¶ 71–77, 86–89, 100. Plaintiff eventually falsely confessed to shooting Castaneda and the two others. FAC ¶¶ 114–17. The tactics the Defendant Officers used to coerce a confession from Plaintiff were consistent with LAPD's policy and practice. FAC ¶ 128.

Following a bench trial in juvenile court, Plaintiff was convicted of murdering Castaneda and attempting to murder the two other individuals he allegedly shot. FAC ¶ 120. He was sentenced to 25 years to life. Id. The court relied on Plaintiff's false confession in adjudicating him guilty. FAC ¶ 123.

---

[1] The Court assumes the facts alleged are true for the purpose of this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

In 2015, a California Court of Appeal overturned Plaintiff's conviction, FAC ¶ 125, finding Plaintiff's confession was obtained after he invoked his right to counsel and should have been suppressed at trial. FAC ¶ 126. The case was later dismissed. FAC ¶ 127.

In his FAC, Plaintiff asserts thirteen counts.[2] The first six counts are Section 1983 claims for violation of Plaintiff's constitutional rights under the Fifth, Sixth, and Fourteenth Amendments. The seventh count is a Monell claim. The final six counts are state law tort claims.

Defendants move to dismiss the FAC pursuant to Rule 8(a) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants also ask the Court to issue an order permitting Plaintiff to file a Second Amended Complaint asserting the following claims only: (1) a Section 1983 claim for violation of Plaintiff's right to due process and a fair trial; (2) a Section 1983 claim for alleged fabrication of evidence; and (3) a municipal liability claim against the City.

## II.   LEGAL STANDARDS

### A. Rule 8(a) of the Federal Rules of Civil Procedure

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (ellipsis in original; internal quotation marks omitted). But Rule 8(a) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

### B. Rule 12(b)(6) of the Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations

---

[2] The FAC says it contains fourteen counts, but the headers are improperly numbered and there is no Count V.

contained in the complaint." Erickson, 551 U.S. at 94. However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Id. (alteration in original; citation and internal quotation marks omitted). A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Ruling on a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." Id. at 679 (alteration in original; internal quotation marks and citation omitted).

## III. ANALYSIS

### A. Motion to Dismiss Under Rule 8(a)

Defendants contend the FAC fails to comply with Rule 8(a) because Plaintiff does not connect the facts asserted with the specific counts and specific defendants. According to Defendants, though the FAC contains more than 130 paragraphs of factual allegations and 13 counts, Plaintiff does not make any attempt to clearly articulate which factual allegations support each count. Rather, at the beginning of each count, he merely incorporates each of the preceding paragraphs in the FAC by reference. Plaintiff also makes no attempts to clearly identify which counts apply to which Defendants.

The Court finds the FAC contains sufficient factual allegations to provide Defendants with "fair notice" of the nature of each claim asserted and the "grounds upon which the claim rests." Twombly, 550 U.S. at 556. As discussed more fully below, Plaintiff has sufficiently pleaded that the Defendant Officers entered into a conspiracy to violate his constitutional rights. Thus, all of his constitutional claims are asserted against all Defendant Officers. To the extent the FAC fails to identify which claims apply to which Defendants, the failure is not fatal. In addition, many of the deficiencies Defendants complain about—including the lack of specificity as to the legal theories that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

support each claim and specific references to all facts that support each claim—can be rectified through discovery.

The Court DENIES Defendants' motion to dismiss the FAC for failure to comply with Rule 8(a).

**B. Motion to Dismiss Under Rule 12(b)(6)**

**1. Section 1983 Claims**

Plaintiff asserts six Section 1983 claims against the Defendant Officers. As the Court reads the FAC, Plaintiff alleges the officers: (1) violated his Fifth and Fourteenth Amendment rights by coercing a confession from him after he invoked his Miranda rights; (2) violated his substantive due process rights under the Fourteenth Amendment by using coercive interrogation tactics that shock the conscience; (3) violated his Sixth and Fourteenth Amendment rights to a fair trial by fabricating evidence against him;[3] (4) maliciously prosecuting him without probable cause for the purpose of depriving him of his Fifth and Fourteenth Amendment rights; (5) violated his Fifth, Sixth, and Fourteenth Amendment rights by failing to intervene; and (6) conspired to deprive him of his Fifth, Sixth, and Fourteenth Amendment rights by fabricating evidence against him, depriving him of exculpatory information, and causing him to incriminate himself so that he would be convicted of the murder.

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 is not a "source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). Accordingly, in a Section 1983 action a court must determine whether the right a plaintiff identifies is actually the one that was allegedly infringed. See id. at 394.

