Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
Lillian Kae Yoo (SBN 261239)
E-mail: lyoo@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600    Fax: 213.236.2700

Attorneys for Defendants
CITY OF LOS ANGELES, BORN, COOLEY
AND SANCHEZ

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART TOBIAS,<br><br>            Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES; SGT. SANCHEZ, #25339; DETECTIVE MICHAEL ARTEAGA, #32722; DETECTIVE JEFF CORTINA, #35632; DETECTIVE J. MOTTO, #25429; DETECTIVE JULIAN PERE, #27434; OFFICER MARSHALL COOLEY, #38940; OFFICER BORN, #38351; L.A. SCHOOL POLICE OFFICER DANIEL EAST, #959; and UNIDENTIFIED EMPLOYEES of the CITY OF LOS ANGELES,<br><br>            Defendants. | Case No. 2:17-cv-01076-DSF-AS<br><br>**DEFENDANTS CITY OF LOS ANGELES, BORN, COOLEY AND SANCHEZ'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND DEMAND FOR JURY TRIAL** |

COMES NOW, Defendants CITY OF LOS ANGELES, BORN, COOLEY AND SANCHEZ (hereinafter "Defendants'), in answer to Plaintiff ART TOBIAS' First Amended Complaint (Doc. #19) as follows:

**INTRODUCTION**

1. In answer to paragraphs 1 and 2 of Plaintiff's First Amended Complaint, Defendants deny that Plaintiff had no criminal history before his murder

///

conviction. Defendants deny they committed any misconduct. Defendants deny any remaining allegations for lack of information and belief.

2. In answer to paragraph 3 of Plaintiff's First Amended Complaint, Defendants admit that the shooting was captured on video surveillance. Defendants deny that the video excluded Plaintiff as the perpetrator. Defendants deny that they "framed" Plaintiff for the shooting. Except as admitted herein, Defendants deny any remaining allegations for lack of information and belief.

3. In answer to paragraph 4 of Plaintiff's First Amended Complaint, Defendants deny that they committed any misconduct during Plaintiff's interrogation. Defendants deny any remaining allegations for lack of information and belief.

4. In answer to paragraphs 5 and 6 of Plaintiff's First Amended Complaint, Defendants deny that Plaintiff had "years of his life stolen" and assert that he would have been in custody for his other conviction(s). Defendants deny any remaining allegations for lack of information and belief.

**JURISDICTION AND VENUE**

5. In answer to paragraph 7 of Plaintiff's First Amended Complaint, Defendants admit that jurisdiction and venue are proper in this Court but deny all other allegations therein.

**THE PARTIES**

6. In answer to paragraph 8 of Plaintiff's First Amended Complaint, Defendants lack sufficient information to admit or deny the allegations therein and, on that basis, said allegations are denied.

7. In answer to paragraph 9 of Plaintiff's First Amended Complaint, Defendants admit that Sanchez, Cooley, and Born were all employed and serving as Los Angeles Police Department officers at all relevant times. As to all other allegations therein, Defendants lack sufficient information to admit or deny the allegations therein and, on that basis, said allegations are denied.

8. In answer to paragraph 10 of Plaintiff's First amended Complaint, Defendants lack sufficient information to admit or deny the allegations therein and, on that basis, said allegations are denied.

9. In answer to paragraph 11 of Plaintiff's First Amended Complaint, Defendants admit the City of Los Angeles is a municipal entity and that it employed the defendant-officers apart from Daniel East during the relevant time period. Except as admitted herein, Defendants deny any remaining allegations for lack of information and belief.

## THE ALVARADO TERRACE SHOOTING

10. In answer to paragraph 12 of Plaintiff's First Amended Complaint, Defendants admit that Alex Castaneda was shot and killed at 1415 Alvarado Terrace in Los Angeles on August 18, 2012. Except as admitted herein, Defendants deny any remaining allegations for lack of information and belief.

11. In answer to paragraph 13 of Plaintiff's First Amended Complaint, Defendants admit that Castaneda was standing with others at the time he was shot and that two of these persons were also shot. Except as admitted herein, Defendants deny any remaining allegations for lack of information and belief.

