Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohshlaw.com
**ORBACH HUFF SUAREZ & HENDERSON LLP**
1901 Harrison Street, Suite 1630
Oakland, CA 94612
Telephone: 510.999.7908/Facsimile: 510.999.7918

Attorney for Defendants
DETECTIVES MICHAEL ARTEAGA, JEFF CORTINA, JOHN MOTTO and JULIAN PERE

Susan E. Coleman, Esq. (SBN 171832)
scoleman@bwslaw.com
**BURKE, WILLIAMS & SORENSEN, LLP**
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Telephone: 213.236.0600/Facsimile: 213.236.2700

Attorney for Defendants
CITY OF LOS ANGELES, SERGEANT JOSEPH SANCHEZ, OFFICERS DORA BORN and MARSHALL COOLEY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ART TOBIAS,

Plaintiff,

v.

CITY OF LOS ANGELES; SGT. SANCHEZ, #25339; DETECTIVE MICHAEL ARTEAGA, #32722; DETECTIVE JEFF CORTINA, #35632; DETECTIVE J. MOTTO, #25429; DETECTIVE JULIAN PERE, #27434; OFFICER MARSHALL COOLEY, #38940; OFFICER BORN, #38351; L.A. SCHOOL POLICE OFFICER DANIEL EAST, #959; and UNIDENTIFIED EMPLOYEES of the CITY OF LOS ANGELES,

Defendants.

Case No. 17-cv-01076-DSF-AS

**REPLY IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULES 12(b)(6) AND 12(c)**

DATE: March 26, 2018
TIME: 1:30 p.m.
DEPT: Courtroom 7D
JUDGE: Hon. Dale S. Fischer



ORBACH HUFF SUAREZ & HENDERSON LLP

# TABLE OF CONTENTS

**Page(s)**

I. DEFENDANTS HAVE NOT WAIVED ANY ARGUMENTS BY NOT RAISING QUALIFIED IMMUNITY EARLIER .......... 2

II. DEFENDANTS' MOTION CHALLENGES *ONLY* PLAINTIFF'S INTERROGATION CLAIMS .......... 4

A. Whether Plaintiff's Statement Constituted an Unequivocal Request For Counsel Was Not Clearly Established .......... 4

B. The Interrogation Techniques Were Appropriate and Did Not "Shock The Conscience" .......... 6

C. Plaintiff's Fabrication of Evidence Claim is Unsupported By Sufficient Facts .......... 7

III. CONCLUSION .......... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) .......... 5

*Chao v. Aurora Loan Servs., LLC*, 2013 WL 5487420 (N.D. Cal. Sept. 30, 2013) .......... 2

*County of Sacramento v. Lewis*, 523 U.S. 833 (1998) .......... 8

*Cunningham v. City of Wematchee*, 345 F.3d 802 (9th Cir. 2003) .......... 6

*Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001) .......... 7

*Forsyth v. Humana, Inc.*, 114 F.3d 1467 (9th Cir.1997) .......... 3

*Gundy v. Cal. Dep't of Corr. & Rehab.*, 2013 WL 522789 (E.D. Cal. Feb. 11, 2013) .......... 3

*Hall v. City of Los Angeles*, 710 F.Supp.2d 984 (C.D. Cal. 2010) .......... 8

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) .......... 6

*In re Sony Grand WEGA KDF–E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F.Supp.2d 1077 (S.D.Cal.2010) .......... 3

*J.D.B. v. North Carolina*, 564 U.S. 261 (2011) .......... 5

*Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir.2012) .......... 3



ORBACH HUFF SUAREZ & HENDERSON LLP

ORBACH HUFF SUAREZ & HENDERSON LLP

# TABLE OF AUTHORITIES

**Page(s)**

*Malley v. Briggs*, 475 U.S. 335 (1986) .......... 5

*Miller v. Fenton*, 474 U.S. 104 (1984) .......... 5

*Mitchell v. Forsyth*, 472 U.S. 511 (1985) .......... 3

*Ove v. Gwinn*, 264 F.3d 817 (9th Cir. 2001) .......... 8

*O'Connor v. Uber Techs., Inc.*, 58 F.Supp.3d 989 (N.D. Cal. 2014) .......... 3

*Pearson v. Callahan*, 555 U.S. 223 (2009) .......... 5

*Robbins v. Bureau of Land Management*, 252 F.Supp.2d 1286 (D. Wyo. 2003) .......... 3

