Arthur C. Preciado (SBN 112303)
art.preciado@gphlawyers.com
Calvin R. House (SBN 134902)
calvin.house@gphlawyers.com
Paul M. DiPietro (SBN 287296)
paul.dipietro@gphlawyers.com
GUTIERREZ, PRECIADO & HOUSE, LLP
3020 East Colorado Boulevard
Pasadena, California 91107
(626) 449-2300

Attorneys for Defendants
L.A. School Police Officer Daniel East

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART TOBIAS, ) | CASE NO. 2:17-cv-1076-DSF-AS |
| Plaintiff, ) ) ) | **Defendant L.A. School Police Officer Daniel East's Opposition to Plaintiff's Notice of Application and Application For Leave to File *Instanter*** |
| v. ) ) | |
| CITY OF LOS ANGELES, *et al.*, ) ) | |
| Defendants. ) ) ) ) | |

Defendant L.A. Police Officer Daniel East ("East") herein submits his opposition to the Plaintiff's Application for Leave to File *Instanter* ("Application").

Defendant East contends that the Application is defective, does not demonstrate due diligence by the Plaintiff, and seeks to pardon Plaintiff's negligence and abuse of the Federal Rules, post-conduct.

///

///

I.  **Plaintiff's *ex Parte* Application Is Defective.**

Plaintiff's Application is defective because (1) he did not file a motion to extend the time to oppose East's motion for summary judgment, (2) Plaintiff failed to give notice or meet and confer, and (3) Plaintiff's declaration does not demonstrate good cause or the need for extraordinary relief.

First, Plaintiff attempts to conceal his Application as an application for *Instanter/Nunc Pro Tunc* when the Application is one for an extension of time under Federal Rule of Civil Procedure 6(b). Under Rule 6(b), the court may, *for good cause*, extend the time to file an opposition *without a motion* only if a request is made *before* the original time for its extension expires. Otherwise, a motion must be filed. Fed. R. Civ. P. 6(b).

As Plaintiff waited until *after* the deadline to file his Application, he must first file a motion to extend the time to file his opposition and then seek *ex parte* relief. Plaintiff failed to do so. He cannot overcome his obligations under the Federal Rules by characterizing his motions and applications to suit his needs.

Second, Local Rule 7-19 requires the moving party to make a good faith effort to orally advise counsel of the date and substance of the proposed *ex parte* application:

> It shall be the duty of the attorney so applying (a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application.

L.R. 7-19.1.

In direct violation of the Local Rules, Plaintiff made *no effort* to advise or meet and confer with East's counsel prior to filing the Application. [See Declaration of Paul M. DiPietro ("DiPietro Decl.") ¶ 7.] And Plaintiff offers no explanation as to

why his counsel failed to even send an email to defense counsel, but had sufficient time to draft a six page ex parte application.

Third, Plaintiff must demonstrate good cause for the Application or the need for extraordinary relief with *actual evidence*. "In other words, [Plaintiff] must show why [he] should be allowed to go to the head of the line in front of all other litigants and receive special treatment. The reasons stated must be supported by deposition transcripts or *by affidavits or declarations* whose contents would be admissible if the deponents, affiants, or declarants were testifying in court. *Mission Power Eng'g Co. v. Continental Cas*. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995) (Emphasis added). Plaintiff's counsel's declaration does not state good cause or the need for extraordinary relief. Instead, it states the reasons he failed to adequately prepare–despite an additional month of time and a deadline of his choosing–to timely file his opposition.

## II. Plaintiff Cannot Demonstrate Due Diligence.

Taking advantage of the Court's prior generosity, Plaintiff now seeks the Court's forgiveness, rather than permission, to allow his late opposition. In addition to being given notice of East's grounds for summary judgment on May 11, 2018 ["DiPietro Decl." ¶ 3], Plaintiff was given more than an additional week to respond to East's motion for summary judgment, as East filed his motion on June 29, 2018. [Docket 100.] Thereafter, the Court graciously granted Plaintiff an additional three (3) weeks to reply to East's motion for summary judgment. [Docket 120]. In total, Plaintiff had an additional *month* to timely prepare and file his opposition–not to mention another month in which to begin preparing his evidence and arguments following counsels' meet and confer.

