1  Arthur C. Preciado (SBN 112303)
   art.preciado@gphlawyers.com
2  Calvin R. House (SBN 134902)
   calvin.house@gphlawyers.com
3  Paul M. DiPietro (SBN 287296)
   paul.dipietro@gphlawyers.com
4  GUTIERREZ, PRECIADO & HOUSE, LLP
   3020 East Colorado Boulevard
5  Pasadena, California  91107
   (626) 449-2300
6
   Attorneys for Defendant
7  L.A. School Police Officer Daniel East

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  ART TOBIAS,                        )  CASE NO. 2:17-cv-1076-DSF-AS
                                       )  Assigned to Hon. Dale S. Fisher
12            Plaintiff,               )
                                       )
13       v.                            )  **Defendant L.A. School Police Officer**
                                       )  **Daniel East's Reply to Plaintiff's**
14  CITY OF LOS ANGELES; SGT.          )  **Opposition to Defendants' Motion for**
    SANCHEZ, #25339; DETECTIVE         )  **Summary Judgment**
15  MICHAEL ARTEAGA, #32722;           )
    DETECTIVE JEFF CORTINA,            )  **[FRCP 56]**
16  #35632; DETECTIVE J. MOTTO,        )
    #25429; DETECTIVE JULIAN           )
17  PERE, #27434; OFFICER              )  Date:       August 27, 2018
    MARSHALL COOLEY, #38940;           )  Time:       1:30 p.m.
18  OFFICER BORN, #38351; L.A.         )  Courtroom:  First Street Courthouse, 350
    SCHOOL POLICE OFFICER              )              West 1st Street, Courtroom
19  DANIEL EAST, #959; and             )              7D, Los Angeles, California
    UNIDENTIFIED EMPLOYEES of          )
20  the CITY OF LOS ANGELES,           )
                                       )
21            Defendants.              )
                                       )
22                                     )
                                       )
23                                     )
                                       )
24  ─────────────────────────────     )

25

26

27

28

**Defendant L.A. School Police Officer Daniel East's Reply to Plaintiff's Opposition to Defendants' Motion for
Summary Judgment**

1

# Table of Contents

2                                                                      Page No.

3   Prefatory Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

4   Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

5         1.    Plaintiff's opposition should be stricken after the thirtieth page. . . . . 3

6         2.    It is undisputed that East identified Plaintiff of his own volition . . . . . 3

7         3.    Plaintiff raises no genuine issue of fact as to the existence of a

8               conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

9         4.    It is undisputed that there was no act in furtherance of a conspiracy . . 6

10        5.    East did not fabricate any evidence . . . . . . . . . . . . . . . . . . . . . . . . . . 7

11        6.    East was not acting under color of state law . . . . . . . . . . . . . . . . . . . . 10

12        7.    East is entitled to qualified immunity . . . . . . . . . . . . . . . . . . . . . . . . 10

13        8.    There was probable cause to arrest Plaintiff . . . . . . . . . . . . . . . . . . . . 11

14        9.    East's actions were not the proximate cause of Plaintiff's injuries . . . 12

15        10.   Plaintiff's position, if allowed, would have a chilling effect on witnesses

16              cooperating with police during investigations . . . . . . . . . . . . . . . . . . 13

17  Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

18

19

20

21

22

23

24

25

26

27

28

**Defendant L.A. School Police Officer Daniel East's Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment**

1  **Table of Authorities**

2                                                                    Page No.

3  *Anderson v. Liberty Lobby*, 477 U.S. 242 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

4
5  *Arnold v. International Business Machines Corp.* 637 F.2d 1350 (9th Cir. 1981) . 12

6  *Briscoe v. Lahue* 460 U.S. 325 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

7
8  *Gantt v. City of Los Angeles*, 717 F.3d 702 (9th Cir. 2013) . . . . . . . . . . . . . . . . 12

9  *Gausvik v. Perez*, 345 F.3d 813 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

