1   David B. Owens, Cal. Bar No. 275030
    david@loevy.com
2   Anand Swaminathan*
    *Attorney for Plaintiff, Art Tobias*
3   LOEVY & LOEVY
    311 N. Aberdeen Street, 3rd Floor
4   Chicago, Illinois 60607
    (312) 243-5900
5   *admitted pro hac vice

6   Charles Snyder
    csnyder@kbkfirm.com
7   KENDALL BRILL KELLY
    10100 Santa Monica Boulevard, Suite 1725
8   Los Angeles, California 90067
    (310) 556-2700

9

10              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA

11

    ART TOBIAS,                    )  Case No. 2:17-cv-1076-DSF-AS
12                                 )
                    Plaintiff,     )  **PLAINTIFF'S REPLY TO**
13          v.                     )  **DEFENDANT BORN, COOLEY,**
                                   )  **AND CITY OF LOS ANGELES'S**
14   CITY OF LOS ANGELES, et al.   )  **RESPONSE TO PLAINTIFF'S**
                                   )  **AFFIRMATIVE STATEMENT OF**
15                  Defendants.    )  **MATERIAL FACTS**
                                   )
16                                 )  JUDGE:    Hon. Dale S. Fischer[1]
                                   )

17   _____

18

19   _____
     [1] This Court has vacated the hearing date sets for Defendants' motions for summary
     judgment.

20
     Plaintiff's Reply to Defendant Born, Cooley, and City's Responses to Plaintiff's Affirmative
     Statement of Material Facts
     2:17-cv-1076-DSF-AS

Plaintiff ART TOBIAS, by his undersigned attorneys, hereby submits his Reply to Defendant Born, Cooley, and City of Los Angeles's Response to Plaintiff's Affirmative Statement of Material Facts (Dkt 151-1).

## Preliminary Statement

Neither this Court's standing orders nor this District's Local Rules set forth the manner in which a non-movant offering stating additional affirmative statements of facts in opposition to summary judgment should respond to the responses to those affirmative statements. The moving defendants have replied to Plaintiff's responses. *See* Dkt. 152-1 (East); Dkt. 151-1 (Born, Cooley, and City of Los Angeles).

In addition to basic notions of fairness and an opportunity to be heard, espoused in Federal Rule 56(e), caselaw also indicates that a non-moving party should of the opportunity to respond to an opposing party's attacks to the evidence. *See, e.g., Rodriguez v. Village Green Realty, Inc.*, 788 F3d 31, 46 (2nd Cir. 2016); *Thompson v. Prop. & Cas. Ins. Co. of Hartford*, No. CV-13-02437-PHX-JAT, 2015 WL 9009964, at *4 (D. Ariz. Dec. 16, 2015). Indeed, the case law can be read as arguably requiring a party in Plaintiff's position to ensure that responses are replied to. *See, e.g., In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 385–86 (9th Cir. 2010). Accordingly, Plaintiff respectfully submits the following replies in support of his affirmative statement of facts and in opposition to Defendants' motions for summary judgment.

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| 60. | Plaintiff Art Tobias was wrongfully convicted of shooting Alex Castaneda and two others in August 2012. Plaintiff had nothing to do with the Castaneda homicide shooting and was completely innocent. Plaintiff eventually spent three years and five months— from ages 13 to 17— incarcerated for a crime he did not commit, causing him unimaginable damages.<br><br>Ex. 5, Tobias Dep. at 209:21-210:4, 215:19-23, 384:17-85:15 (period of confinement, damages). | Immaterial to Defendants' Motion and not supported by admissible evidence.<br><br>Plaintiff states that he was "completely innocent"; however, according to his own evidence, he admitted that he was involved in a shooting the night of the Castaneda homicide. (Pl.'s Exh. 4, Proffer Statement). Plaintiff has also not produced evidence that he has applied or been found factually innocent by any court. | Plaintiff has asserted that he is innocent of the Castaneda shooting; putting aside all of the evidence asserted in the ensuing paragraphs, at summary judgment Plaintiff's testimony fully suffices to support the factual assertion of his innocence. Defendants' claim that he has failed to adduce additional evidence of innocence in the form of a formal adjudication of innocence is irrelevant and misunderstands the summary judgment standard.<br><br>The claim that his innocence is immaterial is baseless—it is relevant to the fabrication, coercion, and conspiracy.<br><br>The remainder of Defendants' objection – about the unrelated Cruz case—is an irrelevant non-sequitur in relation to the uncontroverted fact in |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | this paragraph. |
| 61. | On August 18, 2012, about forty minutes after midnight, Alex Castaneda was shot and killed on the 1400 block of Alvarado Terrace in Los Angeles, California. At the time of the shooting, Castaneda was with a group of friends, two of whom were also shot but whose injuries were not fatal.<br><br>Ex. 3, Death Investigation Report by Motto/Pere, LAPD 2178 | UNDISPUTED for the purposes of this motion. | |
| 62. | Two perpetrators fired guns at the group; one in dark clothing on the far side of the street and one in a white shirt closer to the group. The perpetrators fled the scene in a reddish car, possibly a Hyundai. | UNDISPUTED for the purposes of this motion. | |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Ex. 47, Preliminary Case Screening at LAPD 2170, Ex. 48, Alfonzo Cruz FI Card at LAPD 2596.** | | |
| 63. | The perpetrator in a white shirt closer to the victims was described by several witnesses who were present at the scene of the shooting. They uniformly described the shooter as an adult. In particular, witness Ricky Mora described the white shirt shooter as "male Hispanic 20-30 years old, wearing a white muscle shirt with a pistol in his hand." Witness Kevin Soria described the shooter as "male Hispanic 18-19 years old about 6 ft, 190-200 lbs. wearing a white shirt." <br><br>**Ex. 47, Preliminary Case Screening at LAPD 2170, Ex.** | UNDISPUTED for the purposes of this motion. | |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **49, Ricky Mora FI Card, LAPD2597; Ex. 50, Kevin Soria FI Card at LAPD 2598.** | | |
| 64. | The perpetrators were also reported to have yelled "MS" or "Mara Salvatrucha" before shooting, indicating their gang affiliation.<br><br>**Ex. 47, Preliminary Case Screening at LAPD 2170, Ex.49, Ricky Mora FI Card, LAPD2597; Ex. 50, Kevin Soria FI Card at LAPD 2598.** | UNDISPUTED for the purposes of this motion. | |
| 65. | Art Tobias did not match the description of the shooter in the slightest. At the time of the shooting, he was 13 years old, and was 4'11" and 110 pounds, and wore dark rimmed glasses.<br><br>**Ex. 35, Born Statement Form; Ex. 10, East Dep. at 112:21** | Not supported admissible evidence.<br>Plaintiff's purported "fact" is simply an opinion and improper argument, and the exhibits cited by plaintiff do not support Plaintiff's assertion that he did not match the description of the shooter. | Plaintiff's assertion is fully supported. Plaintiff was described as 4'11", 110 pounds and 13 years old on the FI card and on Born's statement form, and the other cited evidence from the record. In stark contrast, the shooter was described |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **113:13; Ex. 33, Tobias FI Card, at 2327; Ex. 18, Arteaga Dep. at 6:21-7:7.** | For example, Born's statement form indicated that both the individual in the surveillance video and Plaintiff appeared youthful, had bushy hair, and had black framed glasses. (Pl.'s Ex. 35, Born Statement Form.) | as over 18 years old and 200 pounds.

That Defendants believe some portion of the cited evidence may support their theory of the case, there remains a dispute that renders summary judgment unavailable. Indeed, Defendants' response just underscores the impropriety of Defendants' motions for summary judgment. If it is Defendants' contention that "Plaintiff looked similar to the description of the shooter," there is clearly a dispute that precludes summary judgment. Inferences follow in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986).

