# EXHIBIT 5

**TO PLAITNIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE*
NUMBER 2, SEEKING EXCLUSION OF EXPERT TESTIMONY**

Dr. Richard A. Leo, Ph.D., J.D.
**JUSTICE RESEARCH & CONSULTING, INC.**
15 Ashbury Terrace
San Francisco, CA 94117

_____

(415) 661-0162 (Phone)
(415) 422-6433 (FAX)
Email: rleo@usfca.edu

July 10, 2018

David Owens,
Attorney at Law
Loevy and Loevy
311 N. Aberdeen Street, 3rd Floor
Chicago, IL


Re:   Art Tobias v. City of Los Angeles, et al.  Case No: 17-cv-01076 DSF-AS

Dear Mr. Owens:

    This report supplements my prior reports in the above-referenced case of *Art Tobias v. City of Los Angeles, et al.*

    I have reviewed the depositions of detective Dan Jenks and detective Moses Castillo, both of whom were giving testimony as representatives of the City of Los Angeles. As a result thereof, I have located and reviewed documents from the Los Angeles Police Department concerning the manner in which detectives are trained to conduct interrogations, including the use of the Confrontation Technique of interrogating. These documents include three (at times overlapping) manuals from 1995 as well as various documents pertaining to a subpoena in April of 2012. These were provided to the parties in the above-referenced case the day after I located them, the date of my deposition and the date of this report.

    In my original report, I indicated that I believed the detectives who conducted the interrogation of Tobias were inadequately trained, both with respect to their understanding of threats and promises as well as their lack of training and awareness of different standards for interrogating juveniles and adults. *See* Original Report, at 3, 24, 27.

    In reviewing the depositions of Jenks and Castillo, as well as the documents from my files described above, my conclusion that the LAPD detectives who interrogated Tobias were inadequately trained as it concerns threats and promised as well as the manner in which they conduct juvenile interrogations has not been changed and has only been affirmed.

David Owens
Attorney at Law
July 10, 2018
Page 2

    Reviewing the depositions of Jenks and Castillo confirm that LAPD officers are not trained to conduct their interrogations any differently for juvenile suspects than they are for adults. These depositions also support my prior conclusion that the detectives were not adequately trained as it concerns the use of threats and promises. In other words, in addition to the fact that the detectives failed to comply with national training standards is also reflective of their inadequate training by the LAPD itself, based upon the materials I have reviewed.

    The documents I located after reading the Jenks and Castillo depositions confirm that LAPD officers are trained in the "Confrontation Technique." This technique is guilt-presumptive, psychologically manipulative, and confession driven. In other words, the Confrontation Technique is consistent with and appears to be derived from core teachings of the Reid Technique (the most prevalent form of interrogation techniques used in American) and other guilt-presumptive interrogation methods described in my Original Report. See PP. at 6-12. The training manuals from 1995 describe in detail the Confrontation Technique, and are also notably mentioned in the Detective Operations manual (II.400.42), which I understand was produced in this matter and was still in effect at the time of the interrogation here.

    Notably, none of the LAPD manuals or materials I have reviewed include any differentiation between juveniles and adults, or the fact that juveniles are especially susceptible to having their will being overborne and vulnerable to the guilt-presumptive techniques described in my original report. The important need to differentiate between adults and juveniles in interrogations is well established in the social science literature and has been described there and in established law for multiple decades before the 2012 interrogation here. In addition, none of the LAPD manuals or materials I have reviewed mention the problem, phenomenon, prevention, recognition, or understanding of false confessions, and nor do they address the concept of interrogation contamination—both of which have been recognized in training literature (e.g., Reid) since at least 2001.

    The opinions I express in this report are based on my training, knowledge, research, and publications; research and publications in the field; my experience in the field; and the case-specific information and evidence that has been provided to me. I also anticipate reviewing relevant portions of the deposition of Mr. Tobias. I reserve the right to supplement and/or modify any opinions expressed herein accordingly.

    If you have any questions, please do not hesitate to contact me.

                                                 Sincerely yours,

                                                 Richard A. Leo

David Owens
Attorney at Law
July 10, 2018
Page 3

                                      Richard A. Leo, Ph.D., J.D.
                                      Hamill Family Professor of Law and
                                      Social Psychology
                                      University of San Francisco