**Arthur C. Preciado** (SBN 112303)
art.preciado@gphlawyers.com
**Calvin House** (SBN 134902)
calvin.house@gphlawyers.com
GUTIERREZ, PRECIADO & HOUSE, LLP
3020 E. Colorado Boulevard
Pasadena, CA 91107
Tel: 626-449-2300 | Fax: 626-449-2330
Attorneys for Defendant
L.A. School Police Officer Daniel East

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART TOBIAS,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES; SGT. SANCHEZ, #25339; DETECTIVE MICHAEL ARTEAGA, #32722; DETECTIVE JEFF CORTINA, #35632; DETECTIVE J. MOTTO, #25429; DETECTIVE JULIAN PERE, #27434; OFFICER MARSHALL COOLEY, #38940; OFFICER BORN, #38351; L.A. SCHOOL POLICE OFFICER DANIEL EAST, #959; and UNIDENTIFIED EMPLOYEES of the CITY OF LOS ANGELES,<br><br>    Defendant. | No. 2:17-cv-01076-DSF-AS<br><br>**Defendant East's Notice of Motion and Motion for Summary Judgment**<br><br>Date: January 24, 2022<br>Time: 1:30 p.m. |

Please take notice that on January 24, 2022, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 7D of the above-entitled court located at 350 West 1st Street, Los Angeles, CA, Defendant East will move this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment in his favor.

1       This motion will be based upon this Notice, the attached Memorandum of Points and Authorities, the Separate Statement of Uncontroverted Facts and Conclusions of Law and exhibits filed herewith, and on such further evidence as may be presented before or at the hearing of this motion.

      This motion is made pursuant to the Court's order entered on December 3, 2021.

Dated: December 20, 2021            GUTIERREZ, PRECIADO & HOUSE, LLP

                               By:   /s/ Calvin House
                                      Calvin House
                                      Attorneys for Defendant
                                      L.A. School Police Officer Daniel East

**Table of Contents**

Introduction ..................................................................................................................... 5

Uncontroverted Facts ...................................................................................................... 5

Argument ........................................................................................................................ 7

   A.  There is no evidence that Officer East's written statement was a cause in fact of Tobias's deprivation of liberty. ........................................................ 8

      1.   Arrest ................................................................................................... 9

      2.   Probable Cause to Detain .................................................................... 9

      3.   Filing of Charges ................................................................................. 9

      4.   Conviction ......................................................................................... 10

   B.  The burden is on Tobias to provide evidence that raises a triable issue. ......... 10

Conclusion .................................................................................................................... 11

**Table of Authorities**

**CASES**

*American Title Ins. Co. v. Lacelaw Corp.*,
  861 F.2d 224 (9th Cir. 1988) ........................................................................... 11

*Caldwell v. City & County of San Francisco*,
  889 F.3d 1105 (9th Cir. 2018) ....................................................................... 7, 8

*Devereaux v. Abbey*,
  263 F.3d 1070 (9th Cir. 2001) ...................................................................... 7, 10

*Galbraith v. County of Santa Clara*,
  307 F.3d 1119 (9th Cir. 2002) ............................................................................ 7

*Huey v. Honeywell, Inc.*,
  82 F.3d 327 (9th Cir. 1996) .............................................................................. 11

*Payne v. Peninsula Sch. Dist.*,
  653 F.3d 863 (9th Cir. 2011) ............................................................................ 11

*Sicor Ltd. v. Cetus Corp.*,
  51 F.3d 848 (9th Cir. 1995) .............................................................................. 11

*Spencer v. Peters*,
  857 F.3d 789 (9th Cir. 2017) ........................................................................ 8, 10

**STATUTES**

42 U.S.C. § 1983 ..................................................................................................... 7

**Introduction**

The claim against Los Angeles School Police Officer Daniel East for deliberate falsification is before the Court following remand from the Ninth Circuit, which directed the Court to revisit the question of whether Officer East's written statement was the cause in fact of the deprivation of Plaintiff Art Tobias's liberty.