**a. Fifth and Fourteenth Amendment Violations (Count I)**

---

[3] In the FAC, Plaintiff alleges Count III is based on violations of the Fifth and Fourteenth Amendments. In his Opposition, Plaintiff states he mistakenly indicated in the FAC that Count II is based on the Fifth Amendment, but he intended to rely on the Sixth Amendment. Opp'n 9 n. 4. It appears Plaintiff intended to refer to Count III rather than Count II, because Count II does not refer to either the Fifth or the Sixth Amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Defendants contend Count I is untenable because it is based on the theory that the Defendant Officers violated his right to counsel. See Chavez v. Martinez, 538 U.S. 760, 772 (2003) (plurality opinion) (finding that a failure to read Miranda warnings did not violate a suspect's constitutional rights). Defendants are wrong. The FAC alleges Defendants continued to question him after he requested an attorney and used coercive interrogation tactics to elicit a confession that was used against him in a criminal proceeding. Thus, Chavez is distinguishable. There the improperly obtained confession was not used against the plaintiff in a criminal case.

Post-Chavez, the Ninth Circuit held that where a coerced confession is used against a defendant in a criminal proceeding, the criminal defendant (now civil plaintiff) may assert a Section 1983 claim. Jackson v. Barnes, 749 F. 3d 755, 755, 759, 762 (9th Cir. 2014); see also Hall v. City of Los Angeles, 697 F. 3d 1059, 1068 (9th Cir. 2012) (stating that the Fifth Amendment is the explicit constitutional provision that governs a plaintiff's Section 1983 claim that authorities used a coerced confession to secure his conviction); Stoot v. City of Everett, 582 F.3d 910, 925 (9th Cir. 2009) (noting that allowing a coerced statement to be used against a defendant once charges are filed imposes "precisely the burden precluded by the Fifth Amendment: namely, they make the declarant a witness against himself in a criminal proceeding").[4] The Court DENIES Defendants' motion as to Count I.

### b. Fourteenth Amendment Substantive Due Process Violation (Count II)

Defendants also move to dismiss Plaintiff's Section 1983 claim for violation of his substantive due process rights under the Fourteenth Amendment on the grounds that the facts Plaintiff pleaded in support of this claim fall under Devereaux, 263 F.3d 1070 and, thus, this theory of liability is duplicative of Plaintiff's fabrication of evidence claim.

"The standard for showing a Fourteenth Amendment substantive due process violation . . . is quite demanding." Stoot, 582 F.3d at 928. "Only the most egregious official conduct" is "arbitrary in the constitutional sense," and constitutes a violation of substantive due process. Cty. of Sacramento v. Lewis, 523 U.S. 833, 846 (1998) (internal citation and quotation marks omitted). Thus, a Fourteenth Amendment claim of this type

---

[4] Hannon v. Sanner, 441 F.3d 635 (8th Cir. 2006), which Defendants cite, is irrelevant, as this Court is bound by Ninth Circuit precedent.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

is cognizable only if the abuse of power "shocks the conscience" and "violates the decencies of civilized conduct." Id.

Plaintiff alleges Arteaga subjected him to unconscionable interrogation tactics when he reneged on his promise that Plaintiff could see his mother, physically intimidated Plaintiff using the size disparity between the two, put his hands on Plaintiff, repeatedly threatened Plaintiff, told Plaintiff a judge would think he was a "cold blooded killer" if he did not confess, told Plaintiff he would help Plaintiff if he confessed, repeatedly cursed and swore at Plaintiff, repeatedly lied to Plaintiff, and fed Plaintiff false information. FAC ¶¶ 104–111. Although Plaintiff does not allege Arteaga physically abused him, taking into account that Plaintiff was thirteen at the time of the interrogation, he paints a picture that suggests Arteaga subjected him to psychological abuse while the other Defendant Officers sat back and watched. As the Ninth Circuit has noted, "psychological coercion is sufficient to state a claim under the Fourteenth Amendment." Stoot, 582 F. 3d at 929. The Court has no hesitation in finding that a reasonable jury could conclude Plaintiff's Fourteenth Amendment rights were violated if it finds the alleged facts to be true.