12. In answer to paragraph 14 of Plaintiff's First Amended Complaint, Defendants admit that witnesses indicated two suspects were involved in the shooting. Except as admitted herein, Defendants deny any remaining allegations for lack of information and belief.

13. In answer to paragraph 15 of Plaintiff's First Amended Complaint, Defendants admit that witnesses indicated the suspects got into a red Hyundai after the shooting. Except as admitted herein, Defendants deny any remaining allegations for lack of information and belief.

14. In answer to paragraph 16 of Plaintiff's First Amended Complaint, Defendants admit that several people present at the time of the shooting were subsequently interviewed. Except as admitted herein, Defendants deny any

remaining allegations for lack of information and belief.

15. In answer to paragraph 17 of Plaintiff's First Amended Complaint, Defendants admit that witnesses identified one suspect as wearing a white t-shirt. Except as admitted herein, Defendants deny any remaining allegations for lack of information and belief.

16. In answer to paragraphs 18 and 19 of Plaintiff's First Amended Complaint, Defendants admit that surveillance video captured the shooting. Defendants deny that the video reflected the male in a white shirt was an adult or that he had a heavy build. Except as admitted herein, Defendants deny any remaining allegations for lack of information and belief.

17. In answer to paragraph 20 of Plaintiff's First Amended Complaint, Defendants deny that Plaintiff had "absolutely nothing to do with" the shooting of Castaneda. Defendants deny any remaining allegations for lack of information and belief.

**DETECTIVES DECIDE TO PROSECUTE PLAINTIFF RATHER THAN CONDUCT AN HONEST INVESTIGATION**

18. In answer to paragraphs 21 and 22 of Plaintiff's First Amended Complaint, these paragraphs do not refer to the answering parties and therefore are not responded to herein.

19. In answer to paragraphs 23 and 24 of Plaintiff's First Amended Complaint, Defendants admit that Officer Cooley met with Plaintiff's mother on August 17, 2012, and that she reported him missing. Except as admitted herein, Defendants deny any remaining allegations for lack of information and belief.

20. In answer to paragraph 25 of Plaintiff's First Amended Complaint, Defendants admit that Mrs. Contreras showed Officer Cooley a cell phone photo of Plaintiff. Except as admitted herein, Defendants deny any remaining allegations for lack of information and belief.

21. In answer to paragraph 26 of Plaintiff's First Amended Complaint,

Defendants deny that Plaintiff returned home before the shooting occurred. Defendants deny any remaining allegations for lack of information and belief.

22. In answer to paragraph 27 of Plaintiff's First Amended Complaint, Defendants deny they used the missing person report as a pretext and deny that they failed to investigate the shooting. Defendants deny any remaining allegations for lack of information and belief.

23. In answer to paragraphs 28 to 31 of Plaintiff's First Amended Complaint, Defendants deny that they conspired to falsely prosecute Plaintiff, deny they failed to investigate, and deny they committed any misconduct. Defendants deny any remaining allegations for lack of information and belief.

**DEFENDANTS GENERATE FALSE "IDENTIFICATIONS" FROM AMONGST EACH OTHER**

24. In answer to paragraph 32 of Plaintiff's First Amended Complaint, Defendants admit that the surviving shooting victims and several other persons were interviewed. Except as admitted herein, Defendants deny any remaining allegations for lack of information and belief.

25. In answer to paragraphs 33 to 35 of Plaintiff's First Amended Complaint, Defendants deny the allegations for lack of information and belief.

26. In answer to paragraph 36 of Plaintiff's First Amended Complaint, Defendants deny that they generated false reports and deny that they conspired to create false identifications. Defendants deny any remaining allegations for lack of information and belief.

27. In answer to paragraphs 37 to 39 of Plaintiff's First Amended Complaint, Defendants admit that Officer Cooley identified Plaintiff as the person in the video of the shooting. Defendants deny that this identification was false or made with malicious intent. Except as admitted herein, Defendants deny any remaining allegations for lack of information and belief.