*Scheuer v. Rhodes*, 416 U.S. 232 (1974) .......... 6

*Stamas v. Cnty. of Madera*, No. CV F 09–0753 LJO SMS, 2010 WL 289310 (E.D.Cal. January 15, 2010) .......... 3

*Stoot v. City of Everett*, 582 F.3d 910 (2009) .......... 8

*Thorsted v. Kelly*, 858 F.2d 571 (9th Cir. 1988) .......... 6

*U.S. v. Preston*, 751 F.3d 1008 (9th Cir. 2014) .......... 6

*White v. Pauly*, 137 S.Ct. 548 (2017) .......... 6

ORBACH HUFF SUAREZ & HENDERSON LLP

# TABLE OF AUTHORITIES

**Page(s)**

**State Cases**

*In Re Gladys R.*,
1 Cal.3d 855 (1970) .......... 5

*People v. Art T.*,
234 Cal.App.4th 335 (2015) .......... 5

*People v. Nelson*,
53 Cal.4th 367 (2010) .......... 5, 6, 7

**Federal Rules**

Federal Rules of Civil Procedure, Rule:
Rule 12 .......... 2, 3, 8
Rule 12(h) .......... 3

ORBACH HUFF SUAREZ & HENDERSON LLP

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants CITY OF LOS ANGELES, SANCHEZ, BORN, COOLEY, ARTEAGA, CORTINA, MOTTO and PERE (hereinafter "Defendants") submit the following Reply in response to Plaintiff ART TOBIAS' ("Plaintiff") Response to Motion to Dismiss ("Opposition") and in support of their Joint Motion to Dismiss ("Motion") Plaintiff's Second Amended Complaint ("SAC").

As concisely stated in Defendants' moving papers, Defendants' Joint Motion to Dismiss challenges only "Plaintiff's claims of violation of his rights related to his custodial interrogation, as pled within his First, Second and Third claim within the Second Amended Complaint." (Defendants' Motion at 1:6-8, Dkt. 68.) Any other alleged wrongful conduct separate from Plaintiff's interrogation (i.e., *Brady* claim and conspiracy) are not challenged through this Motion. In hopes of refocusing the issues for adjudication, Defendants again set forth their specific arguments, as follows:

- **Denial of Counsel**: The applicable law was unsettled as of the date of Plaintiff's interrogation as to whether a single vague statement which references legal counsel in passing was sufficient to revoke Plaintiff's waiver of his *Miranda* rights, thereby entitling the Defendant officers to qualified immunity. This is confirmed by prior legal precedent, the criminal trial judge's adjudication that Plaintiff's statement was insufficient to revoke his *Miranda* waiver, and the subsequent published decision *In re Art T.* decided by Judge Fuerer which clarified the applicable law;
- **Claims Related to Alleged "Abusive" Interrogation Tactics**: All of the tactics that Plaintiff claims were improper have been deemed appropriate, as confirmed by the caselaw cited within Defendants' moving brief; and

///

///

///

///

- **Fabrication of Evidence**: Plaintiff claims that the Defendant officers "fabricated" his murder confession due to either denying him legal counsel and/or by engaging in abusive interrogation tactics (each of which is discussed above). Since all of the Defendants' actions which Plaintiff complains of were lawful, they are insufficient to support a claim of fabrication of evidence.

While at first blush Plaintiff's Opposition appears to address these issues, a careful reading proves the contrary. Rather than respond directly to Defendants' arguments, Plaintiff attempts to sidestep the issues by misrepresenting Defendants' arguments and avoiding any discussion of the actual facts asserted by Plaintiff in his SAC. Such tactics are inappropriate and confirm that each of the above claims must be dismissed.