After waiting until *literally* the midnight hour to file his opposition, Plaintiff *again* seeks additional time. Plaintiff compiles a litany of excuses for his failure to abide by the deadline: difficulty in familiarizing himself with local rules and the Court's Standing Order [Docket 139, ¶ 6], preparing responses and exhibits [*Id*. at ¶¶

7-8], and unexpected delays and mistakes. [*Id*. at ¶¶ 8-10].

If anything, Plaintiff's excuses demonstrate a lack of due diligence or excusable neglect. At the outset, the Court's Standing Order orders all counsel to become familiar with the Federal and Local Rules in order to "secure the just, *speedy,* and inexpensive determination" of this action. [Court's Standing Order, 2:1-6 (emphasis added).] As Plaintiff's counsel was first to receive this Order, he should not have waited until summary judgment to familiarize himself with these rules.

Also, any diligent effort to file by the deadline would account for possible errors or setbacks that might occur. Motions for summary judgment are, by their nature, fact intensive and require extensive time and effort on behalf of any party–a fact of which Plaintiff's counsel is undoubtedly aware. Plaintiff's first filing did not occur until past the midnight deadline, demonstrating that efforts were not made to file in a timely manner or to account for the extensive nature of the opposition.

Plaintiff does not proffer a reasonable basis for not complying with the deadline *he* chose. A showing of excusable neglect is difficult even where there are circumstances preventing adherence to a deadline. In at least one case, a court found that the combination of a client's incarceration and an ongoing trial did not excuse plaintiff's counsel from timely filing an opposition to a summary judgment motion. *See Marshall v. Gates*, 812 F. Supp. 1050, 1053 (C.D. Cal. 1993), *rev'd on other grounds*, 39 F.3d 1046 (1994). Here, Plaintiff's counsel proffers no circumstances to excuse his neglect, aside from the fact that, after more than a month of additional time to respond, he could not file his opposition in time due to unexpected setbacks by him and his staff. This does not meet the burden of excusable neglect.

Every case involves the rights of three parties: the plaintiff, the defendant, and the Court. A plaintiff's rights do not supersede the duty of the Court to protect the rights of all involved parties and to calendar matters for timely adjudication. The Court's own interest is real and is to be evaluated in light of plaintiff's own neglect. Plaintiff's failure to meet the extended deadline, combined with his improperly filed

Application, demonstrates a disregard for this Court's orders and the rights of the defendants. "There comes a point when the question arises who is running the court - counsel, or the judge. To this there can be but one answer." *Marshall v. Gates*, *supra*, 812 F. Supp. At 1059, *rev'd on other grounds*, 39 F.3d 10 (1994); *citing Higuera v. Pueblo Int'l, Inc.*, 585 F.2d 555, 557 (1st Cir. 1978).

### III. Plaintiff's Opposition Should Be Stricken Because It Is Untimely.

"A party filing any document in support of, or in opposition to, any motion noticed for hearing as above provided after the time for filing the same shall have expired, also shall be subject to the sanctions of L.R. 83-7 and the F.R.Civ.P." L.R. 7-13. Under Local Rule 83-7, violations or failures to conform to any of the Local Rules may subject the offending party or counsel to monetary and nonmonetary sanctions if the conduct was "willful, grossly negligent, or reckless." L.R. 83-7(a)-(c).

"Rules are rules – and the parties must play by them. In the final analysis, the judicial process depends heavily on the judge's credibility. To ensure such credibility, a district judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines. If he or she sets a reasonable due date, parties should not be allowed casually to flout it or painlessly to escape the foreseeable consequences of noncompliance." *Mendez v. Banco Popular de Puerto Rico*, 900 F.2d 4, 7, (1st Cir. 1990).