10
11 *Gilkey v. Sheahan* 1995 U.S. Dist. LEXIS 16211 (N.D. Ill. 1995) . . . . . . . . . . . . 6

12 *Halsey v. Pfeiffer* 750 F.3d 273 (3d Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . 7

13
14 *Hart v. Parks*, 450 F.3d 1059 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

15 *Jernigan v. Elliott*, 576 Fed. Appx. 695 (D. Ariz. 2014) . . . . . . . . . . . . . . . . . . . 11

16
17 *Jernigan v. Richard*, 907 F. Supp. 2d 998 (D. Ariz. 2012) . . . . . . . . . . . . . . . . . 11

18 *John v. City of El Monte*, 515 F.3d 936 (9th Cir. 2008) . . . . . . . . . . . . . . . . . . . 11

19
20  *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9 (2d Cir. 1986). . . . . . . . . . . . . . . . . . . 4

21 *Lasic v. Moreno*, 504 F. Supp. 2d 917 (E.D. Cal. 2007) . . . . . . . . . . . . . . . . . . 13

22
23 *Malley v. Briggs*, 475 U.S. 335 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

24 *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

25
26 *Phillips v. Allen*, 668 F.3d 912 (7th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

27 *Pickern v. Pier 1 Imps. (U.S.), Inc.*, 457 F.3d 963 (9th Cir. 2006) . . . . . . . . . . . . 7

28

*Stoot v. City of Everett*, 582 F.3d 910 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Nazemian,* 948 F.2d 522 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . 7

## **STATUTES**

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

42 U.S.C. § 1985 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fed. R. Civ. P. 8(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## **Other Sources**

Local Rule 11-6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Local Rule 83-7 (a)-(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Court's Standing Order . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Thesaurus.com . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Defendant L.A. School Police Officer Daniel East's Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment

**Prefatory Statement**

Plaintiff frames Defendant L.A. School Police Officer Daniel East 's ("East") motion as asking the Court to turn a blind eye to the objective evidence, i.e. the audio recording. To the contrary, East encourages the Court to carefully review the audio recording, as it contains no evidence of any conspiracy by East against Plaintiff.

The complaint alleges that East entered into a conspiracy to falsely identify Plaintiff. The objective, undisputed evidence demonstrates that East identified Plaintiff of his own volition *prior* to being told that Plaintiff was even a suspect, that East later provided a written statement reflecting his identification and a time when he cited Plaintiff for truancy, and that East testified at Plaintiff's trial as to the truancy stop/citation. None of this evidence was fabricated. Also, the moment at which East allegedly entered into a conspiracy is audio recorded. There can be no dispute as to what was said at that time; the evidence literally speaks for itself. There is no evidence of a conspiracy; Plaintiff's entire argument relies on speculation, mischaracterization, and argument, not undisputed fact.

Also, at all relevant times, East was not acting under color of state law, but was merely acting as a witness. Assuming *arguendo* that he was acting under color of state law, he is entitled to qualified immunity because his actions were neither plainly incompetent nor a knowing violation of law. Further, public policy favors dismissal of Plaintiff's claims against East as it would have a chilling effect on witnesses participating in police investigations.

Finally, East was not the proximate cause of Plaintiff's injuries. Plaintiff admits he was convicted, not due to *any* conduct of East, but solely because of his confession. Plaintiff confessed of his own free will, severing the causal chain.

///

///

///

///

**Defendant L.A. School Police Officer Daniel East's Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment**

## Argument

**1.    Plaintiff's opposition should be stricken after the thirtieth page.[1]**

Plaintiff's opposition is seventy-two pages. Nor does it include his Additional Statement of Facts ("ASOF")–an additional fifty or so pages, which are merely incorporated by reference.