Plaintiff is also not required to have |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | an admission to support his claim—circumstantial evidence will suffice and that too must be construed in his favor. *See Coghlan v. Am. Seafoods Co. LLC.,* 413 F.3d 1090, 1095 (9th Cir. 2005) (plaintiff can defeat motion for summary judgment by pointing to either direct or circumstantial evidence); *see also, e.g., Baker v. Roman Catholic Archdiocese of San Diego,* 725 F. App'x 531, 532 (9th Cir. 2018) (reversing grant of summary judgment where district court "did not properly consider various pieces of circumstantial evidence in its summary judgment ruling").. |
| 66. | Tobias also was *not* a member of the MS gang believed to be responsible for the shooting. This information was known to the LAPD, both to gang | Immaterial to Defendants' Motion for Summary Judgment and not supported by admissible evidence. For example, in the evidence cited | Plaintiff's assertion is not immaterial; it is relevant to the lack of probable cause and Defendants' decision to frame Plaintiff for the Castaneda homicide despite |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | enforcement officers and as told to the detectives that interrogated Tobias.<br><br>**Ex. 35, Born Statement Form; Ex. 30, Born Dep. at 91:8 92:7; Ex. 13, Tobias Interrogation Transcript, at Tobias PLA 28:12-15, 32:9-13.** | by Plaintiff, Born testified that Plaintiff claimed that he was in the MS gang to officers. (Pl.'s Exh. 30, Born Dep. At 91:20-22.) | knowledge that Plaintiff was innocent.<br><br>The assertion is also fully supported by the cited evidence. Defendants' only argument to the contrary is that elsewhere in one of the deposition transcripts cited there is evidence suggesting the contrary. But this merely goes to the weight of the evidence, and therefore reveals a misunderstanding of Defendants' burden at summary judgment.  At best, they have presented evidence of a dispute, which must be resolved in Plaintiff's favor and renders summary judgment unavailable. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). |
| 67. | Surveillance video from the scene of the Castaneda murder | UNDISPUTED for the purposes of this motion. | |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | captured the white shirted perpetrator in the act of shooting.<br><br>**Ex. 28, Surveillance Video.** | | |
| 68. | The white shirted shooter depicted in the video did not look like Tobias in the slightest. The person depicted in the video was much bigger, and much older, than Tobias. The shooter in the video also did not appear to be wearing glasses.<br><br>**Ex. 28, Surveillance Video; Ex. 29, Freeze-frame of shooter; Ex. 10, East Dep. at 90:23-91:1, 134:22-136:1; Ex. Ex. 6, audio of East interview at (shooter in video "appears to be a large student to be a middle school student" ); Ex. 30, Born Dep. at 116:14-22 (person in video appears bigger that Tobias).** | Not supported admissible evidence. Plaintiff's purported "fact" is simply an opinion and improper argument, and the exhibits cited by plaintiff do not support Plaintiff's assertion that he did not match the description of the shooter.<br><br>Further, Plaintiff completely mischaracterizes evidence and misstates testimony. (Fed. R. Evid. 402, 403.) In the evidence cited by Plaintiff, Born did not say that the person in the video did not appear bigger than Tobias, Born stated that the person in | Plaintiff's assertion is fully supported, and Defendants do not explain how the cited evidence fails to support the claim. Indeed, in addition to the statements of East and Born cited, the video and freezeframe depict someone much bigger than Tobias; even if Defendants dispute plain sight and common sense, inferences follow in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986).<br><br>Indeed, Defendants' response just |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | the video appears bigger than Jose Linears, a third party. (Ex. 30 Born Dep. at 116:14-22.) | underscores the impropriety of Defendants' motions for summary judgment. If it is Defendants' contention that "Plaintiff looked similar to the description of the shooter," there is clearly a dispute that precludes summary judgment. |
| 69. | Nevertheless, despite no resemblance to the witnesses' descriptions of the perpetrator or to the person depicted in the video, Defendants made Tobias a suspect in the Castaneda homicide.<br><br>**See infra.** | Not supported admissible evidence. Plaintiff's purported "fact" is simply an opinion and the exhibits cited by plaintiff do not support Plaintiff's assertion that he did not match the description of the shooter. | *See* Plaintiff's reply regarding Paragraphs 65 and 68. |
| 70. | In fact, Tobias could not have committed the crime. He was at home when the shooting happened. His mother saw him at home and spoke to him at 12:42am, which she remembers because she showed him the time | Immaterial to Defendants' Motion for Summary Judgment and not supported by admissible evidence. Ms. Contreras' testimony is not evidence that Plaintiff could not have committed the crime, | Plaintiff's assertion is not immaterial; it is relevant to the fabrication, coercion, and conspiracy.<br><br>Plaintiff's assertion is fully supported by the cited evidence; |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | on her phone. Tobias was wearing a black Scooby Doo t-shirt (not a white shirt like the one the Castaneda shooter was wearing).<br><br>**Ex. 9, Contreras Dep. At 76:15-77:1; Ex. 14, Trial Transcript at Tobias PLA 606, 608.** | as Plaintiff could have changed his t shirt. Nonetheless, irrelevant to Defendants' liability. | Defendants do not explain how it is not.<br><br>The remainder of Defendants' objection merely underscores the impropriety of Defendants' motions for summary judgment. That Plaintiff could have changed his shirt is argument that goes to the weight of the evidence at trial, while at summary judgment inferences follow in Plaintiff's favor. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). |
| 71. | Detectives Cortina, Pere, Motto and Arteaga were all Rampart division homicide detectives at the time (collectively, the "Detective Defendants"). Rampart Homicide detectives worked in a team structure. | UNDISPUTED for the purposes of this motion. | |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|-----|---------------------------------------------|------------------------|-------------------|
|     | Detective I is the first level of being a detective, Detective II is a supervisory detective, and Detective III is the coordinator of the unit. At the time, Detective Motto oversaw the Rampart Homicide unit as a "Detective III," and was the highest ranking detective in the unit. Detective Pere was a supervisory officer, a Detective II, while Cortina and Arteaga were ranked Detective I.<br><br>**Ex. 11, Cortina Dep. at 79:25 80:17; Ex. 46, Pere Dep at 22-25, 27, 33.** |  |  |
| 72. | 72. Though Detectives Jeff Cortina and Julian Pere would eventually be assigned by Detective Motto as the "lead" investigators on the Castaneda homicide, all of the Rampart | UNDISPUTED for the purposes of this motion. |  |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | Homicide detectives actively participated in the Castaneda Homicide investigation, especially in the first week after the shooting. Motto, for example, was the detective supervisor responsible for overseeing the investigation; the investigating detectives were required to discuss the case with their detective supervisors, and provide them with case updates. Motto and Arteaga participated in the interrogation of Tobias and a number of other key steps in the investigation.<br><br>**Ex. 40, Homicide Manual, Section 6.2 at LAPD 376; Ex. 18, Arteaga Dep. At 47:6-10, 72:7-16, 274:5-276:22; Ex. 11, Cortina Dep. at 79:25-80:17, 230:18-21; Ex. 45, Motto Dep.** | | |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | at 58:15-24; Ex. 46, **Pere Dep. at 45:4-25,46:7-11;** *see also* **ASOF ¶¶ 130-132,** *infra.* | | |
| 73. | The two detectives with supervisory rank— Detectives Motto and Pere— went to the scene of the Castaneda shooting the evening it occurred. There, they collected evidence, spoke with officers, and obtained the video footage of the shooting. None of the eyewitnesses to the crime provided any information implicating Plaintiff. The eyewitness also never identified anyone. Indeed, none of the eyewitnesses was ever shown a photo array or in-person lineup of potential suspects to attempt to identify the shooter.<br><br>**Ex. 56, Chronological Record** | UNDISPUTED for the purposes of this motion. | |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **at LAPD 2159; Ex. 47, Preliminary Investigation Form at LAPD 2170-71; Ex. 73 (Detective Defendants' Response to First Interrogatories) at Interrogatory No. 11.** | | |
| **COOLEY AND BORN** | | | |
| 74. | On the evening of August 17, 2012, between 9 and 10pm Tobias' mother, Helen Contreras, went to the police station because she did not know where her son was. She was worried and wanted to file a missing persons report.<br><br>**Ex. 9, Contreras Dep. At 60:2261:20; *id.* at 61:22-62:7; Ex 27, Cooley Statement Form.** | UNDISPUTED for the purposes of this motion. | |
| 75. | At the station Contreras met with Officer Connor. Contreras told Connor she was worried because | Immaterial to Defendants' Motion and not supported by admissible evidence. | Plaintiff's assertion is not immaterial; it is relevant to the fabrication and conspiracy, and in |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | her son had not returned home. She did not bring up anything about gangs. Connor asked her if her son was affiliated with any gangs, she said no. Contreras did not seek out any gang officer or ask "to speak with someone who deals with MS 13. But because she lived in MS territory, they referred her to Defendant Cooley, who was the Rampart division gang enforcement officer with responsibility for the MS gang.<br><br>**Ex. 9, Contreras Dep. at 66:1-24, 42:3-20.** | Objection. Speculation as to why Ms. Contreras was referred to Officer Cooley. Fed. R. Evid. 602. | particular Cooley's false claims about what happened and the fabrication of evidence in his statement form.<br><br>Plaintiff's assertion is fully supported by the cited evidence; Defendants do not explain how it is not. |
| 76. | Tobias was not a member of the MS gang. Defendants Cooley and Born, the Rampart and Olympic divisions' MS gang specialists, were not familiar with Tobias and had never met | Immaterial to Defendants' Motion and not supported by admissible evidence. Officer Born testified that she was familiar with Plaintiff from inputting his field | Plaintiff's assertion is not immaterial; it is relevant to the fabrication, coercion, and conspiracy.<br><br>Plaintiff's assertion is fully |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | him. LAPD's own department resources indicated that Tobias was not a member of MS and was in "bad standing" with the MS gang.<br><br>**Ex. 26, Cooley Dep. at 7:4-8:24; Ex. 27, Cooley Statement Form, ("I did not recognize him"); Ex. 35, Born Statement Form; Ex. 9, Contreras Dep. at 66:1-24, 43:10-24.** | identification cards and reviewing his Facebook posts. Defendant's (Exh. B, Born Decl. ¶ 4-5.) Further, Plaintiff cites to no evidence and mischaracterizes the record supporting his contention that LAPD's resources indicate that he was not a member of MS and was in bad standing with the gang, as this did not occur until a later time period. | supported by the cited evidence; Defendants do not explain how it is not. Indeed, Defendants claim that Plaintiff failed to support the factual assertion and *mischaracterizes* the record (a dubious objection at summary judgment, where inferences are drawn in Plaintiff's favor) is nonsense; Plaintiff's claim that he was not in MS and was in bad standing is based on Born's very own statement form expressly stating that he was not in MS and was in bad standing. Defendants' contrary interpretations of that straightforward evidence are improper at this stage, and merely underscore the impropriety of Defendants' motions for summary judgment. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| 77. | Contreras showed Defendant Cooley a photo of her son Tobias on her cell phone, which was the first time Cooley had ever seen Tobias. Cooley did not keep a copy of the picture Contreras showed him. Contreras left the station.<br><br>**Ex. 26, Cooley Dep. at 7:4-8:24; Ex. 27, Cooley Statement Form; Ex. 9, Contreras Dep. at 61:22-62:7.** | UNDISPUTED for the purposes of this motion. | |
| 78. | In the early hours of August 18, 2012, Defendant Cooley reported to the scene of the Castaneda homicide because witnesses reported that the crime was committed by members of the MS street gang.<br><br>**Ex. 26, Cooley Dep at 21:21-22:5.** | UNDISPUTED for the purposes of this motion.<br><br>However, for clarification, witnesses did not report that the crime was committed by the MS street gang. They only stated that they heard someone say "this is MS." (Pl.'s Ex. 26, Cooley Dep at 21:21-22:5.) | |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| 79. | At the scene, Cooley viewed surveillance video that captured an image of the white shirted shooter. Cooley claimed that he could positively identify that person as Art Tobias, the boy whose photo he had seen on Contreras' cell phone earlier that night. Cooley called in Born, another gang enforcement officer to also view the surveillance video. She, too, had never met Tobias, but also claimed to be able to make an identification of Tobias as the person in the white shirt in the surveillance video. These two identifications set off a chain of events that resulted in Tobias' wrongful arrest, prosecution and conviction. As set forth below, the identifications were unreliable and implausible, and the | Objection, Plaintiff's purported fact: "These two identifications set off a chain of events that resulted in Tobias' wrongful arrest, prosecution and conviction. As set forth below, the identifications were unreliable and implausible, and the statements of Cooley and Born are full of falsehoods, internal inconsistencies, and contradictions between each other, as set forth below," is not a fact but an improper argument that is not supported by any evidence. | Notably, Defendants object to only the small portion of Plaintiff's factual assertion: that the "two identifications set off a chain of events…." That assertion, and the rest, are supported by cited evidence as set forth in the ensuing paragraphs. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | statements of Cooley and Born are full of falsehoods, internal inconsistencies, and contradictions between each other, as set forth below.<br><br>***See infra* at 80-99, 184.** | | |
| 80. | At the time he was traveling to the scene, Defendant Cooley knew that the perpetrators were believed to have been affiliated with the MS street gang.<br><br>**Ex. 26, Cooley Dep. at 21:19-22:5; *see* 1178, *supra.*** | UNDISPUTED for the purposes of this motion. | |
| 81. | 81. He was told that there was surveillance video from an apartment building right next to the location of the shooting, and so he went to the apartment manager's office to view the surveillance video. | UNDISPUTED for the purposes of this motion. | |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Ex. 26, Cooley Dep. at 22:9 23; 92:2-20; Ex. 27, Cooley Statement Form.** | | |
| 82. | The surveillance video depicted the shooter in the white shirt, as described by the victims and witnesses. What could be seen of the white shirted shooter in the video matched the description provided by the victims and witnesses: that is, a Hispanic male over 18 years old, who was closer to 200 pounds.<br><br>**Ex. 28, Surveillance Video; Ex. 29, Freeze-frame of shooter; Ex. 47, Preliminary Case Screening at LAPD 2170, Ex. 49, Ricky Mora FI Card; Ex. 50, Kevin Soria FI Card; Ex. 30, Born Dep. at 116:14-22 (person in video appears bigger that Tobias); Ex. 10,** | Not supported admissible evidence.<br>Plaintiff's purported "fact" is simply an improper opinion and the exhibits cited by plaintiff do not support Plaintiff's assertion about how much the shooter weighed or that he did not match the description of the shooter.<br><br>Further, Plaintiff completely mischaracterizes evidence and misstates testimony. (Fed. R. Evid. 402, 403.) In the evidence cited by Plaintiff, Born did not say that the person in the video did not appear bigger than Tobias, Born stated that the person in | The objection is frivolous. Plaintiff's assertion is fully supported. Indeed, numerous pieces of evidence are cited, including depositions, police reports and audio and video recordings. The preliminary case screening clearly indicates that the witnesses at the scene identify a shooter "about 6 ft., 190-200 lbs." And looking at just the video and freezeframe (putting aside the statements of East and Born cited), they depict someone much bigger than Tobias. Even if Defendants dispute plain sight and common sense, inferences follow in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **East Dep. at 90:23-91:1, 134:22-136:1, 137:21-138:6; Ex. 7, audio of Recording from Berendo Middle School (shooter in video "appears to be a large student to be a middle school student" ).** | the video appears bigger than Jose Linears, a third party. (Ex. 30 Born Dep. at 116:14-22.) | Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986).<br><br>Plaintiff is also not required to have an admission to support his claim—circumstantial evidence will suffice and that too must be construed in his favor. *See Coghlan v. Am. Seafoods Co. LLC.*, 413 F.3d 1090, 1095 (9th Cir. 2005) (plaintiff can defeat motion for summary judgment by pointing to either direct or circumstantial evidence); *see also, e.g.*, *Baker v. Roman Catholic Archdiocese of San Diego*, 725 F. App'x 531, 532 (9th Cir. 2018) (reversing grant of summary judgment where district court "did not properly consider various pieces of circumstantial evidence in its summary judgment ruling").. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | Indeed, Defendants' response just underscores the impropriety of Defendants' motions for summary judgment. If it is Defendants' contention that "Plaintiff looked similar to the description of the shooter," there is clearly a dispute that precludes summary judgment. |
| 83. | All of this evidence pointed clearly away from Tobias based on the information known to Cooley at the time. According to Cooley, during his interview of Contreras earlier that night, he used "department resources" to learn more information about Tobias. Cooley reviewed the information available using the "department resources."<br><br>**Ex. 26, Cooley Dep. at 13:6-16; Ex. 27, Cooley Statement** | Plaintiff's purported fact is improper argument unsupported by any admissible evidence. The evidence cited to by Plaintiff does not support plaintiff's contention. | Plaintiff's assertion is fully supported; and Defendants no not explain how it is not. In actuality, Plaintiff's description of the evidence is accurate—the factual assertions are express statements from Cooley's statement form and deposition--at the very minimum, a reasonable interpretation of the evidence that must be taken in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton,* |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Form.** | | 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986).<br><br>Plaintiff is also not required to have an admission to support his claim—circumstantial evidence will suffice and that too must be construed in his favor. *See Coghlan v. Am. Seafoods Co. LLC.,* 413 F.3d 1090, 1095 (9th Cir. 2005) (plaintiff can defeat motion for summary judgment by pointing to either direct or circumstantial evidence); *see also, e.g.*, *Baker v. Roman Catholic Archdiocese of San Diego*, 725 F. App'x 531, 532 (9th Cir. 2018) (reversing grant of summary judgment where district court "did not properly consider various pieces of circumstantial evidence in its summary judgment ruling").. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| 84. | Born's "department resources," interviews with actual members of the gang, indicated that Tobias was *not* a member of the MS gang.<br><br>**Ex. 35, Born Statement Form; Ex. 30, Born Dep. at 91:8-92:7.** | Immaterial to liability and unsupported by the evidence. Objection. Mischaracterizes the evidence. The deposition transcript cited to by Plaintiff states that "Speaking to the other MS gang members, I'm going based on what they told me on the field— FI card, it – he claimed MS to other officers." (Pl.'s Exh. 30, Born Dep. at 91:20-22.) | Plaintiff's assertion is material to Plaintiff's claims of fabrication, coercion and conspiracy, and in particular the lack of probable cause and Defendants' knowledge that Plaintiff did not fit the profile of the shooter yet chose to frame him for the murder anyway.<br><br>Plaintiff's factual assertion is supported by the cited evidence. Defendants identify only a portion of the cited evidence that they claim does not support Plaintiff's assertion, but even if true there remains a dispute that renders summary judgment unavailable. Inferences follow in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | Plaintiff is also not required to have an admission to support his claim—circumstantial evidence will suffice and that too must be construed in his favor. *See Coghlan v. Am. Seafoods Co. LLC.,* 413 F.3d 1090, 1095 (9th Cir. 2005) (plaintiff can defeat motion for summary judgment by pointing to either direct or circumstantial evidence); *see also, e.g.*, *Baker v. Roman Catholic Archdiocese of San Diego*, 725 F. App'x 531, 532 (9th Cir. 2018) (reversing grant of summary judgment where district court "did not properly consider various pieces of circumstantial evidence in its summary judgment ruling").. |
| 85. | Cooley also knew that Tobias did not physically look like the person in the video. Cooley | Plaintiff's purported fact is improper opinion unsupported by any admissible evidence. | Plaintiff's assertion is fully |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | knew Tobias was 13 years old, and had just seen a picture of Tobias on Contreras' phone. In addition, an FI card for Tobias indicated that Tobias was 4'11" and 110 pounds.<br><br>**Ex. 26, Cooley Dep. at 13:25-14:13; Ex. 27, Cooley Statement Form; Ex. 33, FI Card, at LAPD 2327; Ex. 51, FI Card, at 2592.** | Plaintiff cites to no evidence indicating that Officer Cooley knew that Tobias did not look like the person in the video. Cooley's statement form and deposition testimony indicate the opposite. | supported. Defendants do not dispute that the cited evidence indicates that Cooley knew what Plaintiff looked like and that he was small. The factual assertion that he therefore knew that Plaintiff did not physically resemble the person in the video—who looked older and taller—is also supported, as inferences follow in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986).<br><br>Plaintiff is also not required to have an admission to support his claim—circumstantial evidence will suffice and that too must be construed in his favor. *See Coghlan v. Am. Seafoods Co. LLC.,* 413 F.3d 1090, 1095 (9th Cir. 2005) (plaintiff can defeat motion for summary judgment by |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | pointing to either direct or circumstantial evidence); *see also, e.g.*, *Baker v. Roman Catholic Archdiocese of San Diego*, 725 F. App'x 531, 532 (9th Cir. 2018) (reversing grant of summary judgment where district court "did not properly consider various pieces of circumstantial evidence in its summary judgment ruling") |
| 86. | In addition, Cooley had never seen Tobias before, and so any identification from the surveillance video had to be based on his comparison of what he saw on the video with his *memory* of the photo of Tobias that he saw on Contreras' phone some hours earlier.<br><br>**Ex. 26, Cooley Dep. at 7:4-8:24; Ex. 27, Cooley Statement Form ("I did not recognize** | Irrelevant but UNDISPUTED for the purposes of this motion. | |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | him" ). | | |
| 87. | 87. The surveillance video Cooley viewed also was not high quality: it was not high resolution, and lacked clarity.<br><br>**Ex. 28, Surveillance Video; Ex. 29, Freeze-frame of shooter from surveillance video; Ex. 10, East Dep. At 89:2-11; Ex. 14, Trial Transcript at 694 (Court states, "Quite frankly, with regard to the video identification and the quality of the video . . . I cannot tell.")** | Irrelevant but UNDISPUTED for the purposes of this motion. | |
| 88. | Despite all of this, Cooley claimed that he could positively identify Tobias as the white-shirted shooter in the surveillance video. He could not. He wrote a report asserting that he watched the video and "immediately recognized" it to | Plaintiff's purported fact is improper opinion and argument unsupported by any admissible evidence. Plaintiff does not have evidence that Cooley could not make an identification. | Plaintiff's description of the evidence is accurate and, at the very minimum, a reasonable interpretation of the evidence that must be taken in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|-----|---------------------------------------------|------------------------|-------------------|
|  | be Tobias. *See ¶¶* 82-83. 85-87, *supra;* Ex. 27, Cooley Witness Statement; Ex. 11, Cortina Dep. at 319:12-322:11 (Cortina "can't tell" if the person in video is Tobias, despite interviewing him); Ex. 14, Trial Transcript, at Tobias PLA 695 (District Attorney arguing that "video is distorted . . . not only the shooter . . . but everything in that video is distorted"). |  | 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986).<br><br>Plaintiff is also not required to have an admission to support his claim—circumstantial evidence will suffice and that too must be construed in his favor. *See Coghlan v. Am. Seafoods Co. LLC.,* 413 F.3d 1090, 1095 (9th Cir. 2005) (plaintiff can defeat motion for summary judgment by pointing to either direct or circumstantial evidence); *see also, e.g.*, *Baker v. Roman Catholic Archdiocese of San Diego*, 725 F. App'x 531, 532 (9th Cir. 2018) (reversing grant of summary judgment where district court "did not properly consider various pieces of circumstantial evidence in its summary judgment ruling"). |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| 89. | Cooley then called Defendant Born, the Olympic division's gang enforcement officer specializing in the MS gang, to have her come view the surveillance video as well. Cooley waited in his police car for Born to arrive, and when she did he met her and was with her throughout her time at the scene of the shooting.<br><br>**Ex. 26, Cooley Dep. at 46:19-47:6, 97:2-18, 99:10-20, 104:5-9, 105:14-106:8** | UNDISPUTED for the purposes of this motion. | |
| 90. | Born, too, had never met Tobias. Born had not even seen a picture of Tobias that night. According to Born, upon being called by Cooley to view the surveillance video, she did not review any department resources, and so did not look up | UNDISPUTED that Born had never met Tobias but that she was familiar with him through monitoring Facebook posts, inputting FI cards, and through other officers. (Defendants Exh. B, Born Decl. ¶ 4-5.) | As cited in Paragraph 91, infra, Born expressly stated that she could not say when she saw a picture of Plaintiff. Ex. 30, Born Dep. at 30:20-24 ("Q. Before you got the call on August 18th, 2012 to go to the Castaneda crime scene, how long before that had you last seen a photo |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | any information about Tobias. She could remember only that at some point prior to that night she had seen a picture of Tobias on the department resources, but she could not say whether it was weeks, months or even years earlier. **Ex. 30, Born Dep. at 20:24-21:14, 26:15-27:12** | Plaintiff does not cite to any evidence supporting his assertion that Born could not say when she saw a picture of Plaintiff. | of Art Tobias? A. I don't recall.") |
| 91. | So, she could not have legitimately made an identification. She would have had to make an identification of Tobias based on her comparison of a grainy, low quality video, to her memory of a picture she had seen on LAPD department resources, at some point in the previous years, of a person she had never met before. | Plaintiff's purported fact is improper opinion and argument unsupported by any admissible evidence. Plaintiff's citations to Born's deposition do not support Plaintiff's purported fact. | Plaintiff's description of the evidence is accurate and, at the very minimum, a reasonable interpretation of the evidence that must be taken in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Ex. 30, Born Dep. at 24:15- 25:10, 25:18-22, 30:20-31:8, 32:16- 34:2;** *see ¶ 90 supra.* | | Plaintiff is also not required to have an admission to support his claim— circumstantial evidence will suffice and that too must be construed in his favor. *See Coghlan v. Am. Seafoods Co. LLC.,* 413 F.3d 1090, 1095 (9th Cir. 2005) (plaintiff can defeat motion for summary judgment by pointing to either direct or circumstantial evidence); *see also, e.g., Baker v. Roman Catholic Archdiocese of San Diego*, 725 F. App'x 531, 532 (9th Cir. 2018) (reversing grant of summary judgment where district court "did not properly consider various pieces of circumstantial evidence in its summary judgment ruling"). |
| 92. | Nevertheless, Born claimed that upon viewing the surveillance video she immediately recognized it to be Tobias. | UNDISPUTED for the purposes of this motion; however, Plaintiff's use of the term "claimed" is argumentative. | |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Ex. 30, Born Dep. at 87:12-90:19** | | |
| 93. | In reality, in order for Born to make any kind of identification, she needed to see some picture of Tobias (even to know his name). Which is what happened. As she admitted at her deposition, upon arriving at the scene Born was not shown the surveillance video to offer her own independent assessment. Instead, she was first shown a photograph of Tobias. Only after that was she taken to view the surveillance video.<br><br>**Ex. 30, Born Dep. at 20:24-21:14, 26:15-27:12, 41:17-20, 93:4-9; Ex. 26, Cooley Dep. at 95:8-20; 98:18-99:20.** | Plaintiff's purported fact is improper opinion and argument unsupported by any admissible evidence.<br><br>Further, Plaintiff's fact is misleading and mischaracterizes the evidence. The still photo was a still photo of the surveillance footage, not a separate photo. (Born Depo. at 21:19-22:5, 27:17-28:7.) | Plaintiff's description of the evidence is accurate and, at the very minimum, a reasonable interpretation of the evidence that must be taken in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). Defendants' assertion that it was a still photo from the surveillance video, but not a separate photo, is merely their preferred inference from the evidence, improper at summary judgment.<br><br>Plaintiff is also not required to have an admission to support his claim—circumstantial evidence will suffice |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | and that too must be construed in his favor. *See Coghlan v. Am. Seafoods Co. LLC.,* 413 F.3d 1090, 1095 (9th Cir. 2005) (plaintiff can defeat motion for summary judgment by pointing to either direct or circumstantial evidence); *see also, e.g., Baker v. Roman Catholic Archdiocese of San Diego*, 725 F. App'x 531, 532 (9th Cir. 2018) (reversing grant of summary judgment where district court "did not properly consider various pieces of circumstantial evidence in its summary judgment ruling"). |
| 94. | That Defendant Born was first shown a still image that she believes depicted Tobias, before seeing the surveillance video, was omitted from the statement form she wrote documenting her identification. | Plaintiff's fact is misleading and mischaracterizes the evidence. The still photo was a still photo of the surveillance footage, not a separate photo. (Born Depo. at 21:19-22:5, 27:17-28:7.) | Plaintiff's description of the evidence is accurate and, at the very minimum, a reasonable interpretation of the evidence that must be taken in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Ex. 35, Born Statement Form** | | 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). Defendants' assertion that it was a still photo from the surveillance video, but not a separate photo, is merely their preferred inference from the evidence, improper at summary judgment.<br><br>Plaintiff is also not required to have an admission to support his claim—circumstantial evidence will suffice and that too must be construed in his favor. *See Coghlan v. Am. Seafoods Co. LLC.,* 413 F.3d 1090, 1095 (9th Cir. 2005) (plaintiff can defeat motion for summary judgment by pointing to either direct or circumstantial evidence); *see also, e.g., Baker v. Roman Catholic Archdiocese of San Diego*, 725 F. App'x 531, 532 (9th Cir. 2018) |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | (reversing grant of summary judgment where district court "did not properly consider various pieces of circumstantial evidence in its summary judgment ruling"). <br><br> Importantly, Defendants do not dispute that the information was omitted from Born's police report. |
| 95. | There are additional inconsistencies that render Born and Cooley's identifications false. Among them, Born and Cooley tell contradictory versions of events: <br><br> - According to Cooley, when Born arrived, he took her to review the surveillance immediately. According to Born, she was first shown a photo of Tobias. | Plaintiff's purported fact is improper opinion and argument unsupported by any admissible evidence. <br><br> These statements are not materially different and do not establish that there was a conspiracy. | Plaintiff's description of the evidence is accurate—the inconsistencies are clear in the cited references. Moreover, at the very minimum, a reasonable interpretation of the evidence that must be taken in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | - According to Cooley, Born viewed the surveillance video in the apartment manager's office. According to Born, she watched the surveillance video on the street.<br><br>***Compare* Ex. 26, Cooley Dep. at 95:8- 20; 98:18-99:20 *with* Ex. 30, Born Dep. at 20:24-21:14, 26:15-27:12, 41:17-20, 93:4-9.**<br><br>***Compare* Ex. 26, Cooley Dep. at 99:17-20 with Ex. 30, Born Dep. at 29:11-14.** | | Defendants' objection regarding whether these statements "establish a conspiracy" is an irrelevant non-sequitur for purposes of assessing whether the factual assertion in this paragraph is supported. |
| 96. | Born and Cooley prepared their statement forms documenting their false identification of Tobias at the instruction of the Defendant Detectives. | Unsupported by admissible evidence as Plaintiff completely mischaracterizes the evidence. The deposition testimony which Plaintiff cites to in support of this "fact" is | The objection is utterly frivolous. As Defendants note, Cooley expressly states in his deposition that he prepared his statement form |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Ex. 26, Cooley Dep. at 39:13-40:7, 110:16-111:17.** | Officer Cooley explaining when he fills out a statement form. No officer ever stated that anyone asked them to fill out a false report. In relevant part, Officer Cooley testified:<br><br>Q: Are you supposed to fill out a statement form for any time you are assisting in an investigation or do you sort of pick and choose when you do it?<br><br>A. When a detective asks us to fill out a statement form.<br><br>Q: Why did you fill out a statement form?<br><br>A. Because the detective asked me to. Q. So what detective asked you to? | "because the detective asked me to," referring to the detectives "at the scene," who were Defendants Motto and Pere.<br><br>Plaintiff's description of the evidence is therefore accurate and, at the very minimum, a reasonable interpretation of the evidence that must be taken in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986).<br><br>Plaintiff is also not required to have an admission to support his claim—circumstantial evidence will suffice and that too must be construed in his favor. *See Coghlan v. Am. Seafoods Co. LLC.,* 413 F.3d 1090, 1095 (9th Cir. 2005) (plaintiff can defeat |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | A. Whichever detective I was talking to at the scene.<br><br>(Pl.'s Exh. 26, Cooley Dep. At 39:13-18; 110:16-21.) | motion for summary judgment by pointing to either direct or circumstantial evidence); *see also, e.g., Baker v. Roman Catholic Archdiocese of San Diego*, 725 F. App'x 531, 532 (9th Cir. 2018) (reversing grant of summary judgment where district court "did not properly consider various pieces of circumstantial evidence in its summary judgment ruling"). |
| 97. | The identifications by Born and Cooley were fabricated after the fact to create a justification for treating Tobias as a possible suspect. Among other things, the initial scene reports make no reference to Tobias, despite that he was purportedly identified by two officers within an hour or two of the shooting. Indeed, Pere and Motto were at the scene until | Plaintiff's purported fact is improper opinion and argument unsupported by any admissible evidence, and is simply improper speculation. | Plaintiff's description of the evidence is accurate and nothing in Defendants' objection suggests to the contrary. In addition, at the very minimum it is a reasonable interpretation of the evidence that must be taken in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | 5am, many hours after Cooley had purportedly identified Tobias and shared that information with them. Detective Pere prepared a Preliminary Investigation Report, reviewed and approved by Motto at 8:38am on August 18, based on their work that night. It contains no reference to the identification of Tobias by Cooley and Born.<br><br>**Ex. 55, Crime Scene Log at LAPD 2167; Ex. 47, Preliminary Case Screening at LAPD 2169.** | | 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986).<br><br>Plaintiff is also not required to have an admission to support his claim—circumstantial evidence will suffice and that too must be construed in his favor. *See Coghlan v. Am. Seafoods Co. LLC.,* 413 F.3d 1090, 1095 (9th Cir. 2005) (plaintiff can defeat motion for summary judgment by pointing to either direct or circumstantial evidence); *see also, e.g.*, *Baker v. Roman Catholic Archdiocese of San Diego*, 725 F. App'x 531, 532 (9th Cir. 2018) (reversing grant of summary judgment where district court "did not properly consider various pieces of circumstantial evidence in its summary judgment ruling"). |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| 98. | Likewise, there is a chronology of the investigation contained in the murderbook; the entries for August 18, 2012 make no reference to the identifications by Born and Cooley, and in fact the chronology contains no reference to Born and Cooley at all until January 21, 2013.<br><br>**Ex. 56, Chronological Record at LAPD 2159.** | Plaintiff's purported fact is improper opinion and argument unsupported by any admissible evidence, and is simply improper speculation. | Plaintiff's description of the evidence is accurate and nothing in Defendants' objection suggests to the contrary. In addition, at the very minimum it is a reasonable interpretation of the evidence that must be taken in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). Defendants' assertion that it was a still photo from the surveillance video, but not a separate photo, is merely their preferred inference from the evidence, improper at summary judgment.<br><br>Plaintiff is also not required to have an admission to support his claim—circumstantial evidence will suffice and that too must be construed in his favor. *See Coghlan v. Am. Seafoods* |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | *Co. LLC.,* 413 F.3d 1090, 1095 (9th Cir. 2005) (plaintiff can defeat motion for summary judgment by pointing to either direct or circumstantial evidence); *see also, e.g., Baker v. Roman Catholic Archdiocese of San Diego*, 725 F. App'x 531, 532 (9th Cir. 2018) (reversing grant of summary judgment where district court "did not properly consider various pieces of circumstantial evidence in its summary judgment ruling"). |
| 99 | Moreover, the statement forms of Born and Cooley indicate that they were created after the fact. The statement form of Born is undated. There are two versions of Cooley's statement form: one undated, and one dated September 14, 2012, almost a month after the shooting. | Plaintiff's purported fact is improper opinion and argument unsupported by any admissible evidence, and is simply improper speculation.<br><br>Officers Born and Cooley both testified that they prepared their reports before going | Plaintiff's description of the evidence is accurate and, at the very minimum, a reasonable interpretation of the evidence that must be taken in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Ex. 56, Chronological Record at LAPD 2159 (chrono entry for 8/18/12), 2164 (first chrono reference to Born and Cooley); Ex. 35, Born Statement Form; Ex. 27, Cooley Statement Form (with date); Ex. 75, Cooley Statement Faun (Undated)** | home. (See e.g. Pl.'s Exh. 26, Cooley Dep. at 109:19-20.) Officer Born also testified that he has a second report because his first report did not include the date. (Cooley Dep. at 153:15-16.) | *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). That Defendants may have said something contradictory at their depositions is irrelevant because it merely creates a dispute of fact that must be resolved in Plaintiff's favor at this stage.<br><br>Plaintiff is also not required to have an admission to support his claim—circumstantial evidence will suffice and that too must be construed in his favor. *See Coghlan v. Am. Seafoods Co. LLC.,* 413 F.3d 1090, 1095 (9th Cir. 2005) (plaintiff can defeat motion for summary judgment by pointing to either direct or circumstantial evidence); *see also, e.g., Baker v. Roman Catholic Archdiocese of San Diego*, 725 F. App'x 531, 532 (9th Cir. 2018) (reversing grant of summary judgment where district court "did |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | not properly consider various pieces of circumstantial evidence in its summary judgment ruling"). |
| 100. | Pere and Motto also created a fabricated report of the witness descriptions of the perpetrator at the scene. The witness identifications as reported by the patrol officers that initially responded to the scene, Godoy and Ybanez, describe an older (18-19yo, 20-30yo) and larger shooter (6ft, 190-200 pounds), and make no reference to a person with glasses. But on the Preliminary Investigation Report that Pere created and Motto reviewed and approved, they added "small build, wearing prescription glasses," an unsourced description contained nowhere else in the report and contradicted by the witness | Plaintiff's purported fact is improper opinion and argument unsupported by any admissible evidence, and is simply improper speculation. | Plaintiff's description of the evidence is accurate and nothing in Defendants' objection suggests otherwise. In addition, at the very minimum it is a reasonable interpretation of the evidence that must be taken in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). Plaintiff is also not required to have an admission to support his claim—circumstantial evidence will suffice and that too must be construed in his favor. *See Coghlan v. Am. Seafoods* |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | descriptions.<br><br>**Ex. 47, Preliminary Investigation Report, at LAPD 2169-2171.** | | *Co. LLC.,* 413 F.3d 1090, 1095 (9th Cir. 2005) (plaintiff can defeat motion for summary judgment by pointing to either direct or circumstantial evidence); *see also, e.g.*, *Baker v. Roman Catholic Archdiocese of San Diego*, 725 F. App'x 531, 532 (9th Cir. 2018) (reversing grant of summary judgment where district court "did not properly consider various pieces of circumstantial evidence in its summary judgment ruling").. |
| **EAST FACTS** | | | |
| 101. | On August 20, 2012, Detectives Arteaga, Pere and Cortina reported to work and begin working on the homicide. The same day Detectives Arteaga, Cortina, and Pere met with Detective Motto, the supervising detective, in the "investigative conference." Such a conference | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | The factual assertion is relevant to Plaintiff's claims related to fabrication and coercion, including in particular Plaintiff's related conspiracy claims against the Detective Defendants; indeed, they do not object on this basis.<br><br>Notably, none of the answering |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | is a meeting where detectives should, and did, "thoroughly discuss the case" "early in the investigation."; Chrono; Dep Cites. The result of the investigative conference was that the investigation would pursue Tobias as a suspect.<br><br>**Ex. 40, Homicide Manual, 6.1 at LAPD 375; Ex. 76, Time Sheet LAPD 788; Ex. 56, Chronological Record at LAPD 2159-60; Ex. 11, Cortina Dep. At 199:12-15; Ex. 57, name search at LAPD 2331-32 (Arteaga does search of Tobias' name in the morning).** | | Defendants dispute the factual assertion. |
| 102. | So, on the afternoon of August 20, 2012, Arteaga and Motto went to Berendo Middle School, Tobias' school, with the purpose | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | The factual assertion is relevant to Plaintiff's claims related to fabrication, coercion, and conspiracy, and demonstrating that |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | of obtaining additional identifications of Tobias.<br><br>**Ex. 56, Chronological Record at LAPD 2159; Ex. 31, Arteaga Statement Form at LAPD 2635.** | | probable cause was based entirely on fabricated evidence. Indeed, the Detective Defendants do not object on this basis.<br><br>Notably, none of the answering Defendants dispute the factual assertion. |
| 103. | They met at the school with Defendant Daniel East. East is a Los Angeles Unified School District officer. His duties also involved conducting criminal investigations at school and working with other law enforcement agencies at times, including LAPD. East learned the detectives were coming.<br><br>**Ex. 56, Chronological Record at LAPD 2159; Ex. 53, East Statement Form at LAPD 2636; Ex. 10, East Dep. At** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | The factual assertion is relevant to Plaintiff's claims related to fabrication, coercion, and conspiracy, and demonstrating that probable cause was based entirely on fabricated evidence. Indeed, the Detective Defendants do not object on this basis.<br><br>Notably, none of the answering Defendants dispute the factual assertion. |