At the Court's invitation, Officer East has elected to file a new summary judgment motion focused on the issue identified by the Ninth Circuit. The evidence to support the motion is drawn from the evidence submitted by the parties in support of and in opposition to the summary judgment motions filed in June and July 2018. [See Dkts. 99, 100, 111] There is no new evidence. Because that evidence does not show that Officer East's written statement played any role in Tobias's arrest, prosecution, or conviction, the Court should grant summary judgment to Officer East.

**Uncontroverted Facts**[1]

After Alex Castaneda was shot shortly after midnight on August 18, 2012, LAPD officers obtained surveillance video footage that depicted the shooting. [UF 1, 3] Two gang enforcement officers (Marshall Cooley and Dora Born) went to the scene and identified Tobias as the shooter who appeared on the video. [UF 4-13] Based on those identifications, LAPD Detective Motto believed that the department was in the process of building probable cause on Tobias. [UF 14]

On the afternoon of August 20, 2012, LAPD Detectives Arteaga and Motto went to Berendo Middle School to obtain additional identifications of Tobias. [UF 15] They showed Officer East the surveillance video. [UF 15] He told them that the shooter in the surveillance video "looks like a large student to be a middle school

---

[1] Pursuant to the Court's summary judgment motion order, this factual summary refers to the numbered paragraphs in the separate statement rather than to the underlying evidence. The paragraphs will be cited as UF 1, UF 2, and so on.

student," that he had "a hard time IDing that person," that "the full head of hair is throwing me off a little bit," that the guy he was thinking of "is a lot smaller in stature," that he was thinking of "Art Tobias," and that Art Tobias was "so much smaller in real life." [UF 18] Officer East works for the Los Angeles School Police, which is a separate organization from the LAPD. [UF 17]

The detectives then showed the surveillance video to Roger Negroe, an assistant dean at the school, who was not able to identify the shooter in the surveillance video. [UF 19] As Negroe was walking down the hallway after his interview, he saw a student standing outside the school by the front entrance, whom he believed matched the person he had just seen in the surveillance video. He pointed the student out to the detectives, who recognized him as the shooter in the surveillance video. [UF 21-22]

Detectives Motto and Arteaga arrested Tobias around 3:40 p.m., and asked Officer East to detain another student who was with Tobias. [UF 24-25] Officer East and the detectives proceeded to the LAPD Rampart station with Tobias and the other student. [UF 25-26] Tobias was interrogated by LAPD detectives at the station, as a result of which he falsely confessed to the murder of Castaneda. [UF 26, 28] Officer East was not involved in the interrogation. [UF 27]

After Officer East transported the student who was with Tobias to the LAPD Rampart Station, he returned to the LAUSD School Police station and turned in his equipment. [UF 29] Officer East prepared his written statement after he left the LAPD Rampart Station either August 20, 2012, or the next day. [UF 30] His written statement of what he said and observed during the interview at the school varied from what had actually transpired. [UF 31]

At approximately 9:25 p.m., LAPD officers transported Tobias to Men's Central Jail for booking and processing, and then to Eastlake Juvenile Hall. [UF 32] At 11:45 p.m., LAPD Detective Cortina signed a probable cause declaration, in which he stated: "The video depicting the shooting was downloaded and shown to