Contrary to Defendants' assertion, Plaintiff is not precluded from bringing a substantive due process claim simply because he also asserts a claim for violation of his Fifth Amendment rights. As the Court reads the allegations in the FAC, Plaintiff claims his Fifth Amendment rights were violated when a coerced incriminating statement was used against him in a criminal proceeding. His Fourteenth Amendment claim, however, is based on the allegation that officers used interrogation techniques to obtain the confession that were so coercive as to "shock the conscience." The claims are not duplicative. See Crowe v. Cty. of San Diego, 608 F. 3d 406, 430, 433 (9th Cir. 2010) (permitting plaintiff to assert both Fifth Amendment and Fourteenth Amendment claims based on very similar allegations).

Moreover, Defendants' contention that Plaintiff's Fourteenth Amendment claim is untenable because it should be brought as a Deveraux claim is simply wrong. In Hall, the Ninth Circuit explained the Devereaux prong (2) line of cases concerns only "interview techniques used to elicit evidence from third-party witnesses, not the coerced interrogation of a suspect." 697 F.3d at 1069. The Court DENIES Defendants' motion as to Count II.

**c. Sixth Amendment and Fourteenth Amendment (Count III)**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Count III appears to be based on Plaintiff's allegations that Defendants fabricated evidence against him and used highly suggestive field identification tactics that violated his due process rights and right to a fair trial.[5] Although Defendants move to dismiss Count III, they concede Plaintiff may assert Section 1983 claims for violation of his rights to due process and a fair trial under the Manson v. Brathwaite, 432 U.S. 98 (1977) and Neil v. Biggers, 409 U.S. 189 (1972) line of cases and for fabrication of evidence under Devereaux, 263 F.3d 1070 and its progeny.  The Court finds Plaintiff has pleaded sufficient facts to support both of these claims, as the FAC is replete with allegations that Defendants fabricated evidence and used impermissibly suggestive identification techniques that impacted Plaintiff's ability to receive a fair trial.  See generally Devereaux, 263 F.3d at 1076 (permitting a plaintiff to plead a deliberate fabrication of evidence claim by showing that defendants continued to investigate him although they should have known he was innocent); c.f. Smith v. Almada, 640 F.3d 931, 939 (9th Cir. 2011) (explaining that a plaintiff asserting a Section 1983 claim must show withheld evidence was material).

The Court notes, however, that Plaintiff states in his Opposition that he has also adequately pleaded a Section 1983 claim in Count III for a Brady violation.  But aside from cursory allegations that Defendants withheld exculpatory evidence, Plaintiff has not clearly identified what evidence was withheld or how it materially affected the outcome at trial.

The Court DENIES Defendants' motion to dismiss Plaintiff's Section 1983 claim for violation of his due process rights and right to a fair trial for evidence fabrication and using impermissibly suggestive identification tactics, but GRANTS with leave to amend Defendants' motion to dismiss Plaintiff's Section 1983 claim for violation of his rights to due process and right to a fair trial based on withheld material evidence.

### d. Malicious Prosecution (Count IV)

"A criminal defendant may maintain a malicious prosecution claim not only against prosecutors but also against others—including police officers and investigators—

---

[5] As stated in footnote 3, Plaintiff indicates he intended to plead a violation of the Sixth Amendment rather than the Fifth Amendment.  It is unclear to the Court from Plaintiff's allegations how he believes his Sixth Amendment rights to a fair trial were violated, as his allegations appear to be grounded in facts that suggest his rights to a fair trial under the Due Process clause of the Fifth Amendment were violated.

who wrongfully caused his prosecution." Almada, 640 F.3d at 938. To assert a malicious prosecution claim under Section 1983, a plaintiff must allege: (1) the defendants prosecuted him with malice and without probable cause, and (2) the defendants acted for the purpose of denying the plaintiff equal protection or another specific constitutional right. Id.

Plaintiff has included numerous allegations that suggest Defendants acted for the purpose of denying his Fifth and Fourteenth Amendment rights. The allegations also allow a jury to infer, if true, that Defendants acted with malice, because Defendants allegedly intentionally fabricated evidence and coerced Plaintiff to confess falsely so that he was falsely accused of murder. Finally, taking Plaintiff's allegations as true that there was no inculpatory evidence that could be used against him other than the evidence Defendants fabricated and the coerced confession, Plaintiff has sufficiently pleaded that he was prosecuted without probable cause.

### e. Failure to Intervene (Count VI)

A police officer may be liable for failing to intercede in the violation of constitutional rights by another police officer if he or she had a "realistic opportunity" to do so. Cunningham v. Gates, 229 F.3d 1271, 1289–90 (9th Cir. 2000). Plaintiff alleges that Arteaga's conduct towards him was unconscionable and that the other officers at the station—Pere, Motto, Cortina, Sanchez, and, possibly other unnamed officers—failed to intervene while Arteaga coerced a confession from him. Plaintiff also alleges that each of the Defendant Officers agreed to fabricate evidence against him even though they had an opportunity to step in and stop the violation of his constitutional rights by failing to agree to falsely identify him as the shooter in the video. Plaintiff has sufficiently pleaded a failure to intervene claim against the Defendant Officers.