28. In answer to paragraphs 40 to 42 of Plaintiff's First Amended

1  Complaint, Defendants admit that Officer Born identified Plaintiff as the person in
2  the video of the shooting. Defendants deny that Officer Born never interacted with
3  Plaintiff and denies that the identification was false. Except as admitted herein,
4  Defendants deny any remaining allegations for lack of information and belief.

5　　　　29.　In answer to paragraphs 43 and 44 of Plaintiff's First Amended
6  Complaint, Defendants deny that the identifications of Plaintiff based on the video
7  were false or otherwise improper. Defendants deny any remaining allegations for
8  lack of information and belief.

9　　　　30.　In answer to paragraphs 45 to 47 of Plaintiff's First Amended
10 Complaint, Defendants deny that the shooting suspect looked dissimilar to Plaintiff.
11 Defendants deny they acted improperly and deny there was a lack of probable cause
12 for Plaintiff's arrest. Defendants deny the police reports contained false
13 information. Except as admitted herein, Defendants deny any remaining allegations
14 for lack of information and belief.

**PLAINTIFF'S ARREST**

16　　　　31.　In answer to paragraph 48 of Plaintiff's First Amended Complaint,
17 Defendants admit that Plaintiff was a 13-year old student at Berendo Middle School
18 at the time of the shooting. Except as admitted herein, Defendants deny any
19 remaining allegations for lack of information and belief.

20　　　　32.　In answer to paragraph 49 of Plaintiff's First Amended Complaint,
21 Defendants deny that their identifications were false and deny that they "sought to
22 convince" others "to go along with their scheme." Defendants deny any remaining
23 allegations for lack of information and belief.

24　　　　33.　In answer to paragraphs 50 and 51 of Plaintiff's First Amended
25 Complaint, Defendants lack sufficient information to admit or deny the contents of
26 the conversations of the detectives with LAUSD employees Negroe and East.
27 Defendants deny any remaining allegations for lack of information and belief.

28　　　　34.　In answer to paragraphs 52 to 56 of Plaintiff's First Amended

1  Complaint, Defendants admit they arrested Plaintiff. Defendants deny they lacked
2  probable cause for the arrest and deny they wrote false reports. Except as admitted
3  herein, Defendants deny any remaining allegations for lack of information and
4  belief.

**THE RECORDING OF PLAINTIFF'S CONFESSION**

35.  In answer to paragraph 57 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff's interrogation was video recorded. Except as admitted herein, Defendants deny any remaining allegations for lack of information and belief.

36.  In answer to paragraphs 58 to 61 of Plaintiff's First Amended Complaint, Defendants deny that they sought to secure a wrongful conviction. Defendants deny they observed any misconduct in Plaintiff's interrogation. Defendants deny that Sgt Sanchez was involved in any alleged plan to secure a false confession. Defendants deny any remaining allegations for lack of information and belief.

37.  In answer to paragraph 62 of Plaintiff's First Amended Complaint, Defendants deny that they observed any misconduct in Plaintiff's interrogation. Defendants deny that they saw any unconstitutional action. Defendants deny any remaining allegations for lack of information and belief.

**INTERROGATION PART 1: DEFENDANTS BEGIN BY VIOLATING PLAINTIFF'S RIGHTS**

38.  In answer to paragraphs 63 to 65 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff was 13 years old at the time of interrogation. Defendants deny that they disregarded any constitutional standards for the interrogation and deny they acted with malice. Defendants deny any remaining allegations for lack of information and belief.

39.  In answer to paragraphs 65 to 67 of Plaintiff's First Amended Complaint, Defendants deny that they disregarded department policy. Defendants

deny they had any agreement to coerce a confession. Defendants deny any remaining allegations for lack of information and belief.

40. In answer to paragraphs 68 to 81 of Plaintiff's First Amended Complaint, the allegations herein do not address the answering parties and therefore are denied for lack of information and belief.

41. In answer to paragraph 82 of Plaintiff's First Amended Complaint, Defendants deny that Sergeant Sanchez coordinated or approved any unconstitutional actions or misconduct. Defendants deny any remaining allegations for lack of information and belief.