## I. DEFENDANTS HAVE NOT WAIVED ANY ARGUMENTS BY NOT RAISING QUALIFIED IMMUNITY EARLIER

Contrary to Plaintiff's contentions, Defendants' current Motion does not impact or address any previously submitted or ruled upon matters. Despite that reality, Plaintiff requests this Court deny the Motion for no other reason than to have the request submitted at a later date through either a Motion for Judgment on the Pleadings or a Motion for Summary Judgment. Plaintiff argues that a qualified immunity defense may not be brought against an amended complaint if it could have been raised in response to an earlier version of the complaint. However, well-reasoned authority demonstrates that a party may raise new arguments in response to an amended complaint, which by definition supersedes prior pleadings. *See, Chao v. Aurora Loan Servs., LLC*, 2013 WL 5487420, at *4 (N.D. Cal. Sept. 30, 2013) (Armstrong, J.) (defendant did not "waive[] its right to advance the arguments set forth in its present motion to dismiss by failing to raise them in a Rule 12 motion prior to answering the original Consolidated Complaint" because the amended complaint superseded the original complaint (emphasis omitted)) (collecting cases).

///

///



ORBACH HUFF SUAREZ & HENDERSON LLP

As stated by the Court in *Gundy v. Cal. Dep't of Corr. & Rehab.*, 2013 WL 522789, at *6 (E.D. Cal. Feb. 11, 2013):

> The law is clear in this Circuit that an "amended complaint supersedes the original, the latter being treated thereafter as nonexistent." *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir.1997), overruled in part on other grounds, *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir.2012). Courts in this Circuit therefore have permitted defendants moving to dismiss an amended complaint to make arguments previously made and to raise new arguments that were previously available. *See In re Sony Grand WEGA KDF–E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F.Supp.2d 1077, 1098 (S.D.Cal.2010) ("When Plaintiffs filed the [first amended complaint], it superseded their previous complaint, and Sony was therefore free to move again for dismissal."); *Stamas v. Cnty. of Madera*, No. CV F 09–0753 LJO SMS, 2010 WL 289310, at *4 (E.D.Cal. January 15, 2010) ("[A]n amended pleading is a new round of pleadings ... [and] is subject to the same challenges as the original (i.e., motion to dismiss, to strike, for more definite statement)."[1]

The same is no less true of a motion raising qualified immunity. A motion to dismiss based on qualified immunity is treated as a motion to dismiss for lack of subject matter jurisdiction. *Robbins v. Bureau of Land Management*, 252 F.Supp.2d 1286 (D. Wyo. 2003). While qualified immunity may differ from jurisdiction in the sense that it may be waived as a defense, it is an immunity from suit rather than a mere defense to liability and must be resolved at the earliest possible stage in litigation. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Plaintiff has offered absolutely no case law, statute or other authority in support of his argument that Defendants' Motion is inappropriate, nor does he reference any specific argument or ruling allegedly submitted previously for adjudication. This is because none exists. Indeed, there is not a single reference to qualified immunity in Defendants' Motion to Plaintiff's First Amended Complaint or the Court's ruling thereon. In sum,

[1] Other courts also have noted that, as Rule 12(h) makes clear, arguments are not waived for later stages of the case if they are not raised at the initial Rule 12 stage. *See, e.g., O'Connor v. Uber Techs., Inc.*, 58 F.Supp.3d 989, 995-96 (N.D. Cal. 2014) (Chen, J.) ("To be sure, the motion raises arguments that [defendant] clearly could have made against the [p]laintiffs' original complaint.").



ORBACH HUFF SUAREZ & HENDERSON LLP

Defendants' Motion to Dismiss certain claims from Plaintiff's SAC is absolutely appropriate and supported by both fact and law. The fact that Defendants did not raise qualified immunity in response to the FAC is not tantamount to a waiver and does not preclude the argument now.

## II. DEFENDANTS' MOTION CHALLENGES *ONLY* PLAINTIFF'S INTERROGATION CLAIMS

Plaintiff next employs the stratagem of misdirection and confusion in hopes of distracting from the actual substance of Defendants' request. Simply put, Defendants contend that the facts pled by Plaintiff, as well as the supporting law, confirm that the entirety of Defendants' interrogation of Plaintiff was appropriate. However, Defendants are *not* challenging Plaintiff's non-interrogation claims (i.e., *Brady*, conspiracy, etc.) at this juncture. Since the arguments on each alleged "wrongdoing" are unique, Defendants address each issue sequentially.