Plaintiff was granted the deadline he chose, a deadline he promised would be enough time to timely file his opposition. Even after the Court's very reasonable and favorable accommodation, Plaintiff still failed to abide by the Court's deadline. He now seeks to casually flout the same deadline without justification. While the other parties strive diligently to comply with the Court's orders and deadlines, Plaintiff apparently believes he is entitled to special treatment. Given that Plaintiff was already given an additional month to oppose East's summary judgment motion and failed to do so timely, the only conclusion is that Plaintiff's counsel acted willfully, with gross

negligence, or recklessly. The Court should strike his pleadings.

If the Court is hesitant to strike Plaintiff's pleadings, additional time and accommodations should be given to East, who has lost additional time to respond to Plaintiff's opposition by being required to respond to this improper Application. ["DiPietro Decl." ¶ 5].

### IV. Plaintiff's Opposition Should Also Be Stricken Because Of Its Impermissible Length.

Per the Central District Local Rules, no memorandum of points and authorities or briefs are to exceed twenty-five (25) pages, excluding indices and exhibits, unless permitted by order of the judge. L.R. 11-6. As discussed, violations/failures to conform to any of the Local Rules may subject the offending party or counsel to monetary and nonmonetary sanctions if the conduct was "willful, grossly negligent, or reckless." L.R. 83-7(a)-(c).

The Court's Standing Order also limits Plaintiff's opposition to twenty-five (25) pages. Specifically, paragraph 5(c) of the Standing Order provides, in relevant part: "Memoranda of points and authorities in support of or in opposition to motions shall not exceed 25 pages. Replies shall not exceed 12 pages. *Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations.*"

East stipulated to grant Plaintiff an additional 3-5 pages to respond to the motion for summary judgment, so long as the stipulation would be reciprocal and that Plaintiff would make a good faith effort to keep the additional pages closer to 3 than to 5 pages. ["DiPietro Decl." ¶4]. Plaintiff filed a seventy-two (72) page opposition! Plaintiff never received the Court's permission to extend the page limit–surely not to 72 pages. [Docket 120]. Nor did East agree to such a large opposition.

Plaintiff will likely argue that he combined the oppositions for all three of the defendants' motions for summary judgment for the convenience of the Court. However, Plaintiff's treatise of an opposition is highly prejudicial to East, whose

involvement in this matter was very limited in comparison to the other defendants. For that reason, East's motion for summary judgment limited the facts and issues. It will take considerable time and effort (above and beyond the time required to respond to a normal opposition to East's motion) in order to reply to Plaintiff's 72 page opposition and 248 additional statements of fact. ["DiPietro Decl." ¶ 6]. Now, East must comb through the opposition and Plaintiff's 248 additional statements fact to discern which arguments and facts may apply to East from Plaintiff's point of view. This task is virtually impossible to accomplish in less than a week and with only twelve pages for a reply.

Given that Plaintiff's opposition is nearly three times the allowed page limit, it can only be stated that Plaintiff's counsel acted willfully, with gross negligence, and/or recklessly. As such, Plaintiff's opposition should be stricken. If the Court is hesitant to strike Plaintiff's pleadings, additional time and accommodations should be given to East, who has lost additional time to respond to Plaintiff's opposition by being required to respond to this improper Application. ["DiPietro Decl." ¶ 5].

## V.     Conclusion

Plaintiff has not diligently managed this case in such a manner that warrants additional time (in addition to the extra time already granted Plaintiff) to file an opposition, much less via a defective *ex parte* application. Plaintiff has not made a showing that extraordinary relief is warranted, as all issues were foreseeable and could have been resolved with proper due diligence. As such, the Application should be denied and Plaintiff's opposition stricken.

DATE:  August 7, 2018              **GUTIERREZ, PRECIADO & HOUSE, LLP**

By: /S/Paul M. DiPietro
_____
Paul M. DiPietro
Attorneys for Defendants
L.A. School Police Officer Daniel East