No memorandum of points and authorities or briefs are to exceed twenty-five (25) pages, unless permitted by order of the judge. L.R. 11-6; Court's Standing Order, ¶ 7(c).  Violations/failures to conform to any of the Local Rules may subject the offending party or counsel to monetary and nonmonetary sanctions if the conduct was "willful, grossly negligent, or reckless." L.R. 83-7(a)-(c).

Plaintiff never received the Court's permission to extend the page limit nearly three times over. [Docket 120.] Moreover, Plaintiff submitted this improper filing with an additional three weeks to prepare it. It can only be stated that Plaintiff's counsel acted willfully, with gross negligence, and/or recklessly. As such, Plaintiff's opposition should be stricken after the thirtieth page.

**2.    It is undisputed that East identified Plaintiff of his own volition.**

Plaintiff asserts that East never identified Plaintiff and that East could not identify the person in the surveillance video he was shown. [Docket 138, 41:7-8; ASOF, ¶ 109.] The direct evidence is to the contrary. When, on August 20, 2012, Los Angeles Police Department ("LAPD") Detectives John Motto ("Motto") and Michael Arteaga ("Arteaga") first met East and Roger Negroe ("Negroe"), they stated that they were there to obtain a possible identification of a suspect:

"OFFICER MOTTO: Here's what I can tell you. What I want to -- We want to show you a video. There's somebody on the video, see if somebody recognizes him. Okay? If you do, great. If you don't, no problem. I'm not going to tell you the name. I think I know who it is. But I want to see if

---

[1] East had stipulated to allow Plaintiff an additional 3-5 pages in the opposition.

1  somebody can cold turkey identify him."

2  [ASOF, ¶ 104; East's Exhibit C, 5:21-6:2.] Based on this statement, East was fully

3  aware that he was being asked to make a possible identification.

4      After reviewing the video several times, East made the following statements:

5      "OFFICER EAST: I have a hard time IDing that person.

6      OFFICER MOTTO: Okay. No problem.

7      OFFICER EAST: I mean, the full head of hair is throwing me off a little bit.

8      OFFICER MOTTO: Okay.

9      OFFICER EAST: Unless he shaved it and he did have more hair last week.

10     OFFICER MOTTO: Who are you thinking of?

11     OFFICER EAST: The guy that I was thinking of is a lot smaller in stature,

12     though.

13     OFFICER MOTTO: Okay.

14     OFFICER EAST: It's Art Tobias."

15 [East's Statement of Uncontroverted Material Facts and Conclusions of Law ("SUF"),

16 Nos. 9-10.] This was an identification. East specifically named *Art Tobias*. He did not

17 mention any other individual(s) as possibly being the suspect, only Plaintiff. The

18 evidence supports no other conclusion.

19     It was only after East identified Plaintiff that the detectives confirmed that

20 Plaintiff was their suspect. [East's Exhibit C, 12:21.] Thus, East identified Plaintiff of

21 his own volition and without prompting by the detectives. [SUF, Nos. 4-9.]

22 **3.    Plaintiff raises no genuine issue of fact as to the existence of a conspiracy.**

23     There is no genuine issue of fact as to the existence of a conspiracy, for there is

24 no conspiracy. An issue is genuine if evidence is produced that would allow a

25 *rational* trier of fact to reach a verdict in favor of the non-moving party. *Anderson v.*

26 *Liberty Lobby*, 477 U.S. 242, 248. Nor may a party rely on mere speculation or

27 conjecture to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins.*

28 *Co.*, 804 F.2d 9, 12 (2d Cir. 1986). The audio recording contains no evidence of a

**Defendant L.A. School Police Officer Daniel East's Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment**

1 conspiracy. [SUF, No. 16.] Plaintiff relies solely on his own conjecture and
2 speculation.