47

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | 37:11-38:4, 128:12-18. | | |
| 104. | East was told by the detectives that they had a suspect in mind and that the person was a current Berendo student. He was told that he was going to watch a video, and be asked to make an identification.<br><br>**Ex. 6, Transcript of Recording from Berendo Middle School ("Berendo Tr.") at 4:8-17; Ex. 7, Audio Recording from Berendo Middle School ("Berendo Audio").** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | The factual assertion is relevant to Plaintiff's claims related to fabrication, coercion, and conspiracy, and demonstrating that probable cause was based entirely on fabricated evidence. Indeed, the Detective Defendants do not object on this basis.<br><br>Notably, none of the answering Defendants dispute the factual assertion. |
| 105. | When East first watched the video of the Castaneda shooting, he immediately recognized that the suspect was too large to be a middle school student; and too large to be a 13 or 14 year-old.<br><br>**Ex. 6, Berendo Tr. at 9:13-15;** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | The factual assertion is relevant to Plaintiff's claims related to fabrication, coercion, and conspiracy, and demonstrating that probable cause was based entirely on fabricated evidence. Indeed, the Detective Defendants do not object on this basis. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | 9:21-24; Ex. 7, Berendo Audio | | Notably, none of the answering Defendants dispute the factual assertion. |
| 106. | When East watched the video a second time, he did not identify Plaintiff or anyone. Instead, he confirmed that could not make an identification based upon the video.<br><br>**Ex. 6, Berendo Tr. at 10:11-15.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | The factual assertion is relevant to Plaintiff's claims related to fabrication, coercion, and conspiracy, and demonstrating that probable cause was based entirely on fabricated evidence. Indeed, the Detective Defendants do not object on this basis.<br><br>Notably, none of the answering Defendants dispute the factual assertion. |
| 107. | Although East could not make an identification, he told the detectives he was "thinking of a person too small to be the person in the video; someone who was "a lot smaller in statute" than the person in the video. | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | The factual assertion is relevant to Plaintiff's claims related to fabrication, coercion, and conspiracy, and demonstrating that probable cause was based entirely on fabricated evidence. Indeed, the Detective Defendants do not object |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Ex. 6, Berendo Tr. at 10:22-11:3.** | | on this basis.<br><br>Notably, none of the answering Defendants dispute the factual assertion. |
| 108. | Despite knowing that the person was too large to be a middle [school] student, despite not being able to make an identification from the video, and despite knowing that Plaintiff was too small in stature to be the person in the video, East told the detectives he had been "thinking of Art Tobias.<br><br>**Ex. 6, Berendo Tr. at 10:22 11:3; Ex. 7, Berendo Audio.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | The factual assertion is relevant to Plaintiff's claims related to fabrication, coercion, and conspiracy, and demonstrating that probable cause was based entirely on fabricated evidence. Indeed, the Detective Defendants do not object on this basis.<br><br>Notably, none of the answering Defendants dispute the factual assertion. |
| 109. | Even though East knew the person in the video was too big to be Tobias, and East could not identify a person from the video, the detectives explicitly | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | The factual assertion is relevant to Plaintiff's claims related to fabrication, coercion, and conspiracy, and demonstrating that probable cause was based entirely on |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | informed East that they believed Tobias was the shooter, saying "that's who we think it is."<br><br>**Ex. 6, Berendo Tr. at 10:3; Ex. 7, Berendo Audio.** | | fabricated evidence. Indeed, the Detective Defendants do not object on this basis.<br><br>Notably, none of the answering Defendants dispute the factual assertion. |
| 110. | East knew that Plaintiff was too small to be the person in the video, and even laughed when he was told that the detectives suspected Plaintiff was the shooter.<br><br>**Ex. 6, Berendo Tr. at 11:1-5; Ex. 7, Berendo Audio.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | The factual assertion is relevant to Plaintiff's claims related to fabrication, coercion, and conspiracy, and demonstrating that probable cause was based entirely on fabricated evidence. Indeed, the Detective Defendants do not object on this basis.<br><br>Notably, none of the answering Defendants dispute the factual assertion. |
| 111. | Nonetheless, East agreed to assist the detectives in implicating Plaintiff in the crime. After finding out that Plaintiff | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | The factual assertion is relevant to Plaintiff's claims related to fabrication, coercion, and conspiracy, and demonstrating that |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | was the suspect, much like Born, East was shown a picture of Tobias. Then, East and the Detectives began to look at additional photographs of Plaintiff, which East provided from his school files. In the course of this meeting, East and the Detectives discuss what East's statement should be.<br><br>**Ex. 6, Berendo Tr. at 11:3-12:7, 13:13-14:15; Ex. 7, Berendo Audio.** | | probable cause was based entirely on fabricated evidence. Indeed, the Detective Defendants do not object on this basis.<br><br>Notably, none of the answering Defendants dispute the factual assertion. |
| 112. | Instead, East agreed to claim that he had identified plaintiff when he had not and to assist in the investigation. East agreed to attempt to pull "Field Interview" ("FI") cards of Plaintiff; East knew that someone had died from the Castaneda shooting; and East knew that the | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | The factual assertion is relevant to Plaintiff's claims related to fabrication, coercion, and conspiracy, and demonstrating that probable cause was based entirely on fabricated evidence. Indeed, the Detective Defendants do not object on this basis. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | Detectives did not have enough evidence to inculpate Plaintiff; and East even knew that, without a "cold turkey" identification, the Detectives planned to "try to rope [Plaintiff's] mother" into the investigation.<br><br>**Ex. 6, Berendo Tr. at at 17:20-22; Ex. 7, Berendo Audio.** | | Notably, none of the answering Defendants dispute the factual assertion. |
| 113. | East understood that the video of the Castaneda shooting did not depict Plaintiff, and that the detectives were going to try to get identifications from additional people, including Mr. Negroe and Plaintiff's mother.<br><br>**Ex. 6, Berendo Tr. at 17:15-18:5; Ex. 7, Berendo Audio.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | The factual assertion is relevant to Plaintiff's claims related to fabrication, coercion, and conspiracy, and demonstrating that probable cause was based entirely on fabricated evidence. Indeed, the Detective Defendants do not object on this basis.<br><br>Notably, none of the answering Defendants dispute the factual assertion. |
| 114. | In fact, Detective Motto put it in | Irrelevant and immaterial to | The factual assertion is relevant to |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | no uncertain terms: If the detectives did not get positive identifications from "everybody, including [Plaintiff's] mother," then they would "have a hard time proving what you [East] just saw. So somebody's going to have to frickin pay."<br><br>**Ex. 6, Berendo Tr. at 18:1-5; Ex. 7, Berendo Audio.** | Defendant Born, Cooley, and City's Motion for Summary Judgment. | Plaintiff's claims related to fabrication, coercion, and conspiracy, and demonstrating that probable cause was based entirely on fabricated evidence. Indeed, the Detective Defendants do not object on this basis.<br><br>Notably, none of the answering Defendants dispute the factual assertion. |
| 115. | Arteaga and Motto then proceeded to show the video to Roger Negroe, an assistant Dean at the school. Negroe made no identification. Negroe was able to tell the detectives, from reviewing the video, that the suspect is "chubby."<br><br>**Ex. 6, Berendo Tr. at 21-22, 22:23-24; Ex. 7, Berendo Audio.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | The factual assertion is relevant to Plaintiff's claims related to fabrication, coercion, and conspiracy, and demonstrating that probable cause was based entirely on fabricated evidence. Indeed, the Detective Defendants do not object on this basis.<br><br>Notably, none of the answering Defendants dispute the factual assertion. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| 116. | After Negroe did not make an identification, East met with the Arteaga and Motto. East knew that Negroe had not made an identification and discussed with them that he would be writing a report, knowing it would be used to help prosecute Plaintiff for the Castaneda homicide.<br><br>**Ex. 45, Motto Dep. at 116:20-117:14; Ex. 10, East Dep. at 45:4-12, 46:1-12; Ex. 6, Berendo Tr. at 17:19-18:5; Ex. 7, Berendo Audio.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | The factual assertion is relevant to Plaintiff's claims related to fabrication, coercion, and conspiracy, and demonstrating that probable cause was based entirely on fabricated evidence. Indeed, the Detective Defendants do not object on this basis.<br><br>Notably, none of the answering Defendants dispute the factual assertion. |
| 117. | East was present when Plaintiff was arrested and agreed to drive another student to the Rampart station.<br><br>**Ex. 10, East Dep. at 51:22-52:25, 47:8-9, 48:5-24.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | The factual assertion is relevant to Plaintiff's claims related to fabrication, coercion, and conspiracy, and demonstrating that probable cause was based entirely on fabricated evidence. Indeed, the Detective Defendants do not object on this basis. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | Notably, none of the answering Defendants dispute the factual assertion |
| 118. | East wrote his "statement" the same day and delivered it to Detective Cortina at Rampart station.<br><br>**Ex. 10, East Dep. at 69-70.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | The factual assertion is relevant to Plaintiff's claims related to fabrication, coercion, and conspiracy, and demonstrating that probable cause was based entirely on fabricated evidence. Indeed, the Detective Defendants do not object on this basis.<br><br>Notably, none of the answering Defendants dispute the factual assertion. |
| 119. | Thereafter, Cortina contacted East several times to obtain a statement from Negroe, the assistant dean who had not identified Plaintiff from the video. | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | The factual assertion is relevant to Plaintiff's claims related to fabrication, coercion, and conspiracy, and demonstrating that probable cause was based entirely on fabricated evidence. Indeed, the Detective Defendants do not object |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
|  | **Ex. 56, Chronological Report, at LAPD 2161.** |  | on this basis.<br><br>Notably, none of the answering Defendants dispute the factual assertion. |
| 120. | In the recorded meeting with the detectives, East never once stated he was "fairly sure that the suspect in the video is Art Tobias.<br><br>***See generally*** **Ex. 6, Berendo Tr. at 1, Ex. 7, Berendo Audio.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | The factual assertion is relevant to Plaintiff's claims related to fabrication, coercion, and conspiracy, and demonstrating that probable cause was based entirely on fabricated evidence. Indeed, the Detective Defendants do not object on this basis.<br><br>Notably, none of the answering Defendants dispute the factual assertion. |
| 121. | 121. In the recorded meeting with the detectives, East never once stated the person in the video "is Art Tobias."<br><br>***See generally*** **Ex. 6, Berendo** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | The factual assertion is relevant to Plaintiff's claims related to fabrication, coercion, and conspiracy, and demonstrating that probable cause was based entirely on fabricated evidence. Indeed, the |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Tr.; Ex. 7, Berendo Audio.** | | Detective Defendants do not object on this basis.<br><br>Notably, none of the answering Defendants dispute the factual assertion |
| 122. | East's report includes false claim that after watching the video East stated he was "fairly sure that the Suspect in the video is Art Tobias." However, in watching the video multiple times East never said that phrase, or that the person "looks like Tobias," and instead stated the person was too big to be a middle school student and that he could not identify someone from the video.<br><br>**Ex. 6, Berendo Tr. at 14:16-18, 10-15; Ex. 7, Berendo Audio; Ex. 53, East Statement Form at** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | The factual assertion is relevant to Plaintiff's claims related to fabrication, coercion, and conspiracy, and demonstrating that probable cause was based entirely on fabricated evidence. Indeed, the Detective Defendants do not object on this basis.<br><br>Notably, none of the answering Defendants dispute the factual assertion. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | LAPD 2636. | | |
| 123. | East's report also includes the false claim that "the person in the video had a distinct walk and statute which is similar to that of Art Tobias."  **Compare Ex. 53, East Statement Form at LAPD 2636, *with* Ex. 6, Berendo Tr. at 10:24-11:2 (Art Tobias "is a lot smaller in statute" than the person on the video).** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | The factual assertion is relevant to Plaintiff's claims related to fabrication, coercion, and conspiracy, and demonstrating that probable cause was based entirely on fabricated evidence. Indeed, the Detective Defendants do not object on this basis.  Notably, none of the answering Defendants dispute the factual assertion. |
| 124. | East included this statement in an attempt to bolster his false/non "identification" of Plaintiff because he knew that Negroe had not identified Plaintiff and they would have trouble proving the case against Tobias based upon his false reporting alone. | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | The factual assertion is relevant to Plaintiff's claims related to fabrication, coercion, and conspiracy, and demonstrating that probable cause was based entirely on fabricated evidence. Indeed, the Detective Defendants do not object on this basis.  Notably, none of the answering |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Ex. 6, Berendo Tr. at 17-18** | | Defendants dispute the factual assertion. |
| 125. | The Chronology includes the false claim that East stated the "suspect in the video 'Looks like Art Tobias,'" when East never said that phrase and stated the person was too big to be a middle school student and that he could not ID someone from the video.<br><br>**Compare Ex. 56 (Chrono) at LAPD 2159 with Ex. 6, Berendo Tr. at 9:13-15; 9:21-24, 10:11-15, 10:22-11:3** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | The factual assertion is relevant to Plaintiff's claims related to fabrication, coercion, and conspiracy, and demonstrating that probable cause was based entirely on fabricated evidence. Indeed, the Detective Defendants do not object on this basis.<br><br>Notably, none of the answering Defendants dispute the factual assertion. |
| 126. | The Chronology, East's report, the Detectives' handwritten notes, Arteaga's typed report about the interview, and all other police reports concerning the interactions between East and the detectives at the middle | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | The factual assertion is relevant to Plaintiff's claims related to fabrication, coercion, and conspiracy, and demonstrating that probable cause was based entirely on fabricated evidence. Indeed, the Detective Defendants do not object |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | school omit the fact that (1) East was told who the suspect was; (2) East was shown a picture of Plaintiff; (3) East pulled up multiple pictures of Plaintiff; (4) East was told that unless people made identifications they "would have trouble proving what [East] just saw"; (5) that they were going to try to "rope" Plaintiff's mother into the investigation; (6) that if they failed in those efforts somebody was going to have to "frickin pay." **Ex. 56, Chronological Record at LAPD 2159; Ex. 31, Arteaga Statement Form, at LAPD 2635; Ex. 85, Arteaga Handwritten Notes at LAPD 2634; Ex. 53, East Statement Form) at LAPD 2636; Ex. 1, Tobias Arrest Report at** | | on this basis. Notably, none of the answering Defendants dispute the factual assertion. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | Tobias_PLA 179-181. | | |
| **INTERROGATION** | | | |
| 127. | Detectives Motto and Arteaga arrested Tobias for the Castaneda Homicide at 3:30 pm at Berendo Middle School. Plaintiff was taken to the station, where he was placed in an interrogation room, handcuffed to a chair for more than an hour. The interrogation began at 5:15pm.<br><br>**Ex. 56, Chronological Records, at LAPD 2159, Ex. 1, Arrest Report of Art Tobias at Tobias_PLA 000179; Ex. 71, Follow-Up Report, at LAPD 2277; Ex. 11, Cortina Dep. 261:15-18; Ex. 18, Arteaga Dep. at 38:20-24.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants (Born, Cooley, Los Angeles, Arteaga, Motto, Pere and Cortina) dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | Indeed, the Detective Defendants do not object on this basis. |
| 128. | He was not arrested for the "missing persons" report, and could not have been—the report was closed. He was arrested as a suspect in the Castaneda homicide.<br><br>**Ex. 16, Transcript of Contreras Interview at Tobias_PLA 1345; Ex. 14, Trial Transcript, at Tobias_PLA 606-608; Ex. 9, Contreras Dep. at 75:15-76:11.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | |
| 129. | Defendants conducted an interview of Contreras and an interrogation of Plaintiff. The goal was to obtain a confession from Plaintiff, as well as an identification of Tobias from the video by his mother.<br><br>*See* **ASOF ¶¶ 133-137,** *infra*; **Ex. 6, Berendo Tr. at 18:1-5; Ex. 7, Berendo Audio** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| 130. | Before the interviews and interrogations began, Pere, Cortina, Motto and Arteaga formulated a plan, as they typically would and were expected to do.<br><br>**Ex. 38, Jenks Dep. at 32:9-17, 33:8-34:6; Ex. 40, Homicide Manual, , Investigative Conference at LAPD 375; Ex. 11, Cortina Dep. at 169:7-22, 249:12-19; Ex. 14, Trial Transcript at Tobias_PLA 541-42; Ex. 18, Arteaga Dep. at 72:7-16, 75:11-17, 78:4-22, 80:8-81:7.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 131. | The Defendant Detectives watched each other's | Irrelevant and immaterial to Defendant Born, Cooley, and | This is not a factual dispute: None of the answering defendants dispute the |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | interviews/interrogations in a separate room in which there were monitors that that allowed them to see and hear the interrogations.<br><br>**Ex. 71, Follow-Up Report at LAPD 2277 (interrogation "observed directly by Detective Arteaga"); Ex. 14, Trial Tr. at Tobias PLA 541 ("Well, normally when detectives at rampart interview someone in a homicide case, we have a viewing room where we can listen and watch the interview, and I was watching and listening to the interview."), 542 ("Normally we, as homicide investigators, listen to each other's interviews and watch and see if we can throw a different aspect, or try to** | City's Motion for Summary Judgment. | factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | catch something that maybe the primary detectives missed or forgot to ask."); Ex. 45, Motto Dep. at 219:25-220:4; Ex. 18, Arteaga Dep. at 85:19-86:14, 90:1-12, 94:9-18, 94:21-95:2, 99:1-10. | | |
| 132. | Indeed, the interrogation was a coordinated effort throughout. All of the Detective Defendants participated in the interrogation, and all of them were in the room during Tobias' interrogation at some point. Specifically, Cortina and Pere interrogated Plaintiff first, and Motto entered to drop off a document. Then Arteaga took over the interrogation, and again Detective Motto entered the room several times. Pere also re-entered the room and asked additional questions. | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.  In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Ex. 45, Motto Dep. at 128:23-129:22, 136:25-137:6, 138:7-13, 217:6-20, 219:25-220-4;** *see generally*, **Ex. 13, Tobias Interrogation Transcript.** | | was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 133. | Plaintiff's mother, Helen Contreras, was called at 4pm. She voluntarily went to the station.<br><br>**Ex. 1, Arrest Report of Art Tobias at Tobias_PLA 00203; Ex. 9, Contreras Dep. at 85:19-86:8.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 134. | The detectives interviewed her first. Arteaga began interviewing Contreras at 4:30pm, and ending at approximately 5:10pm.<br><br>**Ex. 56, Chronological Record at LAPD 2160, Ex. 71, Follow-Up Report at LAPD 2277 (interrogation "observed directly by Detective Arteaga"); Ex. 31, Arteaga Statement Form at LAPD 2531; Ex. 17, Contreras Interview Video** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | not object on this basis. |
| 135. | In the interview, Detective Arteaga begins by lying to Contreras, telling her that he is interviewing her relative to the closed missing person's report, when in fact he is trying to get information relative to Defendants' efforts to prosecute Plaintiff.<br><br>**Ex. 16, Contreras Interrogation Transcript at Tobias_PLA 1345-1346.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 136. | As Detective Motto had told | Irrelevant and immaterial to | This is not a factual dispute: None of |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | East, the plan was to attempt to "rope" Contreras into the investigation by trying to get her to falsely "identify" Plaintiff. Detective Arteaga showed Contreras a still image of the shooter. He did not show Contreras the video. Contreras immediately states "that's not him. That's not what he was wearing that day when he came home." Contreras did not ever identify Plaintiff from the blurry image.<br><br>**See ASOF ¶¶ 112-114, *supra*; Ex. 16, Contreras Interrogation Transcript at Tobias_PLA 1369, 1370, 1387.** | Defendant Born, Cooley, and City's Motion for Summary Judgment. | the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 137. | In the interview, Contreras repeatedly denied that her son was involved. She repeatedly | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary | This is not a factual dispute: None of the answering defendants dispute the factual assertion. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | informed Arteaga that her son was not the person depicted in the image he showed her from the shooting, that he had come home by 12:42am, and that he was wearing a black t-shirt with a cartoon character on it. She even recognized what was happening: "You're wrongfully accusing my son right now."<br><br>**Ex. 16, Contreras Interrogation Transcript at Tobias_PLA 1368, 1369, 1370, 1385 ("that boy . . . that you showed me on the camera, that was not my son"), 1387, 1389.** | Judgment. | In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 138. | At approximately 5:15pm, after Arteaga left the room and had time to communicate with the other detectives working on the case, Cortina and Pere stepped | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | into Tobias' interview room and began to interrogate him.<br><br>**Ex. 56, Chronological Record, at LAPD 2160; ASOF ¶ 134, *supra*.** | | concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 139. | Pursuant to LAPD training and practices, the Detective Defendants decided to employ a guilt presumptive interrogation of a 13-year old boy. LA detectives use the "Confrontation Technique," which is "guilt | Unsupported by admissible evidence and irrelevant to liability. Plaintiff does not have any evidence that the purported confrontation technique was the policy of the LAPD at the time, or that | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | presumptive, psychologically manipulative, and confession driven." <br><br> *See* **Ex. 41, Detective's Manual; see generally, Ex. 19, Dr. Leo June 10, 2018 Expert Report); *id.*at 14-16; Ex.19, (Dr. Leo July 10 Expert Report) at 2; Ex. 18, Arteaga Dep. at 362:10-18.** | it was found to be unconstitutional. Plaintiff did not ask the City's person most knowledgeable about the purported confrontation technique. Dr. Leo's report is improper expert report based on speculation. Irrelevant. Fed. R. Evid. 402, 403. Lack of foundation/speculation. Fed. R. Evid. 602. Unreliable expert opinion. Fed. R. Evid. 702. *See Daubert v. Merrell Dow Pharms*., Inc. 43 F.3d 1311, 1315, 1321 n. 17 (9th Cir. 1995). | relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 140. | Before beginning the interrogation of Tobias, the Defendant Detectives knew the following things: that Tobias was 13 years old, that he was | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. <br><br> In addition, Plaintiff's *Monell* claim |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | approximately 5 feet tall and 110 pounds, and that he had no prior convictions. They had also learned from Tobias' mother about his relationships with close family members and issues with his father and father's mental health issues.<br><br>**Ex. 16, Contreras Interrogation Transcript at Tobias_PLA 1347-1352; Ex. 46, Pere Dep. at 56:9-57:10, 101:3-12.** | | concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 141. | Cortina and Pere began the interrogation. They entered the room and did not provide the *Miranda* admonishment immediately, as they should have. | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Ex. 13, Tobias Interrogation Transcript at Tobias_PLA 21-35; Ex. 36, Castillo Dep. at 15:5-16:5, 16:24-17:1; Ex. 18, Arteaga Dep. at 152:22-153:14.** | | relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 142. | Early in the interrogation, the detectives confirmed that Tobias was a 13 year old middle school student. Tobias asked immediately about his mother, but was told that he had to answer their questions before they would answer any of his. | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.

In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Ex. 13, Tobias Interrogation Transcript at Tobias_PLA 9, 22-23; Ex. 12, Tobias Interrogation Video.** | | Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 143. | Indeed, Tobias was subject to interrogation questions before being Mirandized. For example, he was asked questions intended to implicate him as being a member of the same gang the officers believed were responsible for the shooting, and they warned him that there was a "pretty fair amount of stuff that we already know." | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.