1  (2) LAPD Officers and (1) LAUSD Police Officer. Officers identified one of the
2  shooters as being Art Tobias." The LAUSD Police Officer referred to was Officer
3  East. [UF 33] The probable cause declaration was used to obtain a judge's
4  determination that there were grounds to continue Tobias's detention. [UF 34]
5       On August 22, 2012, LAPD Detective Cortina presented the case to a Deputy
6  District Attorney to determine whether charges would be filed against Tobias. [UF
7  35] The presentation included the probable included LAPD Detective Cortina's
8  probable cause declaration, the LAPD Murder Book as it existed at the time,
9  Tobias's confession, and the video of the murder. [UF 36]
10      On August 24, 2012, LAPD Detective Cortina emailed Officer East to
11 request a written statement from him and Negroe. [UF 37] He contacted Officer
12 East again on August 29 and September 4, 2012, because he had not received the
13 written statements he requested. [UF 38] Officer East dropped off his written
14 statement along with Negroe's at the LAPD Rampart Station on September 4,
15 2012[UF 39] After that, Officer East did not have any involvement in the
16 prosecution of Tobias until he was subpoenaed to testify at Tobias's trial. [UF 44]
17 Officer East testified at the trial, but did not mention his written statement. [UF 45]
18 Tobias was prosecuted and convicted of the Castaneda murder *only* because of the
19 statements he gave during his interrogation. [UF 47]
20 **Argument**
21      A fabrication of evidence claim under section 1983 requires proof that the
22 plaintiff was charged, prosecuted, or convicted based on fabricated evidence.
23 *Caldwell v. City & County of San Francisco*, 889 F.3d 1105, 1115 (9th Cir. 2018)
24 (noting with approval Ninth Circuit Model Civil Jury Instruction 9.33, which
25 provides for liability based on proof that fabricated evidence was used to
26 "criminally charge," "prosecute," or "convict" the plaintiff). See also *Galbraith v.*
27 *County of Santa Clara*, 307 F.3d 1119, 1126-27 (9th Cir. 2002); *Devereaux v.*
28 *Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001).

Such a claim requires proof that "(1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). The causation element requires proof that "(a) the act was the cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the absence of the conduct; and (b) the act was the 'proximate cause' or 'legal cause' of the injury, meaning that the injury is of a type that a reasonable person would see as a likely result of the conduct in question." *Ibid*. See also *Caldwell*, *supra*, 889 F.3d at 1115 (9th Cir. 2018) ("To establish causation, [a plaintiff] must raise a triable issue that the fabricated evidence was the cause in fact and proximate cause of his injury"). As the Ninth Circuit explained in reversing the denial of Officer East's summary judgment motion, that the written statement "could have" contributed to Tobias's deprivation of liberty does not establish cause in fact. Dkt. 283, p. 3.

Tobias's deliberate fabrication claim is based on the theory that Officer East's written statement mischaracterized what he saw and said during his August 20, 2012, interview. To defeat summary judgment on that theory, Tobias must identify evidence that raises a triable issue as to whether the written statement was a cause in fact of his arrest, prosecution, or conviction. There is no such evidence.

**A.** ***There is no evidence that Officer East's written statement was a cause in fact of Tobias's deprivation of liberty.***

There were four points in the chronology of events that led to Tobias's wrongful conviction where deprivation of his liberty was at issue: (1) his arrest at Berendo Middle School on August 20, 2012, (2) the decision by a judicial officer later that night that there was probable cause to detain him at Eastlake Juvenile Hall, (3) the decision by the District Attorney's office to file charges on August 24, 2012, and (4) his conviction on May 10, 2013. There is no evidence in the documents from the criminal investigation, or the declarations and deposition

8

testimony in this action that Officer East's written statement was a cause in fact of any of those deprivations.

1. *Arrest*

Detectives Arteaga and Motto arrested Tobias immediately after they concluded their interviews with Negroe and Officer East. The arrest was based on Negroe's statement that he had just seen the individual shown on the surveillance video outside the school, their own perception that the individual pointed out by Negroe was the individual shown on the video, and Officer East's comments while he watched the video. Officer East did not even prepare the written statement until after he left LAPD Rampart Station later that day. It is not possible that the LAPD detectives relied on Officer East's written statement to make the arrest.

2. *Probable Cause to Detain*

LAPD Detective Cortina signed the probable cause declaration to support the further detention at 11:45 p.m. on August 20, 2012. Although Officer East may have written his statement that same night, he did not provide it to the LAPD until September 4, 2012. This is established by the declarations of Officer East and LAPD Detective Cortina, and the LAPD documentation of the criminal investigation. [See UF 39] There is no evidence to support an argument that the judge considering whether there was probable cause to further detain Tobias relied on Officer East's written statement in making that decision.