### f. Conspiracy (Count VII)

To assert a conspiracy claim under Section 1983, a plaintiff must show (1) an agreement or meeting of the minds to deprive the plaintiff of a constitutional right; (2) an overt act in furtherance of the conspiracy; and (3) a constitutional deprivation. See Lacey v. Maricopa Cty., 639 F.3d 896, 935 (9th Cir. 2012). The allegation of a conspiracy may "enlarge the pool of defendants by demonstrating their causal connections to the violation" as the "fact of a conspiracy may make a party liable for the unconstitutional violations of the party with whom he conspired." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

To be liable, "each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (citing United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.3d 1539, 1540–41 (9th Cir. 1989) (en banc)). "The defendants must have, by some concerted action, intended to accomplish some unlawful objective for the purpose of harming another which results in damage." Mendocino Envtl. Ctr. v. Mendocino Cty., 192 F.3d 1283, 1301 (9th Cir. 1999) (internal quotation marks and citation omitted). Because conspiracies are secret agreements, "[a] defendant's knowledge of and participation in a conspiracy may be inferred from circumstantial evidence and from evidence of the defendant's actions." Gilbrook v. City of Westminister, 177 F.3d 839, 856–57 (9th Cir. 1999). That defendants committed acts that "are unlikely to have been undertaken without an agreement" may support the inference of a conspiracy. Mendocino Envtl. Ctr., 192 F.3d at 1301 (internal quotation marks and citation omitted).

There are sufficient factual allegations in the FAC to support the existence of a conspiracy. Plaintiff asserts, for example, that Defendant Officers conspired to convict him for Castaneda's homicide though they knew he was innocent. FAC ¶¶ 26–27. Plaintiff also included facts that support an inference that the officers explicitly or implicitly agreed to the conspiracy and took overt actions in furtherance of the conspiracy. For example, Plaintiff asserts that Pere and Motto initially devised the plan. FAC ¶¶ 28–29. Pere and Motto viewed video footage of the shooting, which showed the perpetrator was a heavy-set adult, not a small teen. Nevertheless, the officers decided to pursue Plaintiff as the primary suspect. FAC ¶¶ 3, 22, 30. Pere and Motto then recruited Cooley and Born to falsely claim Plaintiff was the shooter in the video even though they had never met or interacted with Plaintiff. FAC ¶¶ 37–38, 40–42. Plaintiff further alleges the officers refused to assemble a photo array or put together a line-up to determine whether any of the witnesses could identify the shooter in the video because doing so would have resulted in Plaintiff not being identified. FAC ¶¶ 44–45. The officers then recruited East to join the conspiracy, and East agreed by falsely identifying Plaintiff as the shooter in the video. FAC ¶¶ 52–53. Cortina and Arteaga then joined the conspiracy by conferring with Pere and Motto as to the interrogation methods the officers should use to get Plaintiff to falsely confess to the shooting. FAC ¶¶ 60. Finally, Sanchez agreed to join the conspiracy by approving the officers' interrogation tactics and helping them coordinate their efforts to secure a false confession. FAC ¶ 61. The Court finds these allegations, as well as several others, sufficiently provide Defendants with notice that Plaintiff contends they conspired to violate his constitutional rights by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

fabricating evidence against him and causing him to incriminate himself so that he was wrongfully convicted of murder.

### 2. State Law Claims (Counts IX–XIV)

Defendants argue Counts IX–XIV must be dismissed because these are state law claims and Plaintiff failed to comply with the provisions of the Tort Claims Act. Plaintiff fails to oppose Defendants' motion to dismiss these claims. Plaintiff's lack of opposition is deemed to be consent to the motion. L.R. 7-12; see also Ghazali v. Moran, 46 F.3d 52 (9th Cir. 1995); Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. 1994). Counts IX–XIV are dismissed, with prejudice as to the moving parties. Plaintiff should file a dismissal as to East, unless he contends those claims are viable as to East.

### IV. CONCLUSION

The motion to dismiss is GRANTED IN PART and DENIED IN PART. Plaintiff is granted leave to amend Count III and must file an amended complaint no later than August 2, 2017. Plaintiff may not add new claims or new parties unless he first requests leave to do so.

IT IS SO ORDERED.