**INTERROGATION PART 2: DEFENDANTS' REFUSE TO FOLLOW THE LAW AND VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS**

42. In answer to paragraphs 83 to 98 of Plaintiff's First Amended Complaint, the allegations herein do not address the answering parties and therefore are denied for lack of information and belief.

**INTERROGATION PART 3: PLAINTIFF SPECIFICALLY INVOKES HIS RIGHT TO AN ATTORNEY, UNLAWFUL QUESTIONING CONTINUES**

43. In answer to paragraphs 99 to 103 of Plaintiff's First Amended Complaint, the allegations herein do not address the answering parties and therefore are denied for lack of information and belief.

**INTERROGATION PART 4: DEFENDANT ARTEAGA'S UNCONSCIONABLE CONDUCT**

44. In answer to paragraphs 104 to 111 of Plaintiff's First Amended Complaint, the allegations herein do not address the answering parties and therefore are denied for lack of information and belief.

45. In answer to paragraph 112 of Plaintiff's First Amended Complaint, Defendants deny that Sanchez, Cooley, or Born observed any misconduct and deny they coordinated or approved any unconstitutional actions or misconduct. Defendants deny any remaining allegations for lack of information and belief.

46. In answer to paragraph 113 of Plaintiff's First Amended Complaint, the allegations herein do not address the answering parties and therefore are denied for lack of information and belief.

**PLAINTIFF'S FABRICATED, FALSE & COERCED CONFESSION**

47. In answer to paragraphs 114 and 115 of Plaintiff's First Amended Complaint, Defendants deny that they sought to overcome Plaintiff's will. Defendants admit that plaintiff made incriminating statements after initially denying his involvement. Defendants deny any remaining allegations for lack of information and belief.

48. In answer to paragraphs 116 and 117 of Plaintiff's First Amended Complaint, the allegations herein do not address the answering parties and therefore are denied for lack of information and belief.

**WRONGFUL PROSECUTION AND CONVICTION**

49. In answer to paragraph 118 of Plaintiff's First Amended Complaint, Defendants deny that they committed any misconduct. Defendants admit that Plaintiff was charged and convicted of first degree murder and other related crimes. Defendants deny any remaining allegations for lack of information and belief.

50. In answer to paragraph 119 of Plaintiff's First Amended Complaint, Defendants deny there was no probable cause to arrest and convict Plaintiff. Defendants deny any remaining allegations for lack of information and belief.

51. In answer to paragraphs 120 to 124 of Plaintiff's First Amended Complaint, Defendants deny that they committed any misconduct. Defendants admit that Plaintiff was convicted of first degree murder and other related crimes. Defendants deny any remaining allegations for lack of information and belief.

**PLAINTIFF'S CONVICTION IS OVERTURNED**

52. In answer to paragraphs 125 to 127 of Plaintiff's First Amended Complaint, Defendants admit the Court of Appeal overturned Plaintiff's conviction, creating new law as to an equivocal invocation of counsel by a minor. Defendants

deny any remaining allegations for lack of information and belief.

**THE CITY OF LOS ANGELES' COERCED CONFESSION PROBLEM**

53. In answer to paragraph 128 of Plaintiff's First Amended Complaint, Defendants deny that the City of Los Angeles has a policy or practice to coerce false statements. Defendants deny any remaining allegations for lack of information and belief.

54. In answer to paragraph 129 of Plaintiff's First Amended Complaint, Defendants deny that the City of Los Angeles has a policy or practice to coerce false statements or create wrongful convictions. Defendants deny any remaining allegations for lack of information and belief.

55. In answer to paragraphs 130 to 132 of Plaintiff's First Amended Complaint, Defendants lack sufficient information to admit or deny the circumstances of specific convictions in 1985 to 2011. Defendants deny any remaining allegations for lack of information and belief.

56. In answer to paragraphs 133 to 134 of Plaintiff's First Amended Complaint, Defendants deny that the City of Los Angeles promoted the malicious prosecution of teenagers, coercive interrogation tactics, and/or a code of silence to cover up misconduct. Defendants deny any remaining allegations for lack of information and belief.