### A. Whether Plaintiff's Statement Constituted an Unequivocal Request For Counsel Was Not Clearly Established

Regarding Plaintiff's claim for denial of counsel, the fundamental question raised in this Motion is whether his lone statement "Could I have an attorney because that's not me, " raised well after he had been advised of his *Miranda* rights (SAC at ¶ 86), was an unequivocal request for counsel, especially given the scores of published decisions classifying such statements as insufficient to invoke the right to counsel. Rather than acknowledging the volumes of cases in support of Defendants' position, Plaintiff attempts to rephrase Defendants' request, focusing on whether it was clearly established that any questioning must cease once a request for counsel is made. Plaintiff's Opposition at 12:11-19, Dkt. 72.[2] But that is not the issue. Instead, the issue is whether the law was clearly established as to what constituted an unequivocal request for counsel, and in particular, whether the law was clearly established as applicable to a minor.

---

[2] Significantly, Plaintiff's SAC admits that he was advised of his *Miranda* rights prior to confessing to the murder. *See*, SAC ¶ 86, Dkt. 67.

Next, Plaintiff focuses on whether the Defendants were required to take Plaintiff's age into consideration when questioning him on the subject murder. Ironically, Plaintiff's argument supports Defendants' arguments.[3] While it is true that published legal opinions prior to the subject interrogation provided that the age of a minor was to be taken into consideration during questioning (such as determining whether a minor suspect knows right from wrong, *In Re Gladys R.*, 1 Cal.3d 855 (1970)), *no published opinion had ever ruled that a suspect's age should be considered in deciding whether an unequivocal request for counsel had been made*. Indeed, the first published case which ruled that age was relevant to a suspect's request for legal counsel was from this very matter. *People v. Art T.*, 234 Cal.App.4th 335 (2015).[4]

As discussed in detail within Defendants' Motion, qualified immunity gives government officials breathing room to make reasonable but mistaken judgments, and "protects all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011), quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986). "Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

///

///

[3] The cases cited by Plaintiff all address separate and distinct issues. For example, *J.D.B. v. North Carolina*, 564 U.S. 261 (2011) focused upon "whether the age of a child subjected to police questioning is relevant to the *custody* analysis" (emphasis added) while *Miller v. Fenton*, 474 U.S. 104 (1984) decided whether the voluntariness of a confession is entitled to the 2254(d) presumption or is a legal question meriting independent consideration in a federal habeas corpus proceeding. None of those holdings are relevant here, nor did they provide any instruction to the Defendant officers prior to Plaintiff's interrogation.

[4] See also *People v. Nelson*, 53 Cal.4th 367 (2010), decided by the California Supreme Court only a few months prior to Plaintiff's interrogation and concluded that a request to speak with a parent, which *Nelson* equated to a request for an attorney due to his status as a minor (15 years of age at the time), was <u>insufficient</u> to require officers to cease an interrogation.



ORBACH HUFF SUAREZ & HENDERSON LLP

Officers performing discretionary functions are entitled to qualified immunity if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Thorsted v. Kelly*, 858 F.2d 571, 573 (9th Cir. 1988), quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Rather than acknowledge the guidance provided by the Supreme Court in *White v. Pauly* (137 S.Ct. 548 (2017)), Plaintiff blindly argues that the lack of prior law and the subsequent published decision clarifying the applicable legal standards by which officers are measured are insignificant and preclude qualified immunity. Not so. Rather, the concept of immunity assumes that public officers may err. *Scheuer v. Rhodes*, 416 U.S. 232, 242 (1974). The fact that Plaintiff's case was published, signaling a change in the law, supports a finding that Defendants are entitled to qualified immunity.

Further illustrating the unsettled law on this issue at the time is the fact that the trial judge presiding over the criminal proceedings determined that Plaintiff's statement was insufficient to be considered a revocation of his *Miranda* waiver. Coupled with the published decision clarifying this very matter, it is undeniable that the law was *not* clearly established at the time of Plaintiff's interrogation. Accordingly, Defendants are entitled to qualified immunity regarding Plaintiff's claims of denial of legal counsel.

### B. The Interrogation Techniques Were Appropriate and Did Not "Shock The Conscience"

Although a separate legal issue, Defendants also contend that their actions and conduct during Plaintiff's interrogation were entirety lawful. In support of this position, Defendants have cited to numerous cases that have approved and validated every single criticism advanced by Plaintiff, none of which are disputed. It is uncontested that the officers are allowed to lie during an interrogation (*Cunningham v. City of Wematchee*, 345 F.3d 802 (9th Cir. 2003)) and officers can suggest pleas of leniency. *U.S. v. Preston*, 751 F.3d 1008 (9th Cir. 2014). Nor are officers required to cease questioning or provide access to a parent despite a minor suspect's request for the same. *People v. Nelson*, 53

Cal.4th 367 (2012). These cases and principles are discussed further within Defendants' Motion. Dkt. 68, 10:8-23.