3      Plaintiff alleges that East entered into a conspiracy when LAPD Detectives
4 Motto and Arteaga interviewed him on August 20, 2012. [ASOF, ¶¶ 111-112.] The
5 entire interview with East was audio recorded. This is not an instance where
6 circumstantial evidence is required to prove the existence of a conspiracy, as there is
7 *direct* evidence of the entirety of East's interview. The audio literally speaks for itself
8 and does not demonstrate any agreement or conspiracy. [SUF, No. 16.] Plaintiff's
9 position is further belied by his own admission that he has no personal knowledge of
10 any conspiracy between East and the other defendants. [SUF, No. 42.]

11      Plaintiff claims that the audio demonstrates that East entered into a conspiracy
12 to falsely identify Plaintiff, but that stance is both illogical and contrary to the
13 evidence. Under Plaintiff's theory, East entered into a conspiracy with the detectives
14 to falsely identify Plaintiff *after already having made the identification*. To support
15 his illogical conclusion, Plaintiff proffers the following:

16      (1) East initially stated that the person [in the video] was too big to be a
17      middle school student; (2) East then stated he could not identify someone
18      from the video; (3) stated he was thinking of Tobias, but recognized he was
19      too small in stature to be the person on the video; (4) was then told by
20      Detective Motto that is who they believed it was; (5) then participated in a
21      form of a show-up where the detectives showed East a photograph; (6) then
22      pulled yearbook photos of Plaintiff; (7) watched the video again; (8) was
23      told by the detectives that they needed others to make identifications to
24      "prove what you [East] just saw"; (9) was told that they were going to
25      attempt to "rope" Plaintiff's mother into this; (10) wrote a police report at
26      the behest of the detectives; (11) the police report included false statements
27      (e.g., "I . . .stated that I was fairly sure that the Suspect in the video was Art
28      Tobias."); (12) included materially misleading omissions (e.g., that he had

**Defendant L.A. School Police Officer Daniel East's Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment**

1   been told the suspect was Tobias and had looked at photographs of Tobias

2   before watching the video a final time); and (13) included the false claim

3   that the person on the video had a "distinct walk and statute (sic) which is

4   similar to that of Art Tobias," which contradicted by East's claim on the

5   audio, that Tobias "is a lot smaller in stature" and "so much smaller in real

6   life" that the person in the video who looked like "a large student to be a

7   middle school student."

8   [Docket 130, SUF No. 42.]

9     Plaintiff misconstrues the audio. The audio actually demonstrates the

10   following: East initially stated that the suspect was too big to be a middle school

11   student and that he had a "hard time ID'ing that person." After reviewing the video

12   several times, East was asked who he was thinking of and he stated: Art Tobias. After

13   East identified Plaintiff, the detectives told him that they also believed Plaintiff was

14   the suspect. The detectives then showed East a photograph of Plaintiff and East

15   showed them a photograph of Plaintiff from the school yearbook. The detectives then

16   discussed needing additional identifications of Plaintiff from other school staff and/or

17   Plaintiff's mother. [SUF, Nos. 4-21.]

18     These facts do not demonstrate a conspiracy, especially one to falsely identify

19   Plaintiff. The evidence demonstrates nothing more than detectives seeking an

20   identification and, after obtaining one, discussing the investigation. The detectives do

21   not ask East to falsely identify Plaintiff; East had already identified Plaintiff. [*Ibid.*]

22     As discussed in more detail below, East did not fabricate his report to the

23   LAPD. [SUF, Nos. 31, 33-35, 37.] Plaintiff's "proof" is contrary to the evidence and

24   is nothing more than speculation and conjecture.