In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Ex. 13, Tobias Interrogation Transcript, at Tobias_PLA 21-35; Ex. 12, Tobias Interrogation Video.** | | fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 144. | Tobias informed them that he was not a member of the MS gang.<br><br>**Ex. 13, Tobias Interrogation Transcript at Tobias_PLA 9, 32; Ex. 12, Tobias Interrogation Video.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
|  |  |  | interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 145. | Defendants then went through the *Gladys R* questionnaire and Miranda warnings. But before doing so they made clear that questioning would continue regardless of the *Miranda* warnings that were about to be given: "You want to ask your questions before I show him a picture?"<br><br>**Ex. 13, Tobias Interrogation Transcript, at Tobias_PLA 40, Ex. 12, Tobias Interrogation Video** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 146. | In giving the *Miranda* admonishment, the detectives did not explain the words or take any steps to ensure that Tobias actually knew what the rights meant. Nor did they obtain a waiver as required by policy. In fact, they deliberately did not ask the last question on the LAPD official form, which directs officers to seek an express waiver from a suspect.<br><br>**Ex. 38, Jenks Dep. at 58:21-59:12, 62:22-63:9; Ex. 13, Tobias Interrogation Transcript at Tobias_PLA 41;** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Ex. 18, Arteaga Dep. at 231:25-232:22 (he and many other homicide investigators do not seek express waiver even though department policy requires it); Ex. 11, Cortina Dep. at 189:22-24 (admitting that Tobias did not waive *Miranda* rights); Ex. 12, Tobias Interrogation Video.** | | evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 147. | After giving the *Miranda* warnings, Cortina and Pere immediately began questioning Tobias regarding the crime, immediately lied to him and told him that a friend had "rolled on him," *i.e.*, implicated him in a crime. And they told him, "your day just went from bad to worse." <br><br> **Ex. 13, Tobias Interrogation Transcript, at Tobias_PLA 44-** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. <br><br> In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **45; Ex. 12, Tobias Interrogation Video** | | interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 148. | Cortina and Pere then showed Tobias the video of the shooting several times, accusing him of being the shooter seen in the video. Tobias immediately denied it. He informed the detectives that he was home with his mother at the time of the shooting, and that the clothes he was wearing did not match the person in video. Cortina and Pere ignored the denials and repeatedly accused Tobias of being the person in the video. Tobias repeatedly and | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | emphatically denied it.<br><br>**Ex. 13, Tobias Interrogation Transcript, at Tobias_PLA 46-49; Ex. 12, Tobias Interrogation Video.** | | in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 149. | At one point, Detective Pere, further communicating that Tobias could not remain silent, told him "We're here to speak to you to get your statement. Now, if your statement is that's not you, don't worry. We're going to write it down just the way you said."<br><br>**Ex. 13, Tobias Interrogation Transcript, at Tobias_PLA 49; Ex. 12, Tobias Interrogation Video.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | T This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 150. | In response, Tobias invoked his right to counsel. He stated, "Could I have an attorney? Because that's not me." **Ex. 13, Tobias Interrogation Transcript, at Tobias_PLA 50; Ex. 12, Tobias Interrogation Video.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | Indeed, the Detective Defendants do not object on this basis. |
| 151. | Despite Tobias' clear and unequivocal request for counsel, questioning did not cease. Instead, Pere responded, "**No, don't worry. You'll have the opportunity,**" and then Cortina immediately asked another question related to the investigation.<br><br>**Ex. 13, Tobias Interrogation Transcript, at Tobias_PLA 50; Ex. 11, Cortina Dep. at 256:24-257:16 (admitting Tobias' statement was not a question but a statement); Ex. 12, Tobias Interrogation Video.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| 152. | In response to Tobias' request for an attorney, Defendants Cortina and Pere did not even take any steps or ask any questions to clarify Tobias' request or to understand what he meant, e.g., whether he was invoking his right to counsel.<br><br>**Ex. 11, Cortina Dep. at 324:14-325:19; Ex. 12, Tobias Interrogation Video.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 153. | As the questioning continued, Plaintiff continued to deny any | Irrelevant and immaterial to Defendant Born, Cooley, and | This is not a factual dispute: None of the answering defendants dispute the |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | involvement and tried to provide the detectives with information that could be corroborated to confirm his innocence. Pere and Cortina ignored this, and instead told Tobias that he was going to be booked for murder.<br><br>**Ex. 13, Tobias Interrogation Transcript, at Tobias_PLA 53-54; Ex. 12, Tobias Interrogation Video.** | City's Motion for Summary Judgment. | factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 154. | Plaintiff again asked to speak to his mother. Cortina and Pere told him his mother was there and that he could speak to her, and | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | then they left the room.<br><br>**Ex. 13, Tobias Interrogation Transcript, at Tobias_PLA 54; Ex. 12, Tobias Interrogation Video.** | | In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 155. | The Detective Defendants lied to Tobias; they did not get his mother. Instead, Arteaga entered the room. He had clearly been watching the interrogation. Among other things, he entered | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | the room and immediately referred to Tobias' mother, telling Tobias that he had been speaking to his mother and "she's in there crying her eyes off." **Ex. 13, Tobias Interrogation Transcript, at Tobias_PLA 54 Ex. 12, Tobias Interrogation Video.** | | underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 156. | After Tobias again denied involvement and explained that the person in the video was not him, Arteaga embarked on a series of highly coercive tactics. **Ex. 13, Tobias Interrogation Transcript, at Tobias_PLA 54-** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **55; Ex. 12, Tobias Interrogation Video; *see infra* at ¶¶ 157-171.** | | addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 157. | Arteaga lied to Tobias, repeatedly telling him that his own mother had identified him in the surveillance video.  **Ex. 13, Tobias Interrogation Transcript, at Tobias_PLA 55, 57, 58, 59, 72, 77; Ex. 12, Tobias Interrogation Video.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.  In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 158. | Arteaga also lied and told him that his friends, and even his mother, had implicated him in the murder.<br><br>**Ex. 13, Tobias Interrogation Transcript, at Tobias_PLA 42-45, 47, 48, 65, 71, 73-74; Ex. 12, Tobias Interrogation Video.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
|  |  |  | Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 159. | Defendants used sensitive personal information about Tobias' family life and personal history that they had learned from his mother in an attempt to get him to confess.<br><br>**Ex. 13, Tobias Interrogation Transcript, at Tobias_PLA 56, 63, 74; Ex. 12, Tobias Interrogation Video.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | T This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant and material to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 160. | Arteaga threatened Tobias that if he continued to deny involvement, he was going to look like a "cold blooded killer," a phrase Arteaga more than 20 times during the interrogation.<br><br>**Ex. 13, Tobias Interrogation Transcript, at Tobias_PLA 55-56, 60, 62, 63, 64, 65, 68, 69-70, 74-75, 76-77, 80, 81; *id.* at 76; Ex. 19, Dr. Leo Decl. (Dr. Leo June 10 Report) at 19-24; Ex. 12, Tobias Interrogation Video.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 161. | Arteaga also threatened Tobias that him if he does not admit involvement, he would "drag [his] mom into this" and she would "have to go to court for [him] not telling the truth."<br><br>**Ex. 13, Tobias Interrogation Transcript, at Tobias_PLA 57, 58, 60, 69, 104 ("You don't want anything to happen to you or your family, right? Help us out a little bit."); Ex. 19, Dr. Leo Decl. (Dr. Leo June 10 Report) at 19-24; Ex. 12, Tobias Interrogation Video.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 162. | Arteaga also made promises: if he admitted to the crime, Arteaga promised him, he would receive lenient treatment and would get help.<br><br>**Ex. 13, Tobias Interrogation Transcript at Tobias_PLA 55-56, 58, 63, 66-67, 70, 74-76, 93; Ex. 19, Dr. Leo Decl. (Dr. Leo June 10 Report) at 19-24; Ex. 12, Tobias Interrogation Video.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | not object on this basis. |
| 163. | The coercive tactics are not limited to what was said, but also what was done. Arteaga yelled and swore; he sat right next to Tobias, sometimes inches from his face; he stood over him aggressively, and he wore his gun exposed for Tobias to see.<br><br>**Ex. 13, Tobias Interrogation Transcript, at Tobias_PLA 68-69; Ex. 19, Dr. Leo Decl. (Dr. Leo June 10 Report) at 26; Ex. 12, Tobias Interrogation Video.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 164. | Arteaga also made physical | Irrelevant and immaterial to | This is not a factual dispute: None of |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | contact with Plaintiff.<br><br>**Ex. 5, Tobias Dep. at 273; Ex. 18, Arteaga Dep. at 181:23-182:9; Ex. 12, Tobias Interrogation Video.** | Defendant Born, Cooley, and City's Motion for Summary Judgment. | the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 165. | Despite all of this, Tobias continued to deny any involvement, repeatedly and | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary | This is not a factual dispute: None of the answering defendants dispute the factual assertion. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | emphatically.<br><br>**Ex. 13, Tobias Interrogation Transcript, at Tobias_PLA 62, 67, 69, 73; Ex. 12, Tobias Interrogation Video.** | Judgment. | In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 166. | Despite the aggressive, accusatory and false questioning, Tobias asked Arteaga to allow him to speak to his mother. Tobias said, "Could I just talk to | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | my mom, please?" Arteaga lied and told him no, and that his mother had left. Plaintiff asked to speak to his mother at least three times; each time they denied him, and lied to him in response.<br><br>**Ex. 13, Tobias Interrogation Transcript, at Tobias_PLA 9, 63, 71-72; Ex. 12, Tobias Interrogation Video.** | | concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 167. | In response to Arteaga's coercive questioning and refusal to accept his repeated denials, Tobias invoked his right to remain silent several times. Each time questioning continued unabated. | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Ex. 13, Tobias Interrogation Transcript, at Tobias_PLA 69, 70; Ex. 12, Tobias Interrogation Video.** | | relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 168. | After all of the above—asking for attorney, invoking right to silence several times, asking for his mother at least three times, and denying involvement dozens of times—Tobias' will was finally overborne and he confessed to a crime he did not commit. | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Ex. 13, Tobias Interrogation Transcript, at Tobias_PLA 82-104; Ex. 12, Tobias Interrogation Video; Ex. 19, Dr. Leo Decl. (Dr. Leo June 10 Report) at 24-25, 28-30.** | | Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 169. | Tobias' confession was obviously unreliable. Adequately trained Detectives are understand that they must be extremely careful, and limited in in divulging facts of the crime to a suspect, because of the risk of false confessions. But here, during the interrogation the Detective Defendants walked through | Plaintiff's contentions that his confessional was obviously unreliable and that the officers were improperly trained are improper opinion and argument. | Plaintiff's description of the evidence is accurate, which Defendants do not dispute regarding the facts divulged to Plaintiff. With regard to the objection to the portion of the assertion regarding unreliability and improper training, the facts are supported by the citation to Dr. Leo's and Mr. Williams' |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | virtually of the facts of crime: | | report, and at the very minimum, a reasonable interpretation of the evidence that must be taken in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). |
| | a.    Castaneda homicide happens Friday night. | | |
| | b.    Shooting happened after midnight, at 12:40 am Saturday morning. | | |
| | c.    Shooting happens on 18th street. | | |
| | d.    Shooter was targeting people from 18th Street. | | Plaintiff is also not required to have an admission to support his claim— circumstantial evidence will suffice and that too must be construed in his favor. *See Coghlan v. Am. Seafoods Co. LLC.,* 413 F.3d 1090, 1095 (9th Cir. 2005) (plaintiff can defeat motion for summary judgment by pointing to either direct or circumstantial evidence); *see also, e.g., Baker v. Roman Catholic Archdiocese of San Diego*, 725 F. App'x 531, 532 (9th Cir. 2018) (reversing grant of summary |
| | e.    They show him the video of the shooting multiple times. | | |
| | f.    The street in the video is Alvarado Terrace, and is located "By Pico. By Hoover." | | |
| | g.    There was a second shooter, who was on the other side of the street. | | |
| | h.    Shots were fired into a group of people. | | |
| | i.    The crime is a murder, in | | |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | retaliation for an earlier murder.<br>j.    The victim died.<br>k.    There was a getaway car. A van drove by before the shooting.<br>l.    There were two different types of guns.<br><br>Tobias did nothing more than regurgitate these facts, or just say yes when these facts were stated as part of leading questions.<br><br>**Ex. 38,  Jenks Dep. at 45:12-18; Ex. 13, Tobias Interrogation Transcript, at Tobias_PLA 37, 38, 41-42, 45-46, 48, 49, 53, 57, 58, 65, 68, 72, 76, 78, 83, 86, 88, 90, 91, 92; Ex. 19, (Dr. Leo June 10 Report) at 27-28; Ex. 20,** | | judgment where district court "did not properly consider various pieces of circumstantial evidence in its summary judgment ruling"). |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Williams Decl. (Williams June 11 Expert Report) at 6; Ex. 18, Arteaga Dep. at 390:21-408:1, 410:4-13; Ex. 11, Cortina Dep. at 171:2-173:2.** | | |
| 170. | In fact, when Plaintiff was asked open-ended questions in which he would have to provide details of the crime himself, he could not do it.<br><br>**Ex. 13, Tobias Interrogation Transcript, at Tobias_PLA 90, 94; Ex. 45, Motto Dep. at 182:25-183:20.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 171. | Tobias' confession was false and coerced, and a result of the improper tactics above. Tobias confessed because of the threats, promises, and other tactics used to overbear his will.<br><br>**Ex. 5, Tobias Dep. at 211, 213-14, 215, 272-76, 288-90; Ex. 19, Dr. Leo Decl. (Dr. Leo June 10 Report) at 25; Ex. 19, Dr. Leo Decl. (Dr. Leo July 15 Report) at 1-5.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | not object on this basis. |
| 172. | In addition, after the interrogation was over and the Detective Defendants had obtained a false confession, they allowed Tobias to finally speak with his mother, which was secretly recorded. The first thing Tobias told his mother is that he did not do it, and that "they forced me to" confess. He also told her that he only confessed because "they were going to tell the judge that I'm a cold blooded killer and I'm going to get more time."<br><br>**Ex. 13, Tobias Interrogation Transcript, at Tobias_PLA 107-08; Ex. 19, Dr. Leo Decl. (Dr. Leo June 10 Report) at 25.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 173. | The interrogation of Tobias, | Irrelevant and immaterial to | This is not a factual dispute: None of |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | summarized above, was wholly improper. It was guilt presumptive, and created an unacceptable risk of a false confession, especially from a 13-year old.<br><br>**Ex. 19, Dr. Leo Decl. (Dr. Leo June 10 Report) at 3, 14-30; Ex. 19, Dr. Leo Decl. (Dr. Leo July 10, 2018 Report) at 1-2; Ex. 19, Dr. Leo Decl. (Dr. Leo July 15, 2018 Report) at 1-5.** | Defendant Born, Cooley, and City's Motion for Summary Judgment. | the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 174. | The interrogation was also in violation of generally accepted police practices for the conduct | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary | This is not a factual dispute: None of the answering defendants dispute the factual assertion. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | of interrogations.<br><br>**Ex. 19, Dr. Leo Decl. (Dr. Leo June 10 Report) at 3, 14, 26, 27, 29; Ex. 20, Williams Decl. (Williams June 11 Expert Report) at 5-8.** | Judgment. | In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis.. |
| 175. | The interrogation was particularly egregious given that Tobias was just 13 years old. The tactics used were inappropriate and improper on a | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | 13 year old. The Detective Defendants did not change anything about their interrogation tactics on Tobias despite Plaintiff's young age. The failure to adjust interrogation tactics based on Tobias' age violated established police practices and standards.<br><br>**Ex. 20, Williams Decl. (Williams June 11 Expert Report) at 7; Ex. 19, Dr. Leo Decl. (Dr. Leo June 10 Expert Report) at 12, 19, 26-27; Ex. 18, Arteaga Dep. at 98:1-25; Pere Dep. at 58:12-15; Ex. 11, Cortina Dep. at 165:7-166:22; Ex. 45, Motto Dep. 181:21-182:5.** | | concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 176. | Further demonstrating egregious nature of interrogation, Defendants also violated | Plaintiff's purported fact is improper opinion and argument, and not supported | Plaintiff's description of the |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | numerous LAPD policies during the course of the interrogation.<br><br>See *infra* at ¶¶ 177-79. | by evidence. | evidence in the paragraphs below is accurate and, at the very minimum, a reasonable interpretation of the evidence that must be taken in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986).<br><br>Plaintiff is also not required to have an admission to support his claim—circumstantial evidence will suffice and that too must be construed in his favor. *See Coghlan v. Am. Seafoods Co. LLC.,* 413 F.3d 1090, 1095 (9th Cir. 2005) (plaintiff can defeat motion for summary judgment by pointing to either direct or circumstantial evidence); *see also, e.g.*, *Baker v. Roman Catholic Archdiocese of San Diego*, 725 F. App'x 531, 532 (9th Cir. 2018) |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | (reversing grant of summary judgment where district court "did not properly consider various pieces of circumstantial evidence in its summary judgment ruling").. |
| 177. | Under LAPD policy, the detectives were required to take a juvenile arrestee to the watch commander first, who ensures health and safety of the arrestee, and in the case of juvenile ensures that proper *Miranda* warning given. In the case of a juvenile, the *Miranda* warnings must be given upon being taken into custody, and it must be documented that the *Miranda* warnings were given, and a waiver was obtained. Here, the Detectives did not take Tobias to the watch commander until after interrogation, because if they had | Plaintiff mischaracterizes the evidence. Plaintiff was not arrested for murder until after the confession. | Plaintiff's description of the evidence is accurate and, at the very minimum, a reasonable interpretation of the evidence that must be taken in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). Plaintiff is also not required to have an admission to support his claim— circumstantial evidence will suffice and that too must be construed in his favor. *See Coghlan v. Am. Seafoods* |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | taken him to the watch commander an express waiver would have been sought per department rules. The Detective Defendants understood these rules, and deliberately avoided following them.<br><br>**Ex. 20, Williams Decl. (Williams June 11, 2018 Expert Report) at 5, 6; Ex. 41, Detective Operations Manual, LAPD 577; Ex. 38, Jenks Dep. at 67:15-68:13; Ex. 36, Castillo Dep. at 15:5-16:5, 16:24-17:1; Ex. 18, Arteaga Dep. at 152:22-153:22, 156:4-12, 162:8-164:17, 231:25-232:22 (he and many other homicide investigators do not seek express waiver even though department policy requires it), 247:23-248:8; Ex. 79, Booking** | | *Co. LLC.,* 413 F.3d 1090, 1095 (9th Cir. 2005) (plaintiff can defeat motion for summary judgment by pointing to either direct or circumstantial evidence); *see also, e.g.,* *Baker v. Roman Catholic Archdiocese of San Diego*, 725 F. App'x 531, 532 (9th Cir. 2018) (reversing grant of summary judgment where district court "did not properly consider various pieces of circumstantial evidence in its summary judgment ruling").. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Approval Form,  LAPD 2222 ("Time of Interview by Watch Commander" is "20:18," or 8:18pm).** | | |
| 178. | Under LAPD policy for juvenile suspects, when a juvenile is taken into custody the arresting officer "shall be responsible for immediately advising the juvenile of the right to complete three telephone calls within three hours of the time of arrest." Moreover, officers "shall *ensure* that two of the telephone calls are completed within one hour of the time of arrest"—one to a parent/guardian, and one to an attorney. The Detective Defendants were trained on and aware of this requirement as well, but did not follow it in Tobias' case. | UNDISPUTED for the purposes of this motion. | |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Ex. 22, Manual of Juvenile Procedures, LAPD 672-73; Ex. 18, Arteaga Dep. at 255:5-10, 169:8-25, 242:9-13, 221:17-222:3.** | | |
| 179. | Under LAPD policy for juvenile suspects, "any time a juvenile requests the services of an attorney, questioning shall cease." In addition, "[i]f a a juvenile requests to speak with someone else, *e.g.*, parents, probation officer, teacher, minister, etc., questioning shall cease until the reason for the juvenile's request is ascertained." The Detective Defendants were trained on and aware of these requirements. Yet, despite repeated requests for his mother, the Defendant Detectives did not cease questioning Plaintiff. | UNDISPUTED for the purposes of this motion. | |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Ex. 22, Manual of Juvenile Procedure, LAPD 577-78; Ex. 38, Jenks Dep. at 34:11-35:36:2, 40:6-20; Ex. 20, Williams Decl. (Williams June 11 Expert Report) at 6; Ex. 18, Arteaga Dep. at 249:6-22, 221:17-222:3.** | | |
| 180. | Finally, the Detective Defendants' investigative conduct further reveals that even before Tobias' interrogation, they had abandoned their truth-seeking function and instead were determined to obtain a confession from, and seek charges against, Tobias.<br><br>**Ex. 20, Williams Decl. (Williams June 11, 2018 Expert Report) at 5, 8.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 181. | So, for example, detectives routinely conduct photo six-packs in homicide cases, wherein they show six photos to a witness and ask the witness if they can ID the suspect. That could have, and should have, been done here. Yet, no attempt was made to conduct a photo identification procedure with the two non-fatally injured victims or the three eyewitnesses that observed the crime and provided physical descriptions.<br><br>**Ex. 20, Williams Decl. (Williams June 11, 2018** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Expert Report) at 5, 8; Ex. 18, Arteaga Dep. at 339:2-23, 341:14-342:23, 380:12-22; Ex. 45, Motto Dep. at 95:24-97:18.** | | evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 182. | Likewise, when Plaintiff's mother asked to see the video in which they claim Tobias could be seen committing the crime, Detective Arteaga refused to show it to her. The physical features of the person in the video deviated substantially from Tobias, and so she would be able to tell it was not her son. So instead, he showed her a freeze-frame from the video and tried to get her to say the image depicted was her son. Despite repeatedly asserting that the image did not depict her son, Defendants falsely asserted that she identified her son in the video. | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Ex. 16, Transcript of Contreras Interview, at p14 (immediate response to being shown freeze frame is "It's not him"), 15 (her response to "Is that your son?" is "Hell, no"), 18, 19; Ex. 18, Arteaga Dep. at 375:13-376:18.** | | Indeed, the Detective Defendants do not object on this basis. |
| 183. | So intent were the Detective Defendants on charging Tobias, they deliberately ignored evidence pointing to an obvious alternate suspect (see below). Upon receiving information about Eric Martinez on August 21 (the day after Tobias' false confession), he should have been interviewed, among other things. There is no evidence in the murderbook of any attempt to interview Martinez regarding the Castaneda homicide. | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Ex. 20, Williams Decl. (Williams June 11 Expert Report) at 8; Ex. 64 (LAPD Murder Book) (not contained therein); Ex. 45, Motto Dep. at 57:15-58:1, 242:5-243-13, 247:6-19, 259:2-25; *see* ¶¶ 190-95, *infra*.** | | in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 184. | Having secured Plaintiff's false confession, on the night of August 20, 2012, Defendant Cortina filled out a Probable Cause Determination form, which was reviewed and approved by Defendant Motto. The information on the form was for the purpose of getting charges approved against Tobias. On the form, in support of probable cause Cortina wrote that the "facts establishing elements of offense" were the identifications of Tobias by | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion.<br><br>In addition, Plaintiff's *Monell* claim concerns the interrogation; plaintiff's underlying interrogation is plainly relevant and material to that claim. In addition, as it concerns Born and Cooley, the factual assertion is relevant to Plaintiff's claims of fabrication and conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | Cooley, Born and East, as well as his confession.<br><br>**Ex. 54, Probable Cause Determination, LAPD 2221; Ex. 11, Cortina Dep. at 215:2-216:14, 217:9-218:21, 219:12-18, 220:13-15.** | | in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. Indeed, the Detective Defendants do not object on this basis. |
| 185. | Defendants Cortina and Pere met with the Deputy District Attorney Malene, on August 22, 2012 to present the case for charges. The Detective Defendants relied on the fabricated identifications of East, Born, and Cooley as well as the fabricated and coerced confession in seeking to establish probable cause for Tobias' arrest and prosecution.<br><br>Ex. 56, Chronological Record, LAPD 2160, 2262-2264; Ex. 11, | Plaintiff's purported fact that Born and Cooley's identifications were fabricated is improper opinion and argument, and not supported by evidence. | To be sure, the parties dispute whether the Born and Cooley identifications were fabricated, as discussed above, a fact that must be resolved in Plaintiff's favor at this stage.<br><br>In turn, those two identifications formed part of the probable cause for Tobias' arrest and prosecution, an assertion supported by the cited evidence and undisputed by Defendants in their objection. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | Cortina Dep. at 220:25-221:10. | | |
| **_BRADY_ SUPPRESSION OF EVIDENCE** | | | |
| 186. | In Homicide Cases, LAPD maintains documentation concerning discovery and the ongoing investigation in the "murder book," which is discoverable for court.  The murder book is preserved in a three-ring binder, with proscribed tabs and responsibility for producing its contents rest with the detective investigating the case, not a subpoena unit or some other entity within the LAPD.<br><br>**Ex. 40, Homicide Manual, Chapter V (LAPD 372).** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. Plaintiff has abandoned his _Monell_ claim based on _Brady_, as Plaintiff does not respond to the City's argument that it has policies, practices, customs, and training with respect to _Brady_ discovery obligations. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. |