3. *Filing of Charges*

The case against Tobias was presented to the District Attorney's office for filing on August 22, 2012. Although Officer East's written statement appears in the copy of the LAPD Murder Book that was produced in discovery (UF 40), there is no evidence that it was in the copy provided to the Deputy District Attorney during presentation of the case. Any claim otherwise is belied by the East and Cortina declarations, which attest that the statement was not delivered until September 4, 2012, as confirmed in the documentation of the LAPD investigation. [UF ] In

9

addition, Negroe's written statement (which Officer East delivered at the same time as his own) is dated September 4, 2012, and appears on the page directly after Officer East's statement. [UF ]

Further, the copy of the Murder Book produced in discovery contains a wealth of information that on its face could not have been in the Murder Book on August 22, 2012. For example, the chronological record at the beginning of the book lists events from the day after presentation of the case through the conviction on May 10, 2013, up to April 2015. [UF 41][2] There is no evidence to support an argument that the Deputy District Attorney relied on Officer East's written statement in deciding to file charges.

4.   *Conviction*

Although Officer East testified at Tobias's trial, there was no reference to his written statement. There is no evidence to support an argument that the Juvenile Court Judge who presided over Tobias's trial relied on Officer East's written statement in determining that Tobias was guilty.

**B.    *The burden is on Tobias to provide evidence that raises a triable issue.***

At trial, Tobias would have the burden of proving that Officer East's written statement was the cause in fact of a deprivation of his liberty. It is an essential element of his claim for relief. *Spencer*, *supra*, 857 F.3d at 798. When the nonmoving party has the burden of proof at trial, the moving party satisfies his initial summary judgment burden by simply pointing out through argument "that there is an absence of evidence to support the nonmoving party's case." *Devereaux*, *supra*, 263 F.3d at 1076. Once the moving party has done that, the adverse party

---

[2] Other examples of material that could not have been in the Murder Book on August 22, 2012, include an inmate telephone monitoring system request dated September 10, 2012, a search warrant issued September 27, 2012, a record of a visit to the crime scene a week before trial and a laboratory report from May 7, 2013. [UF 43]

10

"'may not rest upon the mere allegations or denials of the adverse party's pleading,' but must provide affidavits or other sources of evidence that 'set forth specific facts showing that there is a genuine issue for trial.'" *Ibid.*

Tobias's burden is even greater. He has affirmatively pleaded that the "only reason" he was prosecuted and convicted was the confession that the LAPD defendants extracted from him when they interrogated him. [2d Amended Complaint, ¶¶ 170, 176 (Dkt. 67, pp. 34-35)] That is a judicial admission that is "conclusively binding." *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). See also *Payne v. Peninsula Sch. Dist.*, 653 F.3d 863, 897 n.11 (9th Cir. 2011) (ruling that a complaint was admissible in evidence as the admission of a party litigant); *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859 (9th Cir. 1995) ("a statement in a complaint may serve as a judicial admission"). Even if Tobias could explain why that should not be considered binding, "it still remains as a statement once seriously made by an authorized agent, and as such it is competent evidence of the facts stated." *Huey v. Honeywell, Inc.*, 82 F.3d 327, 333 (9th Cir. 1996). At a minimum, Tobias must now come forward with affirmative evidence that would tend to disprove his admission.

**Conclusion**

The chronology of events established by the record of the criminal investigation, the sworn testimony of those involved, and the allegations of Tobias's complaint show that there was no point at which Officer East's written statement caused an act that deprived Tobias of his liberty. Therefore, the Court should grant summary judgment to Officer East.

Dated: December 20, 2021                    GUTIERREZ, PRECIADO & HOUSE, LLP

                            By:   /s/ Calvin House
                                  Calvin House
                                  Attorneys for Defendant
                                  L.A. School Police Officer Daniel East