57. In answer to paragraphs 135 to 136 of Plaintiff's First Amended Complaint, Defendants deny that the City of Los Angeles has failed to take actions to prevent false or coerced confessions, particularly for juveniles. Defendants deny that the City fails to discipline its employees for misconduct. Defendants deny that the City fails to investigate allegations of alleged coercion or misconduct. Defendants deny any remaining allegations for lack of information and belief.

58. In answer to paragraphs 137 to 139 of Plaintiff's First Amended Complaint, Defendants deny that the City of Los Angeles fails to train, supervise or discipline its officers. Defendants deny that the City condones misconduct or

constitutional violations. Defendants deny any remaining allegations for lack of information and belief.

## PLAINTIFF'S DAMAGES

59. In answer to paragraph 140 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff was incarcerated for three-and-a-half years. Defendants assert that Plaintiff would have been in custody for his other crime(s), for which he was reportedly sentenced to probation, if not for the sentence from the Castaneda homicide. Defendants deny any remaining allegations for lack of information and belief.

60. In answer to paragraphs 141 and 142 of Plaintiff's First Amended Complaint, Defendants deny that they caused Plaintiff emotional and/or physical pain and suffering. Defendants deny any remaining allegations for lack of information and belief.

## COUNT I – Federal Law
### Fifth & Fourteenth Amendments (Self-Incrimination, Right to Counsel)

61. In answer to paragraph 143 of Plaintiff's First Amended Complaint, Defendants reincorporate the responses to all prior paragraphs as though set forth herein.

62. In answer to paragraph 144 of Plaintiff's First Amended Complaint, Defendants deny that they acted in a conspiracy and/or independently to violate Plaintiff's constitutional rights. Defendants deny any remaining allegations for lack of information and belief.

63. In answer to paragraphs 145 to 149 of Plaintiff's First Amended Complaint, Defendants deny that they violated Plaintiff's constitutional rights and/or Department policies. Defendants deny they acted with malice or reckless disregard for Plaintiff's rights. Defendants deny that they proximately caused Plaintiff any injuries. Defendants deny any remaining allegations for lack of information and belief.

## COUNT II – Federal Law

## Fourteenth Amendment (Due Process)

64. In answer to paragraph 150 of Plaintiff's First Amended Complaint, Defendants reincorporate the responses to all prior paragraphs as though set forth herein.

65. In answer to paragraphs 151 to 153 of Plaintiff's First Amended Complaint, Defendants deny that they violated Plaintiff's constitutional rights and/or Department policies. Defendants deny they conspired with others to violate Plaintiff's rights or that they sought to obtain false statements. Defendants deny any remaining allegations for lack of information and belief.

66. In answer to paragraphs 154 and 155 of Plaintiff's First Amended Complaint, Defendants deny that they acted with malice or reckless indifference to Plaintiff's rights. Defendants deny that they proximately caused Plaintiff any injuries. Defendants deny any remaining allegations for lack of information and belief.

## COUNT III – Federal Law

## Fifth & Fourteenth Amendments (Due Process, Fair Trial)

67. In answer to paragraph 156 of Plaintiff's First Amended Complaint, Defendants reincorporate the responses to all prior paragraphs as though set forth herein.

68. In answer to paragraphs 157 and 158 of Plaintiff's First Amended Complaint, Defendants deny that they violated Plaintiff's constitutional rights and/or Department policies. Defendants deny they conspired, fabricated evidence, or violated any Brady obligations. Defendants deny any remaining allegations for lack of information and belief.

69. In answer to paragraphs 159 to 162 of Plaintiff's First Amended Complaint, Defendants deny they committed misconduct and deny that Plaintiff was wrongfully convicted as a result of any of their actions or inactions.

Defendants deny that they proximately injured Plaintiff. Defendants deny that they acted with malice or reckless indifference to Plaintiff's rights. Defendants deny any remaining allegations for lack of information and belief.

## COUNT IV – Federal Law

## Malicious Prosecution

70. In answer to paragraph 163 of Plaintiff's First Amended Complaint, Defendants reincorporate the responses to all prior paragraphs as though set forth herein.