Despite such offerings, Plaintiff claims that his confession to murder was coerced. Yet Plaintiff offers no specific support (either fact or law) for that position. Instead, he simply cites to large swaths of generalized allegations from the SAC without any specificity and falls back upon well-established and undisputed law that a minor's age is to be considered when evaluating the totality of an interrogation. But that is not the issue. No case has ever held that a suspect's age prohibits the otherwise well-approved interrogation tactics utilized by Defendants. It is unfathomable that a series of lawful and approved techniques employed by the Defendant officers during Plaintiff's interrogation could somehow become legally improper simply because of his age.

Plaintiff's citation to inapplicable cases while omitting any reference to the specific facts supporting his allegations of coercion are insufficient to support his claims.

**C. Plaintiff's Fabrication of Evidence Claim is Unsupported By Sufficient Facts**

The leading case in the Ninth Circuit on deliberate fabrication of evidence claims is *Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001) (en banc). To support such a claim, a plaintiff:

> [M]ust, at a minimum, point to evidence that supports at least one of the following two propositions: (1) Defendants continued their investigation of [plaintiff] despite the fact that they knew or should have known that he was innocent; or (2) Defendants used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information.

*Id.* at 1076. Plaintiff has not made any allegation relating to *Devereaux's* first prong that any of the Defendant officers knew or should have known while investigating the subject murder that Plaintiff was innocent.

///

///



ORBACH HUFF SUAREZ & HENDERSON LLP

As to the second prong, Plaintiff has not alleged facts which, even if true, rise to the level of a constitutional violation. Such a claim "is cognizable only if the alleged abuse of power 'shocks the conscience' and 'violates the decencies of civilized conduct.'" *Hall v. City of Los Angeles*, 710 F.Supp.2d 984, 995 (C.D. Cal. 2010) affirmed in part, reversed in part by *Hall v. City of Los Angeles*, 697 F.3d 1059 (9th Cir. 2012), quoting *Stoot v. City of Everett*, 582 F.3d 910, 928 (2009) (the court was guided by case law addressing coerced interrogation claims brought under the Fourteenth Amendment in deciding what conduct would rise to the level of coercion and abuse sufficiently severe that interrogators "knew or should have known" that any resulting confession was false).

The Ninth Circuit in *Stoot* further expounded "that 'a constitutional right is traduced the moment torture or its close equivalents are brought to bear.'" 582 F.3d at 928 (citations omitted). The court found that this was consistent with the general rule that "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense'" and therefore a violation of substantive due process. *Id.*, quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

The facts Plaintiff has alleged do not meet this standard. Noticeably lacking, for example, is any allegation that any of the Defendant officers "intended to injure [Plaintiff] in some way unjustifiable by any government interest," as required by precedent. *Lewis*, 523 U.S. at 849. Instead, Plaintiff has made only conclusory allegations related to conduct which has been deemed lawful and appropriate, as discussed in Defendants' Motion.

Plaintiff's allegations are insufficient to defeat a Rule 12 motion. *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir. 2001).

## III. CONCLUSION

As confirmed hereinabove, the Defendant officers are entitled to qualified immunity on Plaintiff's claims of violation of his rights related to his custodial interrogation, as pled within his First, Second and Third claims within the SAC.

Moreover, the entirety of the officers' conduct related to Plaintiff's interrogation has been held lawful and appropriate in similar situations. Accordingly, Defendants respectfully request this Motion to Dismiss be granted and Plaintiff's claims related to his interrogation be dismissed.

Dated: March 12, 2018 ORBACH HUFF SUAREZ & HENDERSON LLP

By: /s/ Kevin E. Gilbert
Kevin E. Gilbert
Attorney for Defendants
DETECTIVES MICHAEL ARTEAGA, JEFF CORTINA, JOHN MOTTO and JULIAN PERE

Dated: March 12, 2018 BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Susan E. Coleman
Susan E. Coleman
Attorney for Defendants
CITY OF LOS ANGELES, SERGEANT JOSEPH SANCHEZ, OFFICERS DORA BORN and MARSHALL COOLEY