25   **4.  It is undisputed that there was no act in furtherance of a conspiracy.**

26     To survive summary judgment, Plaintiff must demonstrate an *overt act in*

27   *furtherance* of a conspiracy. *Gilkey v. Sheahan* 1995 U.S. Dist. LEXIS 16211, *16

28   (N.D. Ill. 1995). Plaintiff's evidence of acts in furtherance of a conspiracy is East's

1  "false" identification and "fabricated" report. As discussed below, both of these

2  arguments fail as East *did* identify Plaintiff and East's report is not fabricated. Mere

3  conversations between co-conspirators, *or merely narrative declarations* among

4  them, are not made "in furtherance" of a conspiracy. When inquiring whether a

5  statement was made "in furtherance of" a conspiracy, the court focuses on the

6  *declarant's intent* in making the statement." *United States v. Nazemian,* 948 F.2d 522,

7  529 (9th Cir. 1991). East never intended for any of his actions to be part of a

8  conspiracy. [SUF, Nos. 35, 42.] Plaintiff cannot proffer evidence of East's intent;

9  Plaintiff admitted that he has no knowledge of any conspiracy. [SUF, No. 42.] Even

10  objectively, East's statement could not have been an act in furtherance of a

11  conspiracy. Plaintiff had already confessed by the time East provided his statement;

12  the goal of the alleged conspiracy was complete. [SUF, No. 32.] And East's statement

13  was never used to convict Plaintiff. [SUF, No. 40.]

14  **5.   East did not fabricate any evidence.**

15      Plaintiff's opposition states that he alleged in his complaint that East fabricated

16  evidence. The complaint alleges that East agreed to enter into a conspiracy to falsely

17  identify plaintiff, not that he fabricated evidence. [Docket 67, ¶¶ 50-56, 119-125.]

18  Thus, this argument must be ignored for purposes of summary judgment. Fed. R. Civ.

19  P. 8(a)(2); *Pickern v. Pier 1 Imps. (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006).

20      Assuming *arguendo* that Plaintiff did allege that East fabricated evidence,

21  Plaintiff asserts in his opposition that East fabricated evidence in two ways: (1) by

22  claiming he identified Plaintiff, and (2) purporting to identify Plaintiff in his report to

23  the LAPD. [Docket 138, 41:7-8, 11-12.]

24      First, as discussed above, East did not fabricate an identification of Plaintiff,

25  but identified him in good faith. *See Halsey v. Pfeiffer* 750 F.3d 273, 295 (3d Cir.

26  2014) (Misidentification not fabrication absent bad faith; such cases are rare).

27      Second, East's report to the LAPD is not fabricated and mirrors what was said

28  in his interview with the detectives.

1    Plaintiff constructs a false narrative by misinterpreting the statements made
2    during East's interview with the detectives:

3          The same is true as it concerns East. His decision to say he identified
4          Plaintiff when he did not is of course aided by the audio of his interview.
5          East recognized that the perpetrator in the video is too large to be a middle
6          school student, and admitted that he could not ID someone from the video.
7          ASOF, ¶¶ 105-06. After musing that he was "thinking of" Tobias, East is
8          told: "that's who we think it is." *Id.* 108-09. At this point, East agrees to
9          assist the detectives in implicating Plaintiff and is even pulling photographs
10         of Plaintiff while the Detectives decide what to say he [East] said. ASOF,
11         ¶111. At no point, ever, does East say he is "fairly sure the suspect in the
12         video *is* Art Tobias." Despite the obvious and absolute contradictions
13         between, on the one hand, the audio including East saying the effect of he
14         was "thinking of Tobias but Tobias is too small to be the perpetrator" and,
15         on the other hand, writing a report that where claiming he stated he was
16         "fairly sure the Suspect *is* Art Tobias," East now claims "the report matches
17         the audio recording." Dkt. 100, at 11.

18    [Docket 138, 43:23-44:12.] Statement by statement, this narrative falsely characterizes
19    what was actually said by East.

20    East did identify Plaintiff. [SUF. Nos. 9-10.] East never said he cannot identify
21    the person, but stated, "I have a hard time IDing that person." [SUF, No. 10.] East
22    never "mused" that he was thinking of Art Tobias. As he watched the video, it was
23    apparent he was thinking the man looked like Plaintiff: "I mean, the full head of hair
24    is throwing me off a little bit. Unless he shaved it and he did have more hair last
25    week." [SUF, No. 10-11.] After being asked who he was thinking of, East identifies
26    Plaintiff: "The guy that I was thinking of is a lot smaller in stature, though. It's Art
27    Tobias." [SUF, No. 10.] East also never "agrees to assist the detectives in implicating
28    Plaintiff." The audio is void of any such agreement or conversation. Lastly, the

1    detectives do not "decide what to say he [East] said" in the audio, but are clearly

2    taking notes of what was *actually* said in the conversation. This is confirmed from the

3    detectives' notes of the interview. [SUF, No. 28.]