| 187. | The Murder Book must have a "chronological Record ("Chrono"), which "is used to document, in depth, the | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. Plaintiff has | This is not a factual dispute: None of the answering defendants dispute the factual assertion. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | chronological record of the investigation, reporting the dates and times of initial notification and any significant investigative contacts and processes.<br><br>**Ex. 40, Homicide Manual, Chapter V at LAPD 372.** | abandoned his *Monell* claim based on *Brady*, as Plaintiff does not respond to the City's argument that it has policies, practices, customs, and training with respect to *Brady* discovery obligations. | |
| 188. | As a matter of policy and practice, the murder book is kept at the Detective division, is maintained by the investigating detectives, and contains all of the information related to a homicide investigation (with the exception of confidential informants and financial information).<br><br>**Ex. 40, Homicide Manual, Investigative Conference at LAPD 376; Ex. 38, Jenks Dep. at 16:10-24, 18:22-19:23.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. Plaintiff has abandoned his *Monell* claim based on *Brady*, as Plaintiff does not respond to the City's argument that it has policies, practices, customs, and training with respect to *Brady* discovery obligations. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| 189. | The murder book is supposed to be produced in its entirety to prosecutors, i.e., the entire murder book is supposed to be copied by the investigating officers and produced to the prosecutors. In a homicide case, this is the responsibility of the investigating homicide detectives.<br><br>**Ex. 38, Jenks Dep. at 21:2-21, 27:2-28:7; Ex. 40, Homicide Manual, Section 6.3 at LAPD 376; Ex. 45, Motto Dep at 197:3-11.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. Plaintiff has abandoned his *Monell* claim based on *Brady*, as Plaintiff does not respond to the City's argument that it has policies, practices, customs, and training with respect to *Brady* discovery obligations. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. |
| 190. | On August 21, 2012, the day after securing Plaintiff's arrest, different LAPD officers arrested a man named Eric Omar Martinez.<br><br>**Ex. 59, Final Report re: Eric** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Martinez Arrest, LAPD 2430-32.** | | |
| 191. | Officers in the neighboring Olympic division were monitoring a call about a "heavyset male Hispanic armed with a handgun, comments also indicated the driver was claiming "MS." The Olympic officers ran a check on the license plate of the vehicle and learned that it was registered to an address that was a known MS13 hangout. The Olympic officers then drove in search of the vehicle, spotted it, and conducted an arrest.<br><br>**Ex. 59, Final Report re: Eric Martinez Arrest, LAPD 2431.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. |
| 192. | The driver of the vehicle was Eric Omar Martinez. He was 20 years old, 5'11, 260 pounds, and wearing a white shirt, matching | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|-----|---------------------------------------------|------------------------|-------------------|
|  | the description the witnesses provided as well as the surveillance video depicting a larger and older shooter. Martinez was driving a burgundy Nissan Altima, fitting the vehicle description of a possible red Hyundai the witnesses provided. Martinez resided at a known MS hangout, and was arrested after callers complained of individuals brandishing a gun and yelling "MS," matching the perpetrators' gang affiliation. Finally, he was caught with a .40 caliber Smith & Wesson, consistent with the casings left at the scene of the Castaneda murder.<br><br>**Ex. 58, Arrest Report for Eric Martinez, LAPD 2429 (Arrest Report for Eric Martinez** |  |  |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **containing physical description); Ex. 59, Final Report re: Eric Martinez Arrest, LAPD 2430-32;** *Id.* **at LAPD 2436 (firearms report re Martinez gun); Ex. 60, .40 caliber casings at scene of Castaneda murder, LAPD 2180-82.** | | |
| 193. | The LAPD's firearms unit subsequently performed forensic testing that established that Martinez's gun was the actual gun used in the Castaneda shooting.<br><br>**Ex. 61, Firearms lab report, at LAPD 2193-95 (concluding, "Microscopic comparison of items 1 thru 8 (discharged cartridge cases) of [Castaneda shooting] revealed they were fired in/from item 2 (pistol) of** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | [Eric Martinez]"). | | |
| 194. | As set forth below, the information above was withheld from Plaintiff.<br><br>**See ¶¶ 197-200, *infra*.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. |
| 195. | Notably, Eric Martinez was a suspect in the Castaneda homicide at the time of his arrest on August 21, 2012 and there should have been entries in the chrono that referenced Martinez. But the Detective Defendants omitted any reference to Eric Martinez in the chrono during that time period. The first reference to Eric Martinez came in 2015, after Plaintiff's conviction was overturned.<br><br>**Ex. 56, Chronological Report, at LAPD 2159-64; Ex. 11, Cortina Dep. at 127:24-128:16,** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **203:19-204:1; Ex. 18, Arteaga Dep. at 11:18-23, Ex. 45, Motto Dep. at 247:6-19, 259:2-25.** | | |
| 196. | Plaintiff's criminal trial began on May 7, 2013, continued on May 9, 2013, and concluded with a sustained petition (a guilty verdict) on May 10, 2013.<br><br>**Ex. 14, Trial Transcript at Tobias_PLA 457, 459-460, 676-77, 699-701.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. |
| 197. | A copy of the entire Castaneda murder book in the possession of Plaintiff's criminal defense attorneys at the time of Plaintiff's May 2013 trial was produced in this case; that file was 297 pages.<br><br>**Ex. 62, Defense Attorney Murder Book, at PLA 159-455; Ex. 70, Atty Albin Declaration,** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **at ¶ 2; Ex. 70, Atty Soung Declaration, at ¶¶ 5-7; Ex. 9, Contreras Dep.  at 186:1-25; Ex. 63, Subpoena Responses of Trial Attorneys.** | | |
| 198. | In discovery in this case, a new copy of the Castaneda murder book was produced. That version was 659 pages.<br><br>**Ex. 64, LAPD Murder Book.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. |
| 199. | Plaintiff's criminal defense attorneys did not receive the full 600-page Castaneda murder book.<br><br>**Ex.70, Atty Albin Declaration, at ¶ 3; Ex.65, Atty Soung Declaration, at ¶ 9; Ex. 63, Subpoena Responses of Trial Attorneys.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. |
| 200. | **60.**   The following pages in the full LAPD 600-page | Irrelevant and immaterial to Defendant Born, Cooley, and | This is not a factual dispute: None of the answering defendants dispute the |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|-----|---------------------------------------------|------------------------|-------------------|
|     | murder book were not produced to Plaintiff: LAPD 2158, 2159-2164, 2193-2196, 2206, 2207, 2210, 2212, 2231, 2234, 2241, 2242-49, 2250, 2251, 2252, 2253-2257, 2258-2259, 2260-2273, 2275-2280, 2281, 2282, 2294, 2295, 2297-2298, 2302, 2303, 2304, 2305-2306, 2310, 2311-2314, 2315, 2318, 2324, 2365-2366, 2367, 2368, 2369-70, 2371-2372, 2373-2374, 2375, 2376-2382, 2383-2388, 2389-2396, 2398, 2399-2402, 2403-2422, 2423, 2425-2428, 2429-2441, 2442, 2443, 2445, 2446, 2447-2458, 2459, 2460-2461, 2462, 2463, 2465, 2466-2468, 2469, 2470, 2471-2472, 2473, 2474, 2475, 2476-2479, 2480, 2481, 2482-2489, 2490-2492, 2493, 2494, 2495-2496, 2497-2506, | City's Motion for Summary Judgment. | factual assertion. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | 2507-2509, 2510-2515, 2516-2518, 2519-2520, 2521, 2522, 2523, 2524, 2525-2526, 2527, 2529, 2540-2552, 2553-2555, 2556-2568, 2569-2578, 2579-2581, 2582-2585, 2587-2588, 2586, 2591-2609, 2620, 2627-2628, 2629, 2639-2640, 2641-2643, 2645, 2647, 2648-49, 2650-51, 2655, 2656-2657, 2658-2688, 2748-2758, 2759, 2760-2761, 2762-2770, 2771-2781, 2799, 2810-2813, and 2814-2820.<br><br>**_Compare_ Ex. 62, Defense Attorney Murder Book, _with_ Ex. 64, LAPD Murder Book.** | | |
| 201. | Ironically, among the portions of the murder book not in the possession of the criminal defense attorneys is correspondence that confirms | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | that Plaintiff's defense counsel requested the entire murder book, and the chrono specifically.<br><br>**Ex. 64, LAPD Murder Book, at LAPD 2646-47.** | | |
| 202. | Among the pages not produced to Plaintiff were LAPD 2159-64, the chrono of the investigation, which Plaintiff's criminal defense attorneys specifically requested.<br><br>***Compare* Ex. 62, Defense Attorney Murder Book, *with* Ex. 64, LAPD Murder Book; Ex. 80, Correspondence re: Outstanding Discovery LAPD 2646-47; Ex. 20, Williams Decl. (Williams June 24 Supp. Expert Report) at 1.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. |
| 203. | Additional withheld, material | Irrelevant and immaterial to | This is not a factual dispute: None of |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | documents include the handwritten notes of Detective Cortina regarding his interviews with key eyewitnesses, including but not limited to Saul Barragan and Leonardo Villanueva. Detective Cortina's contemporaneous notes, the very fact of these interviews, and the particular dates and times of these interviews, were all potentially important information to Plaintiff's attorneys in formulating their defense and cross-examining and impeaching trial witnesses.<br><br>**See Ex. 64, LAPD Murder Book, at LAPD 2627-2628, 2639-2640;** *Compare* **Ex. 62, Defense Attorney Murder Book** *with* **Ex. 64, LAPD Murder Book.** | Defendant Born, Cooley, and City's Motion for Summary Judgment. | the answering defendants dispute the factual assertion. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| 204. | Martinez was prosecuted for being in possession of the firearm used in the Castaneda homicide. Reports from this include Martinez's own statement about the arrest, follow-up investigation reports, documents showing the background of those in the car with Martinez, a fax from Defendant Pere to Officer Jackman of Olympic division concerning the Castaneda homicide on August 27, 2012, and even a search warrant affidavit by the officer responsible for investigating Martinez, Officer Jackman. That search warrant includes Jackman's sworn statement that she believes Eric Martinez was involved in the Castaneda homicide, which is part of the | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
|  | reason she sought his phone records. None of these documents was turned over to Plaintiff's defense counsel.<br><br>**Ex. 81, follow up and charging reports concerning Martinez, including his statement, LAPD 2439-2475; Ex. 82, Fax from Pere to Jackman, LAPD 2476-2479; Ex. 83, Jackman Search Warrant, LAPD 2482-89.** |  |  |
| 205. | Among the documents not produced to Plaintiff's defense counsel were those generated during Plaintiff's criminal trial. The detectives were aware of Plaintiff's criminal trial. Cortina attended each day, including closing arguments on May 10, 2013, taking notes. Detectives Arteaga, Cortina, and Pere also testified during the proceedings. | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|-----|---------------------------------------------|------------------------|-------------------|
| | **Ex. 14, Trial Tr. at PLA 459; LAPD 2639-42 (Cortina Trial Notes); Ex.70, Atty Albin Declaration, at ¶¶ 3, 5; Ex.65, Atty Soung Declaration, at ¶ 10.** | | |
| 206. | LAPD 2193-95, is a May 7, 2013 LAPD Firearms Unit Lab Report that definitively established that the weapon used in the Castaneda homicide was the weapon found in the possession of Eric Martinez a few days after the crime, powerful exculpatory evidence in Plaintiff's favor.<br><br>**Ex. 61, Firearms Lab Report at LAPD 2193-95; Ex. 20, Williams Decl. (Williams June 24 Supp. Expert Report) at 1.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. |
| 207. | The Detective Defendants were | Irrelevant and immaterial to | This is not a factual dispute: None of |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | aware of the existence of this report, that it was evidence of Eric Martinez's guilt, and that it could have been important evidence at trial as it unfolded.<br><br>**Ex. 66, Martinez Photo Lineup and Criminal History at LAPD 2250-57; Ex. 45, Motto Dep. at 261:10-263:2.** | Defendant Born, Cooley, and City's Motion for Summary Judgment. | the answering defendants dispute the factual assertion. |
| 208. | On May 8, 2018, Detective Cortina treated Martinez as an alternative suspect, ran a criminal history report and created six-pack photo arrays to conduct identifications with Martinez as the suspect.<br><br>**Ex. 66, Martinez Photo Lineup and Criminal History at LAPD 2250-57.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. |
| 209. | Plaintiff was not adjudicated guilty until May 10, 2013. | Irrelevant and immaterial to Defendant Born, Cooley, and | This is not a factual dispute: None of the answering defendants dispute the |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | Despite the actions on May 8, 2013 to investigate a possible alternate suspect, neither the lab report or criminal history or six-packs were disclosed to Plaintiff and his criminal defense attorneys.<br><br>**Ex. 14, Trial Transcript, at Tobias_PLA 676, 699; Ex. 56, Chronological Record at LAPD 2164; Ex.70, Atty Albin Declaration at ¶ 3, 5, Ex.65, Atty Soung Declaration, at ¶ 10.** | City's Motion for Summary Judgment. | factual assertion. |
| 210. | Had these reports been disclosed, they could have been powerful evidence that would have assisted Plaintiff's criminal defense, particularly in light of the fact that the trial court expressed hesitation about the weakness of the evidence in | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | convicting Plaintiff, noting that the video would not have been sufficient for the court to sustain a petition." **Ex.70, Atty Albin Declaration, at ¶ 4, Ex.65, Atty Soung Declaration, at ¶ 11-12; Trial Transcript at Tobias PLA 699.** | | |
| 211. | Based on bench notes prepared by firearms unit analysts, the LAPD firearms unit had actually completed its testing and determined by December 18, 2012—5 months before the final lab report was issued—that the Eric Martinez gun definitively matched the casings at the scene of the Castaneda murder. **Ex. 68, Lab Bench Notes at LAPD 9485, 9488, 9493, 9532, 9539; Ex. 37, Acosta Dep. at** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | 29:17-30:19, 11:19-12:2, 16:2-20. | | |
| 212. | The firearms unit bench notes also were not disclosed to Plaintiff at the time of his criminal trial.<br><br>**Ex. 62, Defense Attorney Murder Book, (not contained therein); Ex.70, Atty Albin Declaration, at ¶ 4, Ex.65, Atty Soung Declaration, at ¶ 11-12.** | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | This is not a factual dispute: None of the answering defendants dispute the factual assertion. |
| **PROCEEDINGS** | | | |
| 213. | At trial, no evidence of an alternative suspect was presented. Nor did any of the eyewitnesses identify Plaintiff as the perpetrator. The State's case against Tobias was weak, and the trial judge, commented that the video of the shooting was insufficient, on its own, to support a sustained petition (a | Plaintiff's purported fact that the state's case was weak is improper opinion and argument unsupported by any admissible evidence. Moreover, whether Plaintiff's criminal defense attorney chose to present an alternative suspect is irrelevant to liability. | Plaintiff's description of the evidence is accurate and, at the very minimum, a reasonable interpretation of the evidence that must be taken in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). That the |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | guilty verdict).<br><br>**Ex. 14, Trial Transcript, at Tobias_PLA 699, 694.** | | "State's case was weak" is a reasonable inference based on the facts asserted and cited evidence.<br><br>In addition, circumstantial evidence will suffice and that too must be construed in his favor. *See Coghlan v. Am. Seafoods Co. LLC.,* 413 F.3d 1090, 1095 (9th Cir. 2005) (plaintiff can defeat motion for summary judgment by pointing to either direct or circumstantial evidence); *see also, e.g.*, *Baker v. Roman Catholic Archdiocese of San Diego*, 725 F. App'x 531, 532 (9th Cir. 2018) (reversing grant of summary judgment where district court "did not properly consider various pieces of circumstantial evidence in its summary judgment ruling").<br><br>Whether Plaintiff's criminal defense lawyer presented an alternative |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | suspect at trial is directly relevant to Plaintiff's *Brady* claim, including the materiality of the suppressed evidence. |
| 214. | On February 11, 2015, the California Court of Appeal, Second Appellate District, overturned Plaintiff's conviction and ordered a new trial. The State did not re-try Tobias.<br><br>**Ex. 43, Art T. Decision.** | Incomplete statement of the evidence. The state did not re-try Plaintiff as he confessed to his involvement in another murder. (Pl.'s Exh. 4, Proffer.) | Defendants do not dispute that Plaintiff was not retried for the Castaneda homicide. Their objection is an irrelevant *non-sequitur*. |
| 215. | The Detectives had an incentive not to disclose evidence about Eric Martinez, because doing so would have been inconsistent with their prosecution and conviction of Plaintiff. Martinez matched the description of the person in the light shirt captured on video, but the Detectives had succeeded in getting Plaintiff to falsely confess to being that | Irrelevant and immaterial to Defendant Born, Cooley, and City's Motion for Summary Judgment. | None of the answering defendants dispute the factual assertion.<br><br>The Detective Defendants do not object on the basis of relevance. As it concerns Born and Cooley, the factual assertion is relevant to demonstrating Defendants' knowledge of Plaintiff's innocence, which is relevant to Plaintiff's claims of coercion, fabrication and |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | person. Accordingly, even after learning Martinez's gun was the one involved in the Castaneda homicide (and despite the other overwhelming link between Martinez and the person in the video), the detectives did not investigate Martinez after Plaintiff was convicted; nor did they disclose the lab reports, six-packs or other information (e.g., the Jackman affidavit) even after Plaintiff was convicted. Defendants only began seriously investigating the case, with Eric Martinez as the prime suspect, in 2015 *after* Plaintiff had been cleared of the murder.<br><br>**Ex. 56, Chronological Record, at LAPD 2164, Ex. 84, Eric Martinez Search Warrant at LAPD 2756; Ex. 65, Soung** | | conspiracy (Born and Cooley can be liable for the interrogation claims even if they did not partake in the interrogation), and in demonstrating that probable cause was based entirely on fabricated evidence as part of Plaintiff's Fourth Amendment illegal detention claim. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | Declaration, at ¶ 4. | | |
| **FACTS RELATED TO THE CITY'S *MONELL* LIABILITY** | | | |
| 216. | The Supreme Court has long mandated that juveniles be treated differently than adults when it comes to their treatment in interrogations. In 1948, the Supreme court found that a juvenile confession could not be squared with the constitution and held that special care must be taken when interrogating juveniles. In so doing, the Court explained: "Age 15 is a tender and difficult age," and that a child "cannot be judge by the more exacting standards of maturity" that applies to adults because what "would leave a man cold and unimpressed can overawe and overwhelm a lad in his early teens." *Haley v. Ohio*, 332 U.S. 596, 599 (1948). | Plaintiff's purported fact is improper legal argument rather than a material fact supported by evidence. | None of the answering defendants dispute the factual assertion.<br><br>Defendants only object that this is improper legal argument, but that is wrong. They are refusing to take inferences in Plaintiff's favor, as they must. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). Plaintiff's version of events must be assumed, *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) ("If, as to any given material fact, evidence produced by the moving party . . . conflicts with evidence produced by the nonmoving party . . . we must assume the truth of the evidence set forth by the nonmoving party with |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | ***Haley v. Ohio***, 332 U.S. 596 (1948) | | respect to that material fact.").; *Chaney v. Wadsworth*, 700 F. App'x 592, 592 (9th Cir. 2017) (quoting *Tolan*, 134 S. Ct. at 1863) ("[T]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."). In addition, the fact is not conclusory or speculative merely because the defendants have refused to admit their conduct, where as here there is circumstantial evidence that supports this fact. *See Coghlan v. Am. Seafoods Co. LLC.,* 413 F.3d 1090, 1095 (9th Cir. 2005) (plaintiff can defeat motion for summary judgment by pointing to either direct or circumstantial evidence); *see also, e.g.*, *Baker v. Roman Catholic Archdiocese of San Diego*, 725 F. App'x 531, 532 (9th Cir. 2018) |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | (reversing grant of summary judgment where district court "did not properly consider various pieces of circumstantial evidence in its summary judgment ruling"). |
| 217. | In 1962, the Supreme Court tossed a confession on the basis that a "14-year-old boy, no matter how sophisticated, is unlikely to have any conception of what will confront him when he is made accessible only to the police." *Gallegos v. Colorado*, 370 U.S. 49, 54 (1962). In reaching this conclusion, the Court rejected the proposition that "the youth and immaturity of the petitioner . . . are irrelevant," as accepting such a notion would be "in callous disregard of this boy's constitutional rights. He cannot be compared with an adult in full | Plaintiff's purported fact is improper legal argument rather than a material fact supported by evidence. | None of the answering defendants dispute the factual assertion. Defendants only object that this is improper legal argument, but that is wrong. They are refusing to take inferences in Plaintiff's favor, as they must. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). Plaintiff's version of events must be assumed, *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) ("If, as to any given material fact, evidence produced by the moving party . . . conflicts with evidence produced by the |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | possession of his senses and knowledgeable of the consequences of his admissions." *Id.* at 54.<br><br>***Gallegos v. Colorado*, 370 U.S. 49 (1962)** | | nonmoving party . . . we must assume the truth of the evidence set forth by the nonmoving party with respect to that material fact.").; *Chaney v. Wadsworth*, 700 F. App'x 592, 592 (9th Cir. 2017) (quoting *Tolan*, 134 S. Ct. at 1863) ("[T]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.").<br><br>In addition, the fact is not conclusory or speculative merely because the defendants have refused to admit their conduct, where as here there is circumstantial evidence that supports this fact. *See Coghlan v. Am. Seafoods Co. LLC.,* 413 F.3d 1090, 1095 (9th Cir. 2005) (plaintiff can defeat motion for summary judgment by pointing to either direct or circumstantial evidence); *see also,* |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | *e.g., Baker v. Roman Catholic Archdiocese of San Diego*, 725 F. App'x 531, 532 (9th Cir. 2018) (reversing grant of summary judgment where district court "did not properly consider various pieces of circumstantial evidence in its summary judgment ruling"). |
| 218. | In 1967, the Supreme Court emphasized that, for juveniles, "the greatest care must be taken to assure that [any] admission was voluntary, in the sense not only that it was not coerced or suggested, but also that it was not the product of ignorance of rights or of adolescent fantasy, fright or despair." *In re Gault*, 387 U.S. 1, 56 (1967). The Supreme Court again emphasized "that admissions and confessions of juveniles require special | Plaintiff's purported fact is improper legal argument rather than a material fact supported by evidence. | None of the answering defendants dispute the factual assertion.<br><br>Defendants only object that this is improper legal argument, but that is wrong. They are refusing to take inferences in Plaintiff's favor, as they must. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). Plaintiff's version of events must be assumed, *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) ("If, as to any given |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|-----|---------------------------------------------|------------------------|-------------------|
|     | caution." *In re Gault*, 387 U.S. 1, 45 (1967).<br><br>***In re Gault*, 387 U.S. 1 (1967)** |  | material fact, evidence produced by the moving party . . . conflicts with evidence produced by the nonmoving party . . . we must assume the truth of the evidence set forth by the nonmoving party with respect to that material fact.")·; *Chaney v. Wadsworth*, 700 F. App'x 592, 592 (9th Cir. 2017) (quoting *Tolan*, 134 S. Ct. at 1863) ("[T]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.").<br><br>In addition, the fact is not conclusory or speculative merely because the defendants have refused to admit their conduct, where as here there is circumstantial evidence that supports this fact. *See Coghlan v. Am. Seafoods Co. LLC.,* 413 F.3d 1090, 1095 (9th Cir. 2005) (plaintiff can |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
|  |  |  | defeat motion for summary judgment by pointing to either direct or circumstantial evidence); *see also, e.g.*, *Baker v. Roman Catholic Archdiocese of San Diego*, 725 F. App'x 531, 532 (9th Cir. 2018) (reversing grant of summary judgment where district court "did not properly consider various pieces of circumstantial evidence in its summary judgment ruling"). |
| 219. | In 2011, the year before the interrogation here, the Supreme Court emphasized that even for an adult the "physical and psychological isolation of custodial interrogation can 'undermine the individual's will to resist and ... compel him to speak where he would not otherwise do so freely.'" *J.D.B. v. North Carolina*, 564 U.S. 261, 269 (2011) (quoting *Miranda v.* | Plaintiff's purported fact is improper legal argument rather than a material fact supported by evidence. | None of the answering defendants dispute the factual assertion.<br><br>Defendants only object that this is improper legal argument, but that is wrong. They are refusing to take inferences in Plaintiff's favor, as they must. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). Plaintiff's version of events |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | *Arizona*, 384 U.S. 436, 467 (1966)). The Court affirmed that "the pressure of custodial interrogation is so immense that it 'can induce a frighteningly high percentage of people to confess to crimes they never committed.'" *Id.* (quoting *Corley v. United States*, 556 U.S. 303, 321 (2009) (citing *Drizin & Leo, The Problem of False Confessions in the Post–DNA World*, 82 N.C. L. REV. 891, 906-907 (2004)). The risk of obtaining a false confession "is all the more troubling" and "all the more acute" "when the subject of custodial interrogation is a juvenile." *Id.* <br><br> ***J.D.B. v. North Carolina***, 564 U.S. 261 (2011); ***Miranda v. Arizona***, 384 U.S. 436 (1966); | | must be assumed, *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) ("If, as to any given material fact, evidence produced by the moving party . . . conflicts with evidence produced by the nonmoving party . . . we must assume the truth of the evidence set forth by the nonmoving party with respect to that material fact.").; *Chaney v. Wadsworth*, 700 F. App'x 592, 592 (9th Cir. 2017) (quoting *Tolan*, 134 S. Ct. at 1863) ("[T]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."). <br><br> In addition, the fact is not conclusory or speculative merely because the defendants have refused to admit their conduct, where as here there is circumstantial evidence that supports |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | *Corley v. United States*, 556 U.S. 303 (2009); Ex. 77, *Drizin & Leo, The Problem of False Confessions in the Post–DNA World*, 82 N.C. L. REV. 891 (2004). | | this fact. *See Coghlan v. Am. Seafoods Co. LLC.,* 413 F.3d 1090, 1095 (9th Cir. 2005) (plaintiff can defeat motion for summary judgment by pointing to either direct or circumstantial evidence); *see also, e.g., Baker v. Roman Catholic Archdiocese of San Diego*, 725 F. App'x 531, 532 (9th Cir. 2018) (reversing grant of summary judgment where district court "did not properly consider various pieces of circumstantial evidence in its summary judgment ruling"). |
| 220. | In sum, a wealth of Supreme Court authorities established before 2012 that "children cannot be viewed simply as miniature adults." *Id.* at 274.<br><br>*J.D.B. v. North Carolina*, 564 U.S. 261 (2011) | Plaintiff's purported fact is improper legal argument rather than a material fact supported by evidence. | None of the answering defendants dispute the factual assertion.<br><br>Defendants only object that this is improper legal argument, but that is wrong. They are refusing to take inferences in Plaintiff's favor, as they must. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|-----|---------------------------------------------|------------------------|-------------------|