71. In answer to paragraphs 164 and 165 of Plaintiff's First Amended Complaint, Defendants deny that they made false allegations or statements and deny they acted without probable cause. Defendants deny any remaining allegations for lack of information and belief.

72. In answer to paragraphs 166 of Plaintiff's First Amended Complaint, Defendants deny that they made false statements, fabricated evidence, or withheld exculpatory evidence. Defendants deny any remaining allegations for lack of information and belief.

73. In answer to paragraphs 167 to 169 of Plaintiff's First Amended Complaint, Defendants deny they committed misconduct. Defendants deny they acted with malice, willfulness, or reckless indifference to Plaintiff's rights. Defendants deny they proximately caused Plaintiff injury. Defendants deny any remaining allegations for lack of information and belief.

## COUNT VI[1] – 42 U.S.C. § 1983

## Failure to Intervene

74. In answer to paragraph 170 of Plaintiff's First Amended Complaint, Defendants reincorporate the responses to all prior paragraphs as though set forth herein.

---

[1] Plaintiff omits a Count V from the complaint; the numbering herein mirrors the titles of Plaintiff's causes of action in the complaint, although erroneous.

75. In answer to paragraphs 171 to 173 of Plaintiff's First Amended Complaint, Defendants deny that they violated Plaintiff's constitutional rights and/or Department policies. Defendants deny they conspired, fabricated evidence, or violated any Brady obligations. Defendants deny any remaining allegations for lack of information and belief.

## COUNT VII – 42 U.S.C. § 1983
## Conspiracy to Deprive Constitutional Rights

76. In answer to paragraph 174 of Plaintiff's First Amended Complaint, Defendants reincorporate the responses to all prior paragraphs as though set forth herein.

77. In answer to paragraphs 175 and 176 of Plaintiff's First Amended Complaint, Defendants deny they conspired to violate Plaintiff's constitutional rights. Defendants deny they withheld exculpatory information. Defendants deny any remaining allegations for lack of information and belief.

78. In answer to paragraphs 177 to 180 of Plaintiff's First Amended Complaint, Defendants deny they conspired to violate Plaintiffs constitutional rights. Defendants deny they acted with malice, willfulness, or deliberate indifference to Plaintiff's rights. Defendants deny any remaining allegations for lack of information and belief.

## COUNT VIII – 42 U.S.C. § 1983
## *Monell* Policy Claims

79. In answer to paragraph 181 of Plaintiff's First Amended Complaint, Defendants reincorporate the responses to all prior paragraphs as though set forth herein.

80. In answer to paragraph 182 of Plaintiff's First Amended Complaint, Defendants deny the City of Los Angeles failed to train, supervise or discipline officers who engaged in constitutional violations. Defendants deny any remaining allegations for lack of information and belief.

81. In answer to paragraphs 183 to 185 of Plaintiff's First Amended Complaint, Defendants deny that the City of Los Angeles implemented any policies or procedures with deliberate indifference to Plaintiff's constitutional rights. Defendants deny that as a result of the City's actions, Plaintiff's rights were violated and he was injured. Defendants deny the City of Los Angeles is liable. Defendants deny any remaining allegations for lack of information and belief.

## COUNT IX – State Law Claim
## Malicious Prosecution

82. In response to paragraphs 186 to 193 of Plaintiff's First Amended Complaint, no response is necessary from Defendants since said allegations and claims were previously dismissed by the Order Granting in Part Defendants' Motion to Dismiss (Docket 33). To the extent any response is required, Defendants deny the allegations therein.

## COUNT X – State Law Claim
## Intentional Infliction of Emotional Distress

83. In response to paragraphs 194 to 197, no response is necessary from Defendants since said allegations and claims were previously dismissed by the Order Granting in Part Defendants' Motion to Dismiss (Docket 33). To the extent any response is required, Defendants deny the allegations therein.

## COUNT XI – State Law Claim
## False Imprisonment

84. In response to paragraphs 198 to 202, no response is necessary from Defendants since said allegations and claims were previously dismissed by the Order Granting in Part Defendants' Motion to Dismiss (Docket 33). To the extent any response is required, Defendants deny the allegations therein.