4         East's report states as follows:

5         "At which time Detective Motto had me view a video of a recent shooting

6         in the area and possibly identify the Suspect in the video. I watched the

7         video several times and stated that I was fairly sure that the Suspect in the

8         video is Art Tobias (Student/Berendo Middle School) and stated that the

9         video made the person look slightly taller and thicker. The Person in the

10        video had a distinct walk and stature which is similar to that of Art

11        Tobias."[2]

12    [SUF, Nos. 33-34.] This report was not given to the LAPD until September 4, 2012.

13    [SUF, No. 32.] Plaintiff's contention to the contrary is incorrect: in the portions of

14    East's deposition cited by Plaintiff, East states he *created* the report on August 20 or

15    21–not that he delivered it to the LAPD on that date. [Exhibit 10, 70:8-19.]

16        East's statement is factually accurate. After being asked to view the video and

17    possibly identify the suspect therein, East viewed the video several times and stated

18    that the video made the person look taller and thicker/bulkier. [Exhibit C, 12:21-22,

19    13:1-2, 17:5-8.]

20        Plaintiff takes particular exception with East's use of the phrase "fairly sure" in

21    the report. This is not evidence, but a dispute over word choice. "Fairly" is

22    synonymous with "somewhat" and "kind of."[3] This qualification echoes East's

23    qualification during his interview: "I'm having a hard time ID'ing that person," and

24    "he's so much smaller in real life." [SUF, No. 10.] Further, Plaintiff argues that

25    _____

26    [2] This is the portion of the report that Plaintiff appears to claim is fabricated, i.e.
     East's identification of Plaintiff. [See Docket 138, 44:10-12.] As to the other portions,

27    i.e. Plaintiff's truancy stop, Plaintiff admits the general substance of the event, but not
     the characterization as a "truancy stop." [SUF, Nos. 12-13.]

28    [3] Thesaurus.com: https://www.thesaurus.com/browse/fairly?s=ts.

1  because those words were not said *exactly* during the interview and because other

2  portions of the interview were left out of the report, the report must be fabricated.

3  This is an impossible standard. East does not have an echoic memory and should not

4  be expected to perform the inhuman task of transcribing, word for word, the entire

5  conversation he had with the detectives. Even then, carelessness in drafting a report is

6  not evidence of fabrication. *See Gausvik v. Perez*, 345 F.3d 813, 817 (9th Cir. 2003);

7         East's report was not used to arrest or convict Plaintiff. East's report was

8  received several days after Plaintiff's arrest and subsequent confession. [SUF, Nos.

9  22, 32.] At Plaintiff's trial, East's report was never discussed, nor was East's

10  identification of Plaintiff. [SUF, No. 40.]

11         Plaintiff also mischaracterizes East's report as a police report in order to infer

12  that East was involved in Plaintiff's investigation beyond his role as a witness.

13  [Docket 138, 41:11-12.]  However, it is undisputed that East was not in charge of

14  Plaintiff's investigation, did not arrest/detain Plaintiff, was not a complaining

15  witness, and was not a member of the LAPD. [SUF, Nos. 2, 22, 29-30, 52.]

16  **6.    East was not acting under color of state law.**

17         Plaintiff addresses this argument in conclusory fashion without citation to fact

18  or evidence. Plaintiff must provide more than speculation or argument, he must

19  present actual evidence. It is undisputed that East was not part of Plaintiff's

20  investigation, was not a complaining witness, and did not arrest Plaintiff. [SUF, Nos.