|     |                                             |                        | 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). Plaintiff's version of events must be assumed, *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) ("If, as to any given material fact, evidence produced by the moving party . . . conflicts with evidence produced by the nonmoving party . . . we must assume the truth of the evidence set forth by the nonmoving party with respect to that material fact.").; *Chaney v. Wadsworth*, 700 F. App'x 592, 592 (9th Cir. 2017) (quoting *Tolan*, 134 S. Ct. at 1863) ("[T]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."). In addition, the fact is not conclusory or speculative merely because the |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | defendants have refused to admit their conduct, where as here there is circumstantial evidence that supports this fact. *See Coghlan v. Am. Seafoods Co. LLC.,* 413 F.3d 1090, 1095 (9th Cir. 2005) (plaintiff can defeat motion for summary judgment by pointing to either direct or circumstantial evidence); *see also, e.g., Baker v. Roman Catholic Archdiocese of San Diego*, 725 F. App'x 531, 532 (9th Cir. 2018) (reversing grant of summary judgment where district court "did not properly consider various pieces of circumstantial evidence in its summary judgment ruling"). |
| **LAPD'S DEFICIENT POLICIES** | | | |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| 221. | The Los Angeles Police Department has three operative manuals that *could* pertain to juvenile interrogations—the Department's detective Manual, the Homicide Manual, and the Juvenile Manual.<br><br>**Ex. 69, City Response to Plaintiff's Request for Production, Nos. 33, 35.** | UNDISPUTED for the purposes of this motion. | |
| 222. | The Detective Manual confirms that LAPD detectives are expected to use the "Confrontation Technique" when conducting an interrogation. That technique relies upon an interrogator "establish psychological domination" over the person being interrogated. The Confrontation Technique is "guilt-presumptive, | Unsupported by admissible evidence and irrelevant to liability. Plaintiff does not have any evidence that the purported confrontation technique was the policy of the LAPD at the time, or that it was found to be unconstitutional. Plaintiff did not ask the City's person most knowledgeable about the purported confrontation | The assertion is well supported by the record evidence, which includes the LAPD manual applicable at the time of Plaintiff's interrogation and the expert report of Dr. Leo. At the very minimum, the assertion is a reasonable interpretation of the evidence that must be taken in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | psychologically manipulative, and confession driven." The technique operates on the principle of "You did it. We know you did it. We have overwhelming evidence to prove you did it. But the reason makes a difference. So why don't you tell me about it." Under this technique, once psychological domination is established, interrogators are supposed to "make a confrontation statement," challenging the suspect with evidence. Doing so "assures the suspect that there is no doubt in [the interrogator's] mind that there is guilt" and "will tend to shake [a suspect's] composure."<br><br>**Ex. 41, Detective Operations Manual II.400.42 at LAPD** | technique. Dr. Leo's report is improper expert report based on speculation. Irrelevant. Fed. R. Evid. 402, 403. Lack of foundation/speculation. Fed. R. Evid. 602. Unreliable expert opinion. Fed. R. Evid. 702. *See Daubert v. Merrell Dow Pharms.*, Inc. 43 F.3d 1311, 1315, 1321 n. 17 (9th Cir. 1995). | U.S. 242, 248 (1986).<br><br>Plaintiff is also not required to have an admission to support his claim—circumstantial evidence will suffice and that too must be construed in his favor. *See Coghlan v. Am. Seafoods Co. LLC.*, 413 F.3d 1090, 1095 (9th Cir. 2005) (plaintiff can defeat motion for summary judgment by pointing to either direct or circumstantial evidence); *see also, e.g.*, *Baker v. Roman Catholic Archdiocese of San Diego*, 725 F. App'x 531, 532 (9th Cir. 2018) (reversing grant of summary judgment where district court "did not properly consider various pieces of circumstantial evidence in its summary judgment ruling"). |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **153; Ex. 19, Declaration of Dr. Leo (Exhibit 4, July 10, 2018 Report) at 2; Ex. 19, Declaration of Dr. Leo, (Exhibit 5, *Los Angeles Police Department*, "The Confrontation Interrogation Technique,") at 1, Tobias_LEO_000054.** | | |
| 223. | The Homicide Manual includes one chapter on Interrogation and Interview Techniques. The chapter includes sections on "types of suspects," "preparation," "the interrogator." The "type of suspects" section identifies categories that "illustrate some of the types of homicide suspects with whom an interrogator may come in contact," and provides "suggested techniques" for each category. Nothing in the "type of | Misleading and mischaracterization of evidence. Plaintiff omits reference to the Juvenile Manual, it is undisputed has policies regarding juvenile interrogations. | The objection is an irrelevant non-sequitur. The assertion in this Paragraph is about what is in the Homicide Manual. What is or is not in the Juvenile Manual does not create a dispute regarding the contents of the Homicide Manual. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | suspects" categories includes any mention of juvenile suspects, "suggested techniques" for how to interrogate juvenile suspects, or informs detectives to take special care or anything of the sort when interrogating a juvenile.<br><br>**Ex. 40, Homicide Manual at LAPD 407-410.** | | |
| 224. | The Manual of Juvenile Procedures is a 284 page manual. Of that lengthy manual, only a few pages even remotely address issues related to an interrogation. Specifically, part of Chapter 7, "Juvenile Arrests," requires concerns the (1) admonition of *Miranda* rights, (2) requests for an attorney, and (3) guidance on providing the *Gladys R.* assessment to | Misleading and mischaracterization of evidence. Plaintiff omits reference to *Gladys R.* policies in the training manual, as well as special orders reminding officers regarding juveniles. (*See e.g.* Defendants' Exh. M, Special Order 14.) | The objection is an irrelevant non-sequitur. The assertion in this Paragraph is about what is in the Juvenile Manual. What is or is not in other documents does not create a dispute regarding the contents of the Juvenile Manual. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | arrestees under 13 years of age. The only other possible reference to "interrogation" issues comes in Chapter 27, "Juvenile Court Case Law" under the heading "Miranda Warnings/Request For Attorney Cases. Nothing in the Manual of Juvenile Procedures, including its discussion of *Gault*, provides any substantive policies, procedures, or practices for how interrogations of juveniles are to be conducted aside from *Miranda* and requests for attorneys.<br><br>**Ex. 22, Manual of Juvenile Procedures, LAPD 576-590, 768.** | | |
| 225. | LAPD has no written policies, manuals, or documents that include any differentiation | Misleading and mischaracterization of evidence. Plaintiff omits | The exhibit Defendants cite in their objection does not discuss the susceptibility of juveniles or present |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | between juveniles and adult or the fact that juveniles are especially susceptible to having their will being overborne and vulnerable to guilt-presumptive techniques, like the Confrontation Technique implemented by the Department.<br><br>**Ex. 19, Declaration of Dr. Leo (Ex. 4 Report of July 10, 2018), at 2.** | reference to *Gladys R.* policies in the training manual, as well as special orders reminding officers regarding juveniles. (*See e.g.* Defendants' Exh. M, Special Order 14.) | any adjustments in interrogation techniques to account for the risks of overcoming the will of a minor. The assertion is well supported by Dr. Leo's report, and at the very minimum a reasonable interpretation of the evidence that must be taken in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). |
| 226. | The important need to differentiate between adults and juveniles in interrogations is well established in the social science literature and has been described in the law and other literature for decades before the interrogation of Tobias in 2012. | Irrelevant to liability as "social science literature" is not constitutional standards. Irrelevant. Fed. R. Evid. 402, 403. Lack of foundation/speculation. Fed. R. Evid. 602. Unreliable expert opinion. Fed. R. Evid. 702. *See Daubert v. Merrell* | The assertion is well supported by Dr. Leo's report, and at the very minimum a reasonable interpretation of the evidence that must be taken in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986).  In addition, |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Ex. 19, Declaration of Dr. Leo (Ex. 4 Report of July 10, 2018), at 2.** | *Dow Pharms.*, Inc. 43 F.3d 1311, 1315, 1321 n. 17 (9th Cir. 1995). | the fact is not conclusory or speculative merely because the defendants have refused to admit their conduct, where as here there is circumstantial evidence that supports this fact. *See Coghlan v. Am. Seafoods Co. LLC.,* 413 F.3d 1090, 1095 (9th Cir. 2005) (plaintiff can defeat motion for summary judgment by pointing to either direct or circumstantial evidence); *see also, e.g., Baker v. Roman Catholic Archdiocese of San Diego*, 725 F. App'x 531, 532 (9th Cir. 2018) (reversing grant of summary judgment where district court "did not properly consider various pieces of circumstantial evidence in its summary judgment ruling").<br><br>The assertion is also highly relevant to Plaintiff's innocence, and the fact that his confession was the result of |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | | coercive interrogation. |
| 227. | The City of Los Angeles has provided no written guidance concerning the juvenile interrogation techniques; for example, concerning the use of guilt-presumptive interrogations, threats, promises, false evidence ploys or other factors that can be coercive when applied to juveniles. The City of Los Angeles has no written policy or manual requiring interrogators to use "special care" when interrogating juvenile suspects.<br><br>**Ex. 19, (Dr. Leo July 10 Expert Report) at 1-2; Ex. 41, Detective Operations Manual at LAPD 153; Ex. 26, Cooley Dep. at 65:15-21, 66:23-67:7, 70:14-22, 72:7-14; 76:16-77:7.** | Misleading and mischaracterization of evidence. It is undisputed that the City has produced policies differentiating between juveniles and adults contained in the Juvenile Manual and Special Orders. (*See e.g.* Plaintiff's Exhibit 22, Juvenile Manual; Defendants' Exh. M, Special Order 14.) Further, Plaintiff does not dispute that the City has produced the Homicide manual which indicates that it is against policy to make promises or threats. (Homicide Manual, P. 137, LAPD 00414) | The exhibit Defendants cite in their objection does not discuss the susceptibility of juveniles or present any adjustments in interrogation techniques to account for the risks of overcoming the will of a minor. The assertion is well supported by Dr. Leo's report, the Detectives Operation Manual and the other cited evidence, and at the very minimum a reasonable interpretation of the evidence that must be taken in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). |
| 228. | Plaintiff issued a Rule | UNDISPUTED for the | |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | 30(b)(6) notice in this matter, seeking binding testimony on behalf of the City's concerning, *inter alia*, the City's policies and practices as far as it concerns juvenile interrogations.<br><br>**Ex. 8, Plaintiff's 30(b)(6) notice.** | purposes of this motion. | |
| 229. | In response, the City designated Detective Moses Castillo as its designee, who provided binding testimony on behalf of the City concerning its policies and practices with respect to juvenile interrogations. The City also designated Sgt. Daniel Jenks to testify about detectives' homicide investigations (including interrogations) more generally.<br><br>**Ex. 36, Castillo Dep. at 9:5-22;** | UNDISPUTED for the purposes of this motion. | |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | Ex. 38, Jenks Dep 11:1-9 | | |
| 230. | Indeed, despite the longstanding Supreme Court rules, the City of Los Angeles does not require its detectives to differentiate or alter their interrogation techniques between juveniles and adults. Interrogators are not required to adjust any of the interrogation techniques, tactics, or methods they might use when interrogating an adult when the person they are interrogating is a juvenile.<br><br>**Ex. 22, Manual of Juvenile Procedures at Chapter 7, LAPD 576-590; Ex. 36, Castillo Dep. at 28:4-8; Ex. 38;** *see also* **Jenks Dep 53:8-54:2 (no different requirements for how the interrogations are conducted apart from different** | Unsupported by the evidence. The City's Person Most Knowledgeable testified that officers are trained to consider the background traits and level of sophistication of the individuals they are interrogating. An officer should consider the background of the minor and what crime he is being accused of committing. (Castillo Depo. at 54:15-18; 55:25-56:2.) | The assertion is well supported by Dr. Leo's report, the Juvenile Manual and the other cited evidence, and at the very minimum a reasonable interpretation of the evidence that must be taken in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986).<br><br>That Defendants believe a citation to a portion of a deposition provides evidence to the contrary merely creates a factual dispute, which must be resolved in Plaintiff's favor at this stage. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | forms and the *Gladys R.* rule). | | |
| 231. | Instead, officers need not distinguish between juveniles and adults—the "technique is going to be the same." **Ex. 36, Castillo Dep. at 28:7-8.** | Misleading and incomplete statement of the evidence The City's Person Most Knowledgeable testified that officers are trained to consider the background traits and level of sophistication of the individuals they are interrogating. An officer should consider the background of the minor and what crime he is being accused of committing. (Castillo Depo. at 54:15-18; 55:25-56:2.) | The assertion is well supported by the cited evidence, and at the very minimum a reasonable interpretation of the evidence that must be taken in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). That Defendants believe a citation to a portion of a deposition provides evidence to the contrary merely creates a factual dispute, which must be resolved in Plaintiff's favor at this stage. |
| 232. | Officers are permitted, entirely up to their own discretion, to determine how aggressively to interrogate a juvenile,  which the City deems more of a "style" | Misleading and incomplete statement of the evidence The City's Person Most Knowledgeable testified that officers are trained to consider | The assertion is well supported by the cited evidence, and at the very minimum a reasonable interpretation of the evidence that must be taken in Plaintiff's favor at this juncture. *See* |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | than a serious policy issue needed to exercise special care for juvenile suspects.<br><br>**Ex. 36, Castillo Dep. at 27:12-20.** | the background traits and level of sophistication of the individuals they are interrogating. An officer should consider the background of the minor and what crime he is being accused of committing. The PMK did not state that officers have complete discretion or that it is only a matter of style (Castillo Depo. at 27:12-20, 54:15-18; 55:25-56:2.) | Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986).<br><br>That Defendants believe a citation to a portion of a deposition provides evidence to the contrary merely creates a factual dispute, which must be resolved in Plaintiff's favor at this stage. |
| 233. | LAPD does not do anything that will prohibit any detectives from using a false evidence ploy (what the City and officers misleadingly call a "ruse") "for anyone whether it's a juvenile or adult."; ("So, again, there's no distinction between using a ruse for an adult or a juvenile."). | Irrelevant to liability as there is no legal authority indicating that a ruse is unconstitutional. | None of the answering defendants dispute the factual assertion. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
|  | **Ex. 36, Castillo Dep. at 32:17-25, 32:8-9.** |  |  |
| 234. | The LAPD does not train its officers in any way that certain lies or "ruses" might be coercive if employed against juveniles.<br><br>**Ex. 36, Castillo Dep. At 32:25-33:6.** | Irrelevant to liability as there is no legal authority indicating that a ruse is unconstitutional. | None of the answering defendants dispute the factual assertion. |
| 235. | In the end, LAPD has adopted policy and practice is to treat juvenile suspects as if they were adults. Los Angeles police department officers in 2012 were not required to "make sure that they considered the fact that they were interrogating a juvenile as opposed to an adult whose will might be more easily overbore than in adults."<br><br>**Ex. 36, Castillo Dep. At 26:2-10.** | Misleading and incomplete statement of the evidence The City's Person Most Knowledgeable testified that officers are trained to consider the background traits and level of sophistication of the individuals they are interrogating. An officer should consider the background of the minor and what crime he is being accused of committing. (Castillo Depo. at 27:12-20, | The assertion is well supported by the cited evidence, and at the very minimum a reasonable interpretation of the evidence that must be taken in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986).<br><br>That Defendants believe other evidence is to the contrary merely creates a factual dispute, which must be resolved in Plaintiff's favor at this |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | 54:15-18; 55:25-56:2.) Further, it is undisputed that the City has produced policies differentiating between juveniles and adults contained in the Juvenile Manual and Special Orders. (*See e.g.* Plaintiff's Exhibit 22, Juvenile Manual; Defendants' Exh. M, Special Order 14.) | stage. |
| 236. | Consistent with the lack of policies requiring differentiation between juveniles and adults, and the established practice that detectives may conduct their interrogations of juveniles as aggressively as they would like given their "style," each one of the detectives involved in the interrogation of Tobias has confirmed testified that they did not interrogate Tobias any differently because he was a | Misleading and incomplete statement of the evidence The City's Person Most Knowledgeable testified that officers are trained to consider the background traits and level of sophistication of the individuals they are interrogating. An officer should consider the background of the minor and what crime he is being accused of committing. | The assertion is well supported by the cited evidence, and at the very minimum a reasonable interpretation of the evidence that must be taken in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). That Defendants believe other evidence is to the contrary merely creates a factual dispute, which must |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | juvenile. And, failing to interrogate Tobias differently because he was a juvenile, as opposed to an adult, was consistent with LAPD policies and practices.<br><br>**Ex. 11, Cortina Dep. at 165:7-166:22; Ex. 45, Motto Dep. at 181:21-182:5; Ex. 18, Arteaga Dep. at 98:1-25; Ex. 46, Pere Dep. at 58:12-15; Ex. 38, Jenks Dep. 53:20-54:2; Ex. 20, Declaration of Dr. Leo (Ex. 2 Report of June 10, 2018), at 12, 19, & 26-27.** | (Castillo Depo. at 27:12-20, 54:15-18; 55:25-56:2.) Further, it is undisputed that the City has produced policies differentiating between juveniles and adults contained in the Juvenile Manual and Special Orders. (*See e.g.* Plaintiff's Exhibit 22, Juvenile Manual; Defendants' Exh. M, Special Order 14.) | be resolved in Plaintiff's favor at this stage. |
| 237. | The City in fact takes the position that none of the detectives in this matter "have acted inconsistently with any of the policies, custom[s] or practices of the Los Angeles Police Department during the | UNDISPUTED for the purposes of this motion. | |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | encounter or interactions described" in the Complaint.<br><br>**Exhibit 44, City Response to Interrogatories at Resp. No. 6.** | | |
| | **THE CITY'S FAILURE TO TRAIN AND ITS ATTENDANT INDIFFERENCE** | | |
| 238. | The City of Los Angeles does not train its detectives to exercise special care when interrogating juvenile suspects.<br><br>**Ex. 26, Cooley Dep. at 65:15-21, 66:23-67:7, 70:14-22, 72:7-14, 76:16-77:7; Ex. 36, Castillo Dep. at 27:17-18, 62:23-63:21, 65: 12-21, 66:14-67:5; Ex. 19, Declaration of Dr. Leo, (Ex. 2, June 10 Report) at 12, 19, 26-27; Ex. 38, Jenks Dep. 53:20-54:2; Ex. 18, Arteaga Dep. at 98:1-25; Ex. 46, Pere Dep. at 58:12-15; Ex. 11, Cortina Dep.** | Misleading and incomplete statement of the evidence The City's Person Most Knowledgeable testified that officers are trained to consider the background traits and level of sophistication of the individuals they are interrogating. An officer should consider the background of the minor and what crime he is being accused of committing. (Castillo Depo. at 27:12-20, 54:15-18; 55:25-56:2.) Further, it is undisputed that | The assertion is well supported by the cited evidence, and at the very minimum a reasonable interpretation of the evidence that must be taken in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986).<br><br>That Defendants believe other evidence is to the contrary merely creates a factual dispute, which must be resolved in Plaintiff's favor at this stage. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | at 165:7-166:22. | the City has produced policies differentiating between juveniles and adults contained in the Juvenile Manual and Special Orders. (*See e.g.* Plaintiff's Exhibit 22, Juvenile Manual; Defendants' Exh. M, Special Order 14.) | |
| 239. | "LAPD officers are not trained to conduct their interrogations any differently for juvenile suspects than they are for adults," and their failure to comply with national training standards is "also reflective of their inadequate training by the LAPD itself."<br><br>**Ex. 19, Leo Decl, (Ex. 4, Report Dated July 10, 2018) at 2; *see also* Ex. 36, Castillo Dep. at 27:4-18, 27:15-21.** | The City's Person Most Knowledgeable testified that officers are trained to consider the background traits and level of sophistication of the individuals they are interrogating. An officer should consider the background of the minor and what crime he is being accused of committing. (Castillo Depo. at 27:12-20, 54:15-18; 55:25-56:2.) Further, it is undisputed that the City has produced policies | The assertion is well supported by the cited evidence, and at the very minimum a reasonable interpretation of the evidence that must be taken in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986).<br><br>That Defendants believe other evidence is to the contrary merely creates a factual dispute, which must be resolved in Plaintiff's favor at this stage. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | differentiating between juveniles and adults contained in the Juvenile Manual and Special Orders. (*See e.g.* Plaintiff's Exhibit 22, Juvenile Manual; Defendants' Exh. M, Special Order 14.) Plaintiff's expert opinion regarding unspecified "national training standards" is irrelevant to establishing constitutional liability. Irrelevant. Fed. R. Evid. 402, 403. Lack of foundation/speculation. Fed. R. Evid. 602. Unreliable expert opinion. Fed. R. Evid. 702. *See Daubert v. Merrell Dow Pharms.*, Inc. 43 F.3d 1311, 1315, 1321 n. 17 (9th Cir. 1995). | |
| 240. | The "LAPD detectives who interrogated Tobias were inadequately trained as it | Plaintiff's expert opinion is improper as it is based on unspecified "national training | The assertion is well supported by the cited evidence, and at the very minimum a reasonable interpretation |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | concerns threats and promised as well as the manner in which they conduct juvenile interrogations." **Ex. 19, Leo Decl, (Dr. Leo Report, July 10, 2018) at 1;** *Id.* **at Exhibit 2, June 10, 2018, Report at 1.** | standards," which is irrelevant to establishing constitutional liability. Irrelevant. Fed. R. Evid. 402, 403. Lack of foundation/speculation. Fed. R. Evid. 602. Unreliable expert opinion. Fed. R. Evid. 702. *See Daubert v. Merrell Dow Pharms.*, Inc. 43 F.3d 1311, 1315, 1321 n. 17 (9th Cir. 1995). | of the evidence that must be taken in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). That Defendants believe other evidence is to the contrary merely creates a factual dispute, which must be resolved in Plaintiff's favor at this stage. |
| 241. | LAPD detectives are trained that they are permitted to use ruses and lies and saying that they have false evidence and there is no distinction between such tactics for an adult or a juvenile. Nor are LAPD officers trained about the risk for false confessions. | Irrelevant to liability as there is no legal authority indicating that a ruse is unconstitutional. | None of the answering defendants dispute the factual assertion. |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Ex. 36, Castillo Dep. at 31:17-32:9; Ex. 38, Jenks Dep 50:11-15.** | | |
| 242. | LAPD does not train its officers in any way that some lies or "ruses" might be coercive if employed against juveniles.<br><br>**Ex. 36, Castillo Dep. at 32:24-33:6.** | Irrelevant to liability as there is no legal authority indicating that a ruse is unconstitutional. | None of the answering defendants dispute the factual assertion. |
| 243. | The Detectives in-service training records confirm that none of them have been given specific courses in juvenile interrogation procedures.<br><br>**Ex. 15, Training records at LAPD 2086-2156.** | While Plaintiff argues there are no separate training modules regarding juvenile interrogations on the defendants' training records, based on a summary list of titles, this did not mean this training did not exist. Detective Castillo indicated that there is training. (Def's Exh. C, Castillo Decl. ¶ 5.) Further, per Plaintiff's evidence, Detective Arteaga | The assertion is well supported by the cited evidence, and at the very minimum a reasonable interpretation of the evidence that must be taken in Plaintiff's favor at this juncture. *See* Fed. R. Civ. P. 56; *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986).<br><br>That Defendants believe other evidence is to the contrary merely creates a factual dispute, which must |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | testified he a 24-32 hour block of training regarding juvenile procedures. (Pl.'s Exh. 18 at 221:17-222:3.) | be resolved in Plaintiff's favor at this stage. |
| 244. | Between 2005 and 2017 The City did not make any substantive changes to the Manual of Juvenile Procedures.<br><br>**Ex. 36, Castillo Dep. at 45:8-17.** | Misleading and incomplete statement of the evidence. It is undisputed that the Department issued a Special Order regarding juveniles in 2011. (*See e.g.* Defendants' Exh. M, Special Order 14.) | Defendants' objection is an irrelevant non-sequitur. The factual assertion is about the information contained in the Juvenile Manual and any changes thereto; what happened with other policies is irrelevant to the factual assertion here. |
| 245. | The manual of juvenile procedures identified as Exhibit 22 was in effect at the time of the interrogation of Plaintiff in 2012.<br><br>**Ex. 36, Castillo Dep. at 36:3-5, 37:3-12.** | UNDISPUTED for the purposes of this motion. | |
| 246. | The Supreme Court's *J.D.B.* decision is not mentioned in the Manual for Juvenile Procedures. | Irrelevant, and UNDISPUTED for the purposes of this motion. | |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | **Ex. 22, Manual of Juvenile Procedures, at LAPD 766-769**. | | |
| 247. | The Los Angeles Department "does not catch up to case law in a timely manner."<br><br>**Ex. 36, Castillo Dep. at 64:3.** | Misleading characterization of the evidence as Detective Castillo is actually describing how the department's *Miranda* policies go above and beyond what is required by case law. Detective Castillo actually stated: That policy says that we are required to read it verbatim. Case law does not, and sometimes case law— our department doesn't catch up to case law in a timely manner." (Ex. 36, Castillo Dep. at 63:25-64:3). | The objection does not actually dispute the factual assertion, and certainly not in a way that suffices at summary judgment. |
| 248. | After Plaintiff's conviction was overturned, the City conducted an internal affairs review of the interrogation of Tobias. The City found the complaint unfounded and absolved the officers | Plaintiff's citation to the internal affairs investigation irrelevant as it is after the alleged incident, as well as misleading because Plaintiff chose not to be interviewed | The internal affairs investigation is relevant to show the City's continued deliberate indifference. Even after Plaintiff's conviction was overturned on the basis that his constitutional rights were violated, the City refused |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts

2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
|  | entirely.<br><br>**Ex. 42, Internal Affairs File, at LAPD 1985-1998.** | for the investigation.<br><br>Further, to the extent that Plaintiff claims that this is relevant to his *Monell* claim, the courts have held that "The law does not say that, whenever an investigative group accepts an officer's version over a victim's differing version, this acceptance establishes a policy for which a municipality may be held liable under §1983. If that were the law, counties might as well never conduct internal investigations and might as well always admit liability. But that is not the law. The law clearly requires 'something more.'" *Kanae v. Hodson*, 294 F. Supp. 2d | to find any wrongdoing by its officers.<br><br>In addition, evidence of how the investigation took place is relevant to understanding the polices of the department at the time of the incident. *See Henry v. County of Shasta*, 132 F.3d 512, 519 (9th Cir. 1997); *Salvato v. Miley*, 790 F.3d 1286, 1297 (11th Cir. 2015) (noting that "[p]ost-event evidence can shed some light on what policies existed in the city on the date of an alleged deprivation of constitutional right," and inferences from such post-event facts "lend weight to a finding that there was a policy behind the actions which led to the constitutional violation"); *Bordanaro v. McLeod*, 871 F.2d 1151 (1st Cir. 1989); *Beck v. City of Pittsburg*, 89 F.3d 966, 972 (3d. Cir. 1996) (explaining that |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