## COUNT XII – State Law Claim
## Civil Conspiracy

85. In response to paragraphs 203 to 208, no response is necessary from

1  Defendants since said allegations and claims were previously dismissed by the
2  Order Granting in Part Defendants' Motion to Dismiss (Docket 33).  To the extent
3  any response is required, Defendants deny the allegations therein.

### COUNT XIII – State Law Claim
### Respondeat Superior

86. In response to paragraphs 209 to 212, no response is necessary from Defendants since said allegations and claims were previously dismissed by the Order Granting in Part Defendants' Motion to Dismiss (Docket 33).  To the extent any response is required, Defendants deny the allegations therein.

### COUNT XIV – State Law Claim
### Indemnification

87. In response to paragraphs 213 to 216, no response is necessary from Defendants since said allegations and claims were previously dismissed by the Order Granting in Part Defendants' Motion to Dismiss (Docket 33).  To the extent any response is required, Defendants deny the allegations therein.

### PRAYER FOR RELIEF

88. In response to Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to any relief as a result of their actions or inactions.  Defendants deny that Plaintiff can recover joint and several damages.

### AFFIRMATIVE DEFENSES

As a separate and distinct affirmative defenses, Defendants allege each of the following:

### FIRST AFFIRMATIVE DEFENSE

89. Defendants are protected from liability under the doctrine of qualified immunity, because Defendants' conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

### SECOND AFFIRMATIVE DEFENSE

90. The action is barred by the doctrine of *res judicata* and/or collateral

estoppel.

### THIRD AFFIRMATIVE DEFENSE

91. Defendants are immune from liability for all damages sustained after the prosecutor initiated criminal charges, pursuant to *Smiddy v. Varney*, 803 F.3d 1469 (9th Cir. 1986), *Jackson v. City of San Diego*, 121 Cal.App.3d 579 (1981), and *McSherry v. City of Long Beach, et al.*

### FOURTH AFFIRMATIVE DEFENSE

92. Defendants are protected from liability under the doctrine of witness immunity. *Brisco v. LaHue*, 460 U.S. 325 (1983).

### FIFTH AFFIRMATIVE DEFENSE

93. The First Amended Complaint fails to state a cause of action due to applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

94. The First Amended Complaint fails to state a claim upon which relief may be granted.

### SEVENTH AFFIRMATIVE DEFENSE

95. Defendants are immune to the imposition of punitive damages for any claim against them in their official capacities.

### EIGHTH AFFIRMATIVE DEFENSE

96. Neither a public entity, nor a public employee, is liable for his/her act or omission, exercising due care, in the execution or enforcement of any law.

### NINTH AFFIRMATIVE DEFENSE

97. Plaintiff lacks standing to sue for one or more of the claims for relief asserted.

### TENTH AFFIRMATIVE DEFENSE

98. Defendants allege that they were privileged to detain Plaintiff and undertake the complained of actions at the times and place alleged.

///

## ELEVENTH AFFIRMATIVE DEFENSE

99. Defendants allege that Plaintiff's claims for punitive damages are barred by the doctrine enunciated in *City of Newport v. Facts Concerts, Inc.*, 453 U.S. 247 (1981).

## TWELFTH AFFIRMATIVE DEFENSE

100. As the First Amended Complaint is vague and overly broad, Defendants reserve the right to assert additional affirmative defenses as the case progresses.

## PRAYER FOR RELIEF

Wherefore, Defendants pray for judgment as follows:

1. That plaintiff take nothing by this action;
2. That the action be dismissed in its entirety;
3. That Defendants be awarded costs of suit, and any other and further relief as deemed proper by this Court, including an award of attorney's fees.

## DEMAND FOR JURY TRIAL

Defendants demand and request a trial by jury in this matter.

Dated: August 14, 2017                BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Susan E. Coleman
    Susan E. Coleman
    Lillian K. Yoo

Attorneys for Defendants
CITY OF LOS ANGELES, BORN, COOLEY, AND SANCHEZ