21  2, 22, 29-30, 52.] He performed the same functions as Negroe, e.g. reviewing the

22  surveillance video, identifying Plaintiff, providing a statement to the LAPD, and

23  testifying at trial. [SUF, Nos. 9-10, 14-20, 32, 36, 40-41.] In fact, Negroe "pointed

24  out" Plaintiff to the detectives outside of the school, leading to Plaintiff's arrest.

25  [SUF, No. 20.] Yet, Plaintiff makes no assertion that Negroe was acting under the

26  color of state law. Plaintiff cannot have it both ways.

27  **7.    East is entitled to qualified immunity.**

28         Even if East was acting under color of state law, he is entitled to qualified

1  immunity as he did not act incompetently or knowingly violate the law. *Malley v.*

2  *Briggs*, 475 U.S. 335, 341 (1986). It is undisputed that East never entered into a

3  conspiracy. [SUF, Nos. 9, 16, 42.] Nor did he fabricate evidence in his report to the

4  LAPD. [SUF, Nos. 10, 32-34.] It cannot be said that East acted incompetently or

5  knowingly violated the law, for providing truthful statements is no crime.

6  **8.    There was probable cause to arrest Plaintiff.**

7      While East disputes certain aspects of Plaintiff's interpretation of *Manuel v.*

8  *City of Joliet*, 137 S. Ct. 911 (2017), East agrees that Plaintiff must demonstrate there

9  was no probable cause to arrest Plaintiff. *See Hart v. Parks*, 450 F.3d 1059, 1071 (9th

10  Cir. 2006). Probable cause is an objective standard. *See John v. City of El Monte*, 515

11  F.3d 936, 940 (9th Cir. 2008) (citations and quotations omitted).

12      Plaintiff was either arrested by Detectives Arteaga and Motto at Berendo

13  Middle School [ASOF ¶ 127] or after Plaintiff's confession at the LAPD station. In

14  either case, there was probable cause for his arrest.

15      If Arteaga and Motto arrested Plaintiff, they were aware of the following

16  objective facts at the time: the murder suspect was caught on video surveillance,

17  Arteaga and Motto had viewed the video, and Plaintiff had been identified by Officer

18  Born, Officer Cooley, East, and Negroe. [SUF Nos., 3; 9-10, 20.] Had Officers Born

19  and Cooley falsely identified Plaintiff, there is no evidence that Arteaga and Motto

20  were aware of that fact when they went to Berendo Middle School. [ASOF ¶¶ 97-

21  101.] Further, East and Negroe independently identified Plaintiff. [SUF, Nos. 4-20.]

22  Most importantly, Negroe is not alleged to be part of the conspiracy against Plaintiff.

23  These two, independent identifications, combined with the surveillance video itself,

24  were objectively reasonable and trustworthy enough to arrest Plaintiff.  *See Jernigan*

25  *v. Richard*, 907 F. Supp. 2d 998, 1041 (D. Ariz. 2012), *reversed and remanded on*

26  *other grounds in Jernigan v. Elliott*, 576 Fed. Appx. 695, (D. Ariz. 2014)

27  (Identification by two witnesses deemed probable cause.) In fact, the identification by

28  Negroe alone was sufficient. *Phillips v. Allen*, 668 F.3d 912, 915 (7th Cir. 2012)

**Defendant L.A. School Police Officer Daniel East's Reply to Plaintiff's Opposition to Defendants' Motion for
Summary Judgment**

1  ("Identification by a single eyewitness who lacks an apparent grudge against the

2  accused person supplies probable cause for arrest.")