| No. | PLAINTIFF'S UNCONTROVERTED FACTS AND SOURCE | DEFENDANTS' OBJECTIONS | PLAINTIFF'S REPLY |
|---|---|---|---|
| | | 1179, 1191 (D. Haw. 2003); *see also Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004) ("mere failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 claim.") | subsequent events "may have evidentiary value for a jury's consideration whether the City and policymakers had a pattern of tacitly approving the use of excessive force"); *Grandstaff v. City of Borger*, 767 F.2d 161, 171 (5th Cir. 1985) ("If that episode of such dangerous recklessness obtained so little attention and action by the City policymaker, the jury was entitled to conclude that it was accepted as the way things are done and have been done in the City of Borger. If prior policy had been violated, we would expect to see a different reaction. If what the officers did and failed to do on August 11, 1981 was not acceptable to the police chief, changes would have been made.") |

Plaintiff's Reply to Defendant Born, Cooley, and City of Los Angeles's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

Respectfully submitted,


**ART TOBIAS**


By:  /s/ David B. Owens
     *Attorneys for Plaintiff*

     David B. Owens, Cal. Bar No. 275030
     david@loevy.com
     Anand Swaminathan*
     LOEVY & LOEVY
     311 N. Aberdeen Street, 3rd Floor
     Chicago, Illinois 60607
     (312) 243-5900
     (312) 243-5902 (Fax)
     *admitted pro hac vice

Plaintiff's Reply to Defendant Born, Cooley, and City's Responses to Plaintiff's Affirmative Statement of Material Facts
2:17-cv-1076-DSF-AS

1

## CERTIFICATE OF SERIVCE

2      I, David B. Owens, an attorney, certify that on September 9, 2018, I caused
to be served upon all counsel of record the above pleading by filing the foregoing
3 with the Court's electronic ECF filing system.

4

5                                    /s/ David B. Owens

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

Plaintiff's Reply to Defendant Born, Cooley, and City's Responses to Plaintiff's Affirmative
Statement of Material Facts
2:17-cv-1076-DSF-AS