3      If Plaintiff's arrest occurred after his confession, his confession alone would

4  support probable cause to arrest him. Whether the arresting officer knew of three or

5  four other identifications is immaterial; any amount of identifications, combined with

6  Plaintiff's confession, would also support probable cause.

7  **9.      East's actions were not the proximate cause of Plaintiff's injuries.**

8      A cause of action under 42 U.S.C. sections 1983 and 1985 requires a showing

9  that defendant was the proximate cause of the plaintiff's injuries. This also applies to

10  conspiracies to deprive the plaintiff of his constitutional rights. *See Arnold v.*

11  *International Business Machines Corp.* 637 F.2d 1350, 1355 (9th Cir. 1981). Here, it

12  is undisputed that East was not part of a conspiracy. [SUF, Nos. 16, 35, 42.] Nor was

13  he involved in Plaintiff's interrogation and confession. [SUF, No. 23.] Finally,

14  Plaintiff admits that his confession was the sole reason he suffered any damages, i.e.

15  his conviction and incarceration. [SUF, No. 44.] Therefore, East was not the

16  proximate cause of Plaintiff's injuries.

17      Also, the causal chain was broken when Plaintiff confessed to the detectives.

18  Plaintiff must show that, at the time Plaintiff confessed, the detectives either knew

19  Plaintiff was innocent or that their techniques would yield false information. *See*

20  *Gantt v. City of Los Angeles*, 717 F.3d 702, 711 (9th Cir. 2013) (Pressuring child

21  witnesses for long periods of time to change their stories is not enough to get past

22  summary judgment unless the victim of the false charges demonstrates that the

23  investigators knew or should have known that he "was innocent," or that their

24  improper techniques "would yield false information."). There were four witnesses

25  who identified Plaintiff as the suspect in the video, including Negroe, who was not

26  part of any conspiracy. The detectives did not have reason to believe that Plaintiff

27  was innocent, nor that their tactics would yield false information. [See Exhibit 12;

28  SUF Nos. 3, 10, 20]; *Stoot v. City of Everett*, 582 F.3d 910, 928-29 (9th Cir. 2009).

1  Further, as Plaintiff cannot demonstrate that East knowingly provided false

2  information, East is also protected by the prosecutor's independent judgment. *Lasic v.*

3  *Moreno*, 504 F. Supp. 2d 917, 921-922 (E.D. Cal. 2007).

4  **10.    Plaintiff's position, if allowed, would have a chilling effect on witnesses**

5        **cooperating with police during investigations.**

6        East did not volunteer to be interviewed by Detectives Motto and Arteaga, but

7  was requested to do so by the principal of Berendo Middle School, where he worked.

8  [SUF, Nos. 4-9.] After giving his honest opinion to the detectives, he was asked to

9  provide a written report. [SUF, Nos. 11-13, 21.] Later, he provided his report and

10 testified at Plaintiff's trial as to events not even related to his identification of

11 Plaintiff. [SUF, Nos. 32, 40.] Now, he finds himself subject to litigation.

12       Under Plaintiff's theory, any witness who identifies a suspect, provides a

13 written statement, and then testifies at trial would be part of a conspiracy to deprive

14 an individual of their constitutional rights. This stance is contrary to public policy as

15 it would deter any witness from ever aiding a criminal investigation. *See Briscoe v.*

16 *Lahue* 460 U.S. 325, 332-333 (1983)

17       Plaintiff has had his right to discovery and to develop his case against East.

18 Nevertheless, there is no evidence supporting his claims against East, only conjecture

19 and speculation. East should not be held hostage for merely providing information for

20 a criminal investigation. Public policy demands that East be dismissed.

21                              **Conclusion**

22       Should the Court consider Plaintiff's argument beyond the thirtieth page,

23 Defendant East respectfully requests that the Court grant East's Motion.

24

25 DATE: August 24, 2018            **GUTIERREZ, PRECIADO & HOUSE, LLP**

26

27                      By:   S/Paul M. DiPietro
                               Paul M. DiPietro
                               Attorneys for Defendant
28                             OFFICER DANIEL EAST

N:\LAUSD\TOBIAS\MSJ_directory\Reply\Reply 2.wpd                    13