David B. Owens, Cal. Bar No. 275030
david@loevy.com
Anand Swaminathan*
*Attorney for Plaintiff, Art Tobias*
LOEVY & LOEVY
311 N. Aberdeen Street, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
*admitted pro hac vice

Anya J. Goldstein
Summa LLP
800 Wilshire Blvd., Suite 1050
Los Angeles, CA 90017
T: (213) 260-9451

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ART TOBIAS, | ) Case No. 2:17-cv-1076-DSF-AS |
| | ) |
| Plaintiff, | ) **PLAINTIFF'S MEMORANDUM IN** |
| v. | ) **OPPOSITION TO DEFENDANT** |
| | ) **EAST'S MOTION FOR SUMMARY** |
| CITY OF LOS ANGELES, et al. | ) **JDUGMENT [Dkt. 293]** |
| | ) |
| Defendants. | ) Date:        Jan 24, 2021 |
| | ) Time:        1:30 p.m. |
| | ) Courtroom:   7D |
| | ) Judge:       Hon. Dale S. |
| | )              Fischer |
| | ) |
| | ) |

# **TABLE OF CONTENTS**

Table of Authorities .................................................................................i

Introduction ...........................................................................................1

   I.  Legal Standard .............................................................................2

   II. Relevant Material Facts ............................................................. 3

   III. Relevant Procedural History.......................................................4

   IV. A Reasonable Jury  Can Easily Find East Fabricated Evidence and that It
      Caused Tobias Harm ..............................................................5

     A. East Bears the Burden Here...............................................5

     B.  East Fabricated An "Identification" He Never Made................................5

     C.  A Reasonable Jury Can Easily Find East's Fabrication Harmed Tobias
       In Some Way ...............................................................8

        1.  East's Fabrications Were Part of The Evidentiary Record Used to
          Support the Incarceration and Prosecution of Tobias Before Trial,
          Causing Tobias Harm ..........................................................8

        2.  East Missunderstands How the Fact Issue of Causation Works, and
          Ignores that It is A Question for the Jury,
          Not Summary Judgment ....................................................11

        3.  Disputed Issues of Material Fact Preclude Summary Judgment on
          The Fact Question of Causation .........................................18

   V. This Court Should Reconsider Its Ruling that East is Not Liable for
      Agreeing to Fabricate Evidence Against Tobias  ...........................................19

Conclusion ...........................................................................................21

Plaintiff's Response in Opposition to East's Renewed Motion For Summary Judgment
2:17-cv-1076-DSF-AS

## <u>TABLE OF AUTHORITIES</u>

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970)......................................................2

*Alhambly v. Los Angeles Cty.*, 2020 WL 5045313
  (C.D. Cal. Aug. 3, 2020)...........................................................................12

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986).............................................2, 3

*Arnold v. Int'l Buis. Machines Corp.*, 637 F.2d 1350 (9th Cir. 1981) ........10, 12, 21

*Barlow v. Ground*, 943 F.2d 1132 (9th Cir. 1991) ......................................................6

*BCS Servs., Inc. v. Heartwood 88, LLC*, 637 F.3d 750 (7th Cir.2011) ...................14

*Benefiel v. Exxon Corp.*, 959 F.2d 805 (9th Cir. 1992) ............................................14

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474
  (9th Cir. 2000)........................................................................................5

*Caldwell v. City and Cty. Of San Francisco*, 889 F.3d 1105
  (9th Cir. 2018)................................................................................passim

*Carlson v. Chisholm–Moore Hoist Corp.*, 281 F.2d 766 (2d Cir.1960).................14

*Coghlan v. Am. Seafoods Co. LLC.,* 413 F.3d 1090 (9th Cir. 2005) ........................3

*Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101
  (9th Cir. 2010)........................................................................................6

*Blankenhorn v. City of Orange*, 485 F.3d 463 (9th Cir. 2007)................................6

*Dahlia v. Rodriguez*, 735 F.3d 1060, 1078 n. 22 (9th Cir. 2013)...........................12

*Devereaux v. Abbey*, 263 F.3d 1070 (9th Cir. 2001) .............................................5, 8

*Eng v. Cty. of Los Angeles*, 737 F. Supp. 2d 1078 (C.D. Cal. 2010).....................12

*Franklin v. Fox*, 312 F.3d 423 (9th. Cir. 2002) ......................................................20

*Furnace v. Sullivan*, 705 F.3d 1021 (9th Cir. 2013)................................................3

*Gregory v. City of Louisville,* 444 F.3d 725 (6th Cir. 2006) ...................................9

*Hampton v. Hanrahan,* 600 F.2d 600 (7th Cir.1979) .............................................20

*Johnson v. Duffy*, 588 F.2d 740(9th Cir. 1978) ...............................................12, 13

*Kunik v. Racine County,* 946 F.2d 1574(7th Cir. 1991) ........................................20

i

*Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012)......................................21

*MB Fin. Grp., Inc. v. U.S. Postal Serv.*, 545 F.3d 814 (9th Cir. 2008) ..................21

*Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283
    (9th Cir. 1999).................................................................................................20

*Monroe v. Pape,* 365 U.S. 167 (1961) .......................................................................13

*Munden v. Stewart Title Guar. Co.*, 8 F.4th 1040 (9th Cir. 2021) .........................11

*Pac. Shores Properties, LLC v. City of Newport Beach,* 730 F.3d 1142 (9th Cir.
    2013) ...............................................................................................11, 14, 21

*Paroline v. United States*, 572 U.S. 434 (2014) .......................................................12

*Rebman v. Perry,* 2007 WL 218713(E.D. Wash. Jan. 25, 2007)............................11

*Rodarte v. Skagit Cty.*, 2021 WL 4969676 (W.D. Wash. Oct. 26, 2021)...............10

*Schuering v. Traylor Bros., Inc.*, 476 F.3d 781 (9th Cir. 2007) ...............................2

*Sierra Medical Services Alliance v. Kent*, 883 F.3d 1216 (9th Cir. 2018)................2

*Spencer v. Peters*, 857 F.3d 789 (9th Cir. 2017) ..............................................passim

*Theodoropoulos v. Cty. of Los Angeles*, 2020 WL 5239859 (C.D. Cal. July 17,
    2020)..................................................................................................................10

*Tibbetts v. Kulongoski*, 567 F.3d 529 (9th Cir. 2009) ............................................12

*Tolan v. Cotton*, 134 S. Ct. 1861 (2014).....................................................................2

*United States v. Gorman,* 859 F.3d 706 (9th Cir. 2017)..........................................15

*Ward v. EEOC*, 719 F.2d 311 (9th Cir. 1983) .........................................................19

*White v. Roper,* 901 F.2d 1501 (9th Cir.1990) ........................................................11

*Whitlock v. Brueggemann*, 682 F.3d 567 (7th Cir. 2012)......................................8, 9

*Wong Sun v. United States*, 371 U.S. 471 (1963) .....................................................15

## STATUTES, RULES, AND OTHER AUTHORITIES

Fed. R. Civ. P. 56(a)......................................................................................................2

Fed. R. Civ. P. 8(d)(2)................................................................................................21

Plaintiff's Response in Opposition to East's Renewed Motion For Summary Judgment
2:17-cv-1076-DSF-AS

NINTH CIR. JURY INSTR. COMM., MANUAL OF MODEL CIVIL JURY INSTRUCTIONS, § 9.33 (2017).....................................................4, 8

RESTATEMENT (FIRST) OF TORTS § 9 (1934)...........................................................13

RESTATEMENT (SECOND) OF TORTS § 433B, cmt. b§§ 546, 548A (1965)..........13, 14

W. PROSSER & W. KEETON, THE LAW OF TORTS, §§ 41, 42, 45 (5th ed.1984) .......11

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2
3

Plaintiff ART TOBIAS, by his attorneys, in response and opposition to the repeated Motion for Summary Judgment filed Defendant East, Dkt. 293, states:

4

### **Introduction**

5
6
7
8
9
10
11
12
13
14
15
16

In August 2012, at the tender of age of 13, Plaintiff Art Tobias was wrongfully charged and ultimately convicted of a murder he did not commit. That murder was captured in part on video. Despite the fact no reasonable person could have thought the young adult in the video was Tobias, and despite the fact that Defendant East, a Los Angeles Unified School District ("LAUSD") police officer, knew the perpetrator was not Tobias, and despite the fact that East *never identified Tobias as the person in the video*, he nonetheless fabricated "identification" evidence against Tobias by falsely agreeing to claim he had identified Tobias. Tobias's fabrication claim against East encompasses all aspects of the fabrication, which includes the falsified identification and subsequent written statement. These fabrications became evidence and appear no less than five different times in the LAPD Murder Book.

17
18
19
20
21
22
23
24

There is no dispute that East's fabrications were among the evidence that resulted in Tobias being wrongfully held in pretrial detention. Indeed, there is no dispute that East's fabrications were presented to a Deputy District Attorney to get murder charges approved against Tobias; there is no dispute that East's fabrications became part of the documentary record on which the prosecution relied; and there is no dispute that when East met with prosecutors and discussed his false "identification" he never disclosed the fact he had fabricated the identification.

25

1

1    As a result, a reasonable jury can easily conclude that East's fabrications

2 caused Tobias harm; namely, the almost nine months he was in pre-trial custody

3 before he was wrongfully convicted. This Court has already twice rejected East's

4 motion for summary judgment, and it has already twice specifically addressed the

5 issue of causation. Indeed, in the second go-around this Court specifically sought

6 briefing on the issue of causation, and both the parties and the court cited *Spencer*

7 *v. Peters*, 857 F.3d 789, 793 (9th Cir. 2017). Dkt. 270. Those prior determinations

8 were correct and East's third bite at the apple should fail, just as the prior attempts

9 have. To be sure, as this Court has recognized, the question of causation is a jury

10 question. That fact is even more pronounced where, as here, there are multiple

11 tortfeasors. While it is certainly true that other police officers *also* harmed Tobias,

12 East's actions were unquestionably part of the evidence used to wrongfully

13 imprison Tobias, and East's renewed motion should be denied.

14   **I.    Legal Standard**

15    Summary judgment is appropriate <u>only</u> where "there is no genuine dispute as

16 to any material fact and the movant is entitled to judgment as a matter of law."

17 Fᴇᴅ. R. Cɪᴠ. P. 56(a); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

18 "A genuine issue of material fact exists 'if the evidence is such that a reasonable

19 jury could return a verdict for the nonmoving party.'" *Sierra Medical Services*

20 *Alliance v. Kent*, 883 F.3d 1216, 1222 (9th Cir. 2018) (quoting *Anderson*, 477 U.S.

21 at 248). "In making that determination, a court must view the evidence 'in the light

22 most favorable to the opposing party.'" *Tolan v. Cotton*, 134 S. Ct. 1861, 1866

23 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)); *see*

24 *Schuering v. Traylor Bros., Inc.*, 476 F.3d 781, 784 (9th Cir. 2007) ("In

25

2

Plaintiff's Response in Opposition to East's Renewed Motion For Summary Judgment
2:17-cv-1076-DSF-AS

determining whether summary judgment is appropriate, we view the facts in the light most favorable to the non-moving party and draw reasonable inferences in favor of that party." (citing *Anderson*, 477 U.S. at 255)).

The Supreme Court has emphasized the "importance of drawing inferences in favor of the nonmovant," and has reversed the grant of summary judgment where the lower court failed to make inferences in the nonmovant's favor. *Tolan, 134 S. Ct. at 1866*; *see also, e.g.*, *Furnace v. Sullivan, 705 F.3d 1021, 1026 (9th Cir. 2013)* ("If, as to any given material fact, evidence produced by the moving party . . . conflicts with evidence produced by the nonmoving party . . . we must assume the truth of the evidence set forth by the nonmoving party with respect to that material fact.").

In short, every reasonable factual inference must be drawn in favor of Tobias from both direct and circumstantial evidence. *See Coghlan v. Am. Seafoods Co. LLC, 413 F.3d 1090, 1095 (9th Cir. 2005)* (plaintiff can defeat motion for summary judgment by pointing to either direct or circumstantial evidence).

## II.        Relevant Material Facts

East's factual account is fundamentally flawed in at least three respects. First, East attempts to construe disputed facts in his favor (particularly concerning the circumstances and timing of his report). Second, East ignores the fact that, like his own, Born and Cooley's "identifications" were also fabrications. Dkt. 170. Third, and most significantly, East has erroneously framed Tobias's fabrication claim as being limited solely to his written statement. Tobias's clam is that the notion East made an "identification" itself was false and fabricated: after not identifying Tobias, he agreed to falsely claim that he had. The fabrication, then,

occurred the very day East was interviewed by detectives, before Tobias was
arrested. Evidence of that fabrication exists in (1) the chronology of the Murder
Book from August 20, 2012, (2) the probable cause determination used to charge
Tobias in the first place on August 2012, (3) the August 2012 arrest report, (4)
Detective Arteaga's handwritten and typed notes, and, *additionally*, (5) East's
written statement form.

Plaintiff's Affirmative Statement of Facts (ASOF) are hereby incorporated
by reference and cited below for specific arguments.

## III.    Relevant Procedural History

East has effectively already had two rounds of summary judgment, and now
seeks a different result the third go-round. The first time this Court addressed the
issue of causation as follows:

> Officer East maintains any Section 1983 claims against him fail
> because his conduct was not the proximate cause of Plaintiff's injury.
> But this is simply another disputed issue of fact for the jury. *See
> Caldwell v. City and Cty. Of San Francisco*, 889 F.3d 1105, 1115 (9th
> Cir. 2018) (citing NINTH CIR. JURY INSTR. COMM., MANUAL
> OF MODEL CIVIL JURY INSTRUCTIONS, § 9.33 (2017) ("The
> defendant [name] deliberately fabricated evidence that was
> used to [[criminally charge] [prosecute] [convict]] the plaintiff.")).

Dkt. 170, at 17 n.4. After an appeal and remand for a claim-by-claim consideration
of the claims against East, and after briefing devoted to causation, this Court cited
*Spencer v. Peters*, 857 F.3d 789, 793 (9th Cir. 2017), and explained:

> While the detectives' interrogation and other actions, if improper,
> almost certainly caused more injury to Plaintiff, East's allegedly false
> statements could have contributed to Plaintiff's harm. East's testimony
> could have been important to the chain of events in several ways. For
> example, unlike the LAPD witnesses, East was a witness outside of the
> investigating agency who was familiar with Plaintiff prior to the
> investigation. Because of this, East's identification could have carried
> more weight with a judge or a prosecutor than an identification by
> LAPD officers.

4

Dkt. 270 at 5. As a result, the motion was denied. *Id.*

## IV.    A Reasonable Jury Can Easily Find East Fabricated Evidence and that It Caused Tobias Harm

In this remand, the only thing this Court needs to do is elaborate on its conclusion that East's fabrications harmed Tobias in some way. This Court's analysis—that a reasonable jury may conclude that East's fabrications could have contributed to Plaintiff's injuries—was correct, and well-supported by the record.

### A. East Bears the Burden Here

East suggests that Tobias bears the burden of proof at summary judgment, acting as if there is <u>no</u> evidence sufficient for a reasonable jury to find for Tobias. Br. at 10-11. This contention fails. For one, this Court has already twice decided that East's causation arguments are for the jury, not the Court at summary judgment (and did so specifically after requesting additional briefing on the issue of causation). The notion there is <u>no</u> evidence against East has already been rejected. Second, while Tobias bears the ultimate burden at trial, East has failed to meet his initial burden of showing an absence of evidence, as he must. *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc*., 213 F.3d 474, 480 (9th Cir. 2000). There is a wealth of evidence that East's fabrications harmed Tobias.

### B. East Fabricated An "Identification" He Never Made

There is no dispute Tobias had a clearly established constitutional due process right not to be subjected to criminal arrest, charges, prosecution, or conviction on the basis of false evidence that was fabricated by the government; the "proposition is virtually self-evident." *Devereaux v. Abbey*, 263 F.3d 1070, 1074-75 (9th Cir. 2001) (en banc)). Indeed, East makes no challenge to this established law.

Plaintiff's Response in Opposition to East's Renewed Motion For Summary Judgment
2:17-cv-1076-DSF-AS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

Fabrication can occur in myriad ways. It "'can be shown by direct evidence, for example, when 'an interviewer . . . deliberately mischaracterizes witness statements in her investigative report.'" *Spencer v. Peters*, 857 F.3d 789, 793 (9th Cir. 2017) (quoting *Costanich v. Dep't of Soc. & Health Servs.*, 627 F.3d 1101, 1111 (9th Cir. 2010)).  Fabrication occurs when state actors say, agree to say, write, or generate other "evidence or statements" that were "never made." *Costanich*, 627 F.3d at 1112; *see also id.* at 1111 (explaining that an "investigator who purposefully reports that she has interviewed witnesses, when she has actually only attempted to make contact with them, deliberately fabricates evidence"); *Caldwell*, 899 F.3d at 1117-18 (triable issue of fact as to evidence fabrication where allegation included the claim that the officer authored "falsified notes"); *Blankenhorn v. City of Orange*, 485 F.3d 463, 482 (9th Cir. 2007) ("A police officer who maliciously or recklessly makes false reports to the prosecutor may be held liable for damages incurred as a proximate result of those reports." (citing *Barlow v. Ground*, 943 F.2d 1132, 1136 (9th Cir. 1991)).

16
17
18
19
20
21
22
23
24
25

East <u>did not</u> identify Tobias from the surveillance video. ASOF ¶¶67-68. Nonetheless, and despite massive discrepancies between Tobias and the perpetrator, *id.* ¶¶52, 54, 57-58,  East decided to fabricate evidence by agreeing to claim that he had "identified" Tobias when, in fact, he had not. *Id.* ¶73-76. Again, Tobias's claim against East is not confined to the written statement; it includes the antecedent fabricated identification itself. This fabrication appears in the chronological record in the Murder Book, where Cortina wrote that East "stated the suspect in the video 'Looks like Art Tobias,'" when East did not say this at all. *Id.* ¶¶88-89. The fabrication is repeated in the arrest report, and in the probable cause

Plaintiff's Response in Opposition to East's Renewed Motion For Summary Judgment
2:17-cv-1076-DSF-AS

determination that was used to prosecute Tobias. *Id.* ¶99. And, additional

fabrication appears in East's written statement form documenting a positive

identification contrary to what actually occurred. *Id.* ¶¶82-87.

In fact, East's decision to say he identified Plaintiff when he did not is

evident by the audio of the interview, which provides a wealth of information

beyond the transcript itself.[1] To break it down, again: East immediately recognized

that the perpetrator in the video was too large to be a middle school student, and

after twice watching the video concluded that he could not ID someone from the

video. *Id.* ¶66-68. After stating that he was thinking of someone "a lot smaller in

stature" than the person in the video, he mentioned Tobias. *Id.* ¶69-70. The

detectives immediately told East: "that's who we think it is." *Id.* ¶71. After

laughing, East then agreed to assist the detectives in implicating Tobias, and began

searching for pictures of Tobias that might look more like the perpetrator in the

video as well as searching for "Field Identification" cards of Tobias. *Id.* ¶¶72-74.

Collectively, East and the Detectives (Arteaga and Motto) decide to say East had

identified Tobias, when he had not. *Id.* ¶¶75-76. The fabrication, accordingly,

appears in Arteaga's notes, the chronological record, the arrest report, the probable

cause determination and, finally, East's statement. *Id* ¶¶90, 97-103. As to the

statement, at no point, ever, did East say he is "fairly sure the suspect in the video

*is* Art Tobias." *Id.* ¶¶83, 85. Likewise, East's report falsely states that "the person

in the video had a distinct walk and stature which is similar to that of Art Tobias,"

---

[1] The transcript of the audio obscures what is happening when East, Arteaga, and
Motto discuss what they will say East said. From the audio, between 14:48 to
15:40, Arteaga is plainly asking Motto what they are going to put in East's
statement and East is a part of the discussion.

Plaintiff's Response in Opposition to East's Renewed Motion For Summary Judgment
2:17-cv-1076-DSF-AS

1  when in fact East said the opposite—that the shooter's stature was too big to be a

2  middle school student—when he viewed the video. *Id.* ¶86.

3   ### C. A Reasonable Jury Can Easily Find East's Fabrication Harmed
4   Tobias In Some Way

5   #### 1. East's Fabrications Were Part of The Evidentiary Record Used to
6   Support the Incarceration and Prosecution of Tobias Before
    Trial, Causing Tobias Harm

7  To establish the element of causation, "the plaintiff must show that (a) the

8  act was the cause in fact of the deprivation of liberty, meaning that the injury

9  would not have occurred in the absence of the conduct; and (b) the act was the

10  'proximate cause' or 'legal cause' of the injury, meaning that the injury is of a type

11  that a reasonable person would see as a likely result of the conduct in question.'"

12  *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017) (citing *Whitlock v.*

13  *Bruggemann*, 682 F.3d 567, 582–83 (7th Cir. 2012)).

14  As East recognizes, Br. at 7, it is well established that "a § 1983 plaintiff

15  need not be *convicted* on the basis of the fabricated evidence to have suffered a

16  deprivation of liberty—being criminally charged is enough." *Caldwell*, 889 F.3d at

17  1115 (citing *Devereaux*, 263 F.3d 1070, 1074–75 (9th Cir. 2001) (en banc)

18  ("[T]here is a clearly established constitutional due process right not to be

19  subjected to criminal charges on the basis of false evidence that was deliberately

20  fabricated by the government."), and NINTH CIR. JURY INSTR. COMM.,

21  MANUAL OF MODEL CIVIL JURY INSTRUCTIONS, § 9.33 (2017) ("The

22  defendant [name ] deliberately fabricated evidence that was used to [[criminally

23  charge] [prosecute] [convict]] the plaintiff." (brackets in original)). Put differently,

24  "a police officer who manufactures false evidence against a criminal defendant

25

8

1    violates due process if that evidence is later used to deprive the defendant of her

2    liberty *in some way*." *Whitlock* 682 F.3d at 580 (emphasis added).

3         As a result, and as the Ninth Circuit emphasized in *Caldwell*, police conduct

4    that becomes part of the "evidentiary record" in the authorization of the charges

5    against the plaintiff is sufficient to permit a jury to find causation. 889 F.3d at

6    1117; *see id.* (triable issue as to causation where "the allegedly fabricated

7    identification was part of the evidentiary record that [the prosecutor] reviewed

8    prior to authorizing charges against [the plaintiff]"). Summary judgment must be

9    denied where, as here, "a jury could reasonably conclude that the prosecutor relied

10   on the falsified [evidence] in deciding to charge" the plaintiff. *Id.* at 1118.

11        Causation can be found short of conviction because fabrications that

12   comprise part of "the documentary record before the prosecution and defense" can

13   impact "the course of the criminal proceedings independent of any testimony to the

14   notes' contents. . . . Their very existence, even if not introduced as evidence at

15   trial," can impact a plaintiff's criminal prosecution "independent of the officers'

16   testimony." *Gregory v. City of Louisville,* 444 F.3d 725, 741 (6th Cir. 2006).

17        Here, Tobias's claims against East pertain to the damages he suffered from

18   his wrongful incarceration after he was arrested and while he was awaiting trial in

19   pretrial detention, not for the subsequent wrongful incarceration after trial. There is

20   no dispute that East's fabrications were presented to the prosecutor, and a

21   reasonable jury can easily find these documents were "relied on [by the prosecutor]

22   in deciding to charge" Tobias for the Castaneda homicide. *Caldwell*, 889 F.3d at

23   1118; ASOF, ¶¶ 85-90, 97-104. East's fabrications were part of the chronology, the

24   probable cause statement, the arrest report, and Arteaga's notes, all of which were

25

9

Plaintiff's Response in Opposition to East's Renewed Motion For Summary Judgment
2:17-cv-1076-DSF-AS

undisputedly part of the record at the time Tobias was charged. *Id.* As a result,
Tobias spent almost nine months in pretrial detention before he suffered *further*
after being wrongfully convicted. *Id.* ¶¶105-109.

There is no dispute that East's fabrications—and East statement form
itself—were part of the evidentiary record that supported the prosecution in the
pretrial posture. There is no dispute the chronological record and East's statement
form were provided to the prosecutor not only right when the charges were
authorized but additionally as the pretrial detention wore on. *Id.* ¶¶ 85-90, 97-104.
Indeed, as East admits, he met with the prosecutor and discussed his fabricated
identification and report with the prosecutor before trial. *Id.* ¶¶017. This is more
than sufficient for a reasonable jury to conclude that East's fabrications caused
Tobias harm. *See Caldwell*, 889 F.3d at 1117-18; *Arnold v. Int'l Bus. Machines
Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (preliminary steps are a "cause in fact"
of a subsequent commitment order); *cf. Rodarte v. Skagit Cty.*, 2021 WL 4969676,
at *8 (W.D. Wash. Oct. 26, 2021) (denying summary judgment on issue of
causation where there was a question of fact as to whether fabrications "played a
role in the decision to file criminal charges against Plaintiff" despite the existence
of other evidence); *Theodoropoulos v. Cty. of Los Angeles*, 2020 WL 5239859, at
*4 (C.D. Cal. July 17, 2020), report and recommendation adopted, 2020 WL
6161454 (C.D. Cal. Oct. 20, 2020) (fabrication need only play a "material role" in
the prosecution of the plaintiff to be actionable).[2]

---

[2] There is no dispute that the prosecutor was presented with East's fabrications
both at the time Tobias was charged and, additionally, while Tobias was
wrongfully detained before trial. ASOF ¶¶97-104, 106-07. No prosecutors were
deposed in civil discovery.

Plaintiff's Response in Opposition to East's Renewed Motion For Summary Judgment
2:17-cv-1076-DSF-AS

### 2. East Misunderstands How the Fact Issue of Causation Works, and Ignores that It is A Question for the Jury, Not Summary Judgment

East's motion is misguided for several other reasons.

*First*, the question of causation is intensely factual and generally one for the jury, rather than the Court at summary judgment. *See Pac. Shores Properties, LLC v. City of Newport Beach,* 730 F.3d 1142, 1168 (9th Cir. 2013) (explaining that causation "is an intensely factual question that should typically be resolved by a jury." (citing *White v. Roper,* 901 F.2d 1501, 1505–06 (9th Cir.1990) (citing W. PROSSER & W. KEETON, THE LAW OF TORTS, §§ 41, 42, 45 (5th ed.1984))). It will be for the jury to weigh the significance of East's fabrications vis-à-vis the other misconduct by defendants. The issue of relatively culpability is an issue for *damages*, not judgment as a matter of law. *See, e.g., Munden v. Stewart Title Guar. Co.*, 8 F.4th 1040, 1044 (9th Cir. 2021) (at summary judgment courts "do not engage in credibility determinations or weigh evidence"); *Rebman v. Perry,* No. CV-04-5064-EFS, 2007 WL 218713, at *2 (E.D. Wash. Jan. 25, 2007) (The verdict evinces the jury was able to distinguish between Dr. Perry and the nurses' respective conduct and to listen to and apply the causation opinions of the parties' experts. Given the jury's ability to weigh this evidence, the allocation of liability is best left to the jury.").

*Second*, East misunderstands the law of causation where, as here, there are multiple tortfeasors. The Ninth Circuit has been clear that "'[a]nyone who 'causes' any citizen to be subjected to a constitutional deprivation is also liable" because the "requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause

11

others to inflict the constitutional injury.'" *Arnold v. Int'l Buis. Machines Corp.*, *637 F.2d 1350, 1356 (9th Cir. 1981)*(quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).[3]

East's argument is premised upon the notion that there can only be one cause "cause in fact" of a deprivation of liberty, but this understanding contradicts established case law, like *Caldwell*, *Arnold*, *Gregory*, and others, which recognizes that fabrications can constitute an actionable due process claim even when not repeated at trial, and even when a plaintiff is not ultimately convicted. This is because fabricated evidence can cause serious harm in the form of unlawful deprivation of liberty during the pre-trial period, and because fabricated evidence can set in motion a chain of events that results in prosecution and conviction even if not used itself at trial. In other words, the causation standard is necessarily flexible, as it must be to avoid absurd results. *See Tibbetts v. Kulongoski*, 567 F.3d 529, 539 (9th Cir. 2009) (explaining that the Ninth Circuit has "shown considerable flexibility when evaluating the cause of a deprivation of constitutional rights").

Defendant East's theory is apparently that he cannot be liable because others are "more" liable. This notion has been rejected by the Supreme Court, precisely because it would lead to absurd results. *See, e.g.*, *Paroline v. United States*, 572 U.S. 434, 451-52 (2014) ("[T]ort law teaches that alternative and less demanding

---

[3] While *Arnold* and *Johnson* are older cases, neither has been abrogated or overruled. And, *Johnson* is frequently cited in § 1983 suits as it relates to causation in the Ninth Circuit and in this District. *See, e.g.*, *Dahlia v. Rodriguez*, 735 F.3d 1060, 1078 n. 22 (9th Cir. 2013); *Tibbetts v. Kulongoski*, 567 F.3d 529, 539 (9th Cir. 2009); *Alhambly v. Los Angeles Cty.*, 2020 WL 5045313, at *5 (C.D. Cal. Aug. 3, 2020); *Eng v. Cty. of Los Angeles*, 737 F. Supp. 2d 1078, 1100 (C.D. Cal. 2010).

Plaintiff's Response in Opposition to East's Renewed Motion For Summary Judgment
2:17-cv-1076-DSF-AS

1  causal standards are necessary in certain circumstances to vindicate the law's

2  purposes. It would be anomalous to turn away a person harmed by the combined

3  acts of many wrongdoers simply because none of those wrongdoers alone caused

4  the harm. And it would be nonsensical to adopt a rule whereby individuals hurt by

5  the combined wrongful acts of many . . . would have no redress, whereas

6  individuals hurt by the acts of one person alone would have a remedy."); *cf.*

7  *Johnson,* 588 F.2d at 743-44.

8      Under general tort principles (which courts look to when assessing causation

9  in § 1983 actions), the relevant question of causation is whether a reasonable jury

10  could find East's fabrications were "a substantial factor" in bringing about the

11  harm. *See, e.g., Monroe v. Pape,* 365 U.S. 167, 188 (1961) (explaining that § 1983

12  "should be read against the background of tort liability that makes a man

13  responsible for the natural consequences of his actions"); RESTATEMENT (FIRST) OF

14  TORTS § 9 (1934)("In order that a particular act or omission may be the legal cause

15  of an invasion of another's interest, the act or omission must be a substantial factor

16  in bringing about the harm.").[4] As the Ninth Circuit explained in *Pacific Shores,*

17  ───────────────

18  [4] *See also In re Werner*, 2019 WL 641411, at *10 (B.A.P. 9th Cir. Feb. 13, 2019), *aff'd*, 817 F. App'x 432 (9th Cir. 2020) (A misrepresentation or omission is a cause

19  in fact if it was 'a substantial factor' in determining the course of conduct leading to the loss." (citing Restatement §§ 546, 548A, and *Sharfarz v. Goguen (In re*

20  *Goguen)*, 691 F.3d 62, 70 (1st Cir. 2012)); *Brodheim v. Cry,* 584 F.3d 1262, 1271 (9th Cir. 2009) (as to causation, a plaintiff need only point to a substantial or

21  motivating factor for the alleged harm suffered) (citing *Soranno's Gasco, Inc. v. Morgan,* 874 F.2d 1310, 1314 (9th Cir.1989)); *Lal v. California Dep't of Corr. &*

22  *Rehab.,* No. CV 18-2056-CJC (DFM), 2018 WL 4191483, at *5 (C.D. Cal. Aug. 31, 2018) (invoking the substantial factor test in § 1983 suit); *Vaster v. Hudgins,*

23  No. CV-13-5031-EFS, 2016 WL 676398, at *7 (E.D. Wash. Feb. 18, 2016) (same);

24  *ChromaDex, Inc. v. Elysium Health, Inc.*, 2019 WL 7166056, at *1 (C.D. Cal. Oct.

25  9, 2019) ("The 'substantial factor' standard generally produces the same results as

while the plaintiff bears the burden "of demonstrating that the defendant's conduct caused some harm," a plaintiff is "not required to eliminate entirely all possibility that the defendant's conduct was not a cause." 730 F.3d at 1168. At summary judgment, it is enough for a plaintiff to "introduce[ ] evidence from which reasonable men may conclude that it is more probable that the event was caused by the defendant than that it is not.'" *Id.* (quoting RESTATEMENT (SECOND) OF TORTS § 433B, cmt. b (1965)). As a result, "[t]he plaintiff doesn't have to prove a series of negatives; he doesn't have to 'offer evidence which positively excludes[s] every other possible cause of the accident.'" *Id.* (quoting *BCS Servs., Inc. v. Heartwood 88, LLC*, 637 F.3d 750, 757 (7th Cir.2011) (quoting *Carlson v. Chisholm–Moore Hoist Corp.*, 281 F.2d 766, 770 (2d Cir.1960) (Friendly, J.)). Instead, a plaintiff "can demonstrate causation by proving that the defendant's wrongful conduct was a 'substantial factor' in bringing about the harm in question." *Id.* (quoting Restatement § 431(a), and citing *Benefiel v. Exxon Corp.*, 959 F.2d 805, 807 (9th Cir. 1992) (describing the "substantial factor" test as a "uniformly accepted principle [ ] of tort law")).

Here, a reasonable jury can find that East's fabrications were a substantial factor in causing Tobias's wrongful pre-trial detention. After all, East's fabrications were part of the probable cause determination, in the Murder Book chronology, in the Arrest Report, in East's statement form, and discussed when East met with the prosecutor). ASOF, ¶¶97-104, 106-07.

---

does the but for' rule of causation, but it also reaches beyond it to 'address other situations, such as those involving independent or concurrent causes in fact." (internal quotes and citations omitted).

14

1    In fact, a reasonably jury could conclude that East's fabricated identification

2    was critical to setting in motion a chain of events that resulted in Tobias's

3    wrongful prosecution and conviction. Before East's fabricated identification on

4    August 20, 2012, the detectives did not believe they had probable cause to arrest

5    Tobias. Response to East Statement of Fact, ¶14. It was only after East's fabricated

6    identification that they believed they were permitted to arrest Tobias (which is

7    what they did), in turn permitting the unlawful interrogation that resulted in a false

8    confession, and then his wrongful prosecution and conviction. Indeed, a reasonable

9    jury could go so far as to conclude that East's fabrications assisted the arrest and

10    prosecution in essential ways by opening the door to a chain of events that would

11    not have otherwise been on the table. (This is analogous to the logic behind the

12    fruit of the poisonous tree doctrine under the Fourth Amendment, *see Wong Sun v.*

13    *United States*, 371 U.S. 471, 484–86 (1963); *United States v. Gorman*, 859 F.3d

14    706, 716 (9th Cir. 2017)). Before meeting with East, the Detectives did not attempt

15    to arrest or interrogate Tobias, even when they learned he was at the school; it was

16    not until after their multiple conversations with East—where the fabrications

17    occurred—that they arrested Tobias and took him to the station (where East then

18    joined them). A reasonable jury can easily conclude that East's fabrications—as a

19    law enforcement officer who knew Tobias and was willing to falsely claim he had

20    "identified" him from the surveillance video—turned the tide on the entire day,

21    ushering in and enabling the subsequent arrest, interrogation, and other misconduct

22    to occur in the first place. In any event, at minimum under proper tort law

23    causation principles, East's arguments about causation are for the jury.

24

25

Plaintiff's Response in Opposition to East's Renewed Motion For Summary Judgment
2:17-cv-1076-DSF-AS

1      *Third*, East has ignored the findings this Court has already made, which need

2   only be fleshed-out in more detail; *i.e.*, by setting out how a reasonable jury could

3   find East's fabrications harmed Tobias in some way. This Court was correct, in its

4   first summary judgment order that East's arguments are for the jury. Dkt. 170 at 17

5   n.4. This Court was has already recognized that, essentially, that a reasonable jury

6   can conclude East's fabrications could have harmed Tobias. Dkt. 270 at 4. This

7   Court need only clarify that its *reasoning* constitutes a finding of what a reasonable

8   jury could find, which is why summary judgment must be denied on the intensely

9   factual question of causation.

10      After citing *Spencer* and other applicable authorities, this Court previously

11  explained that "East's testimony could have been important to the chain of events

12  in several ways," including that (1) "unlike the LAPD witnesses, East was a

13  witness outside of the investigating agency who was familiar with Plaintiff prior to

14  the investigation," and that (2) East's identification could have carried more weight

15  with a judge or a prosecutor than an identification by LAPD officers."   Dkt. 270 at

16  5. This Court was correct, and the only modification required at this juncture, on

17  remand and under other Ninth Circuit authorities, is to clarify that: *a reasonable*

18  *jury* can find causation because East's fabrications (though not his testimony at

19  trial, for which he has immunity) contributed to Tobias's deprivation of liberty

20  before trial; that a *reasonable jury* can reach this conclusion because (1) unlike the

21  LAPD detectives, East knew Tobias, and so a reasonable jury could find his

22  identification was critical to the attempts to obtain probable cause (and

23  reciprocally, if the only person who actually knew Tobias had not identified him

24  from the video it would have severely undermined the case against Tobias); and (2)

25

16

Plaintiff's Response in Opposition to East's Renewed Motion For Summary Judgment
2:17-cv-1076-DSF-AS

1  that a *reasonable jury* could therefore conclude that East's fabrications were

2  significant in causing Tobias to be charged and prolonging his detention.

3       Indeed, the record makes clear that a reasonable jury could find causation

4  not only for the reasons the Court already pointed to but, additionally, because

5     • East's fabrications are in the chronology for the Murder Book, the

6       probable cause determination, the arrest report, and East's own statement,

7       ASOF, ¶¶82-00, 97-99;

8     • it is undisputed that East's August 20, 2012 fabricated identification was

9       part of the evidence presented to the Deputy District Attorney on August

10      22, 2012, *id.* ¶¶100-04;

11    • it is undisputed that East's August 20, 2012, fabricated identification was

12      part of the evidence presented to the Deputy District Attorney in advance

13      of trial, *id.* ¶¶105-06;

14    • East met with the prosecutor before trial and discussed his fabrications

15      but did not admit he had not actually identified Tobias or that he put false

16      information into his report, *id.* ¶107;

17    • East in fact did testify at trial about his relationship with Tobias before

18      the murders (confirming this Court's analysis that East's knowledge of

19      Plaintiff before the Castaneda homicide would allow a reasonable jury to

20      find his fabrications were significant), but defense counsel could not

21      reasonably cross examine him about his highly exculpatory failure to

22      identify Tobias because of his subsequent fabrications claiming the

23      contrary, *Id.* ¶107;

24

25

Plaintiff's Response in Opposition to East's Renewed Motion For Summary Judgment
2:17-cv-1076-DSF-AS

- there was no other inculpatory evidence beyond the "identifications" and false confession ever presented to the District Attorney before the case went to trial, *id.* ¶105; and

- (7) East's fabricated identification was what permitted Detectives to believe they could arrest Tobias, and thus set in motion the chain of events resulting in his prosecution and conviction, *id.* ¶¶80-81.

### 3. Disputed Issues of Material Fact Preclude Summary Judgment on The Fact Question of Causation

East's motion should also be denied because disputed issues of fact preclude ruling, definitively, on the quintessential fact question of causation. While Plaintiff's claim against East is not limited to just the written statement, but includes the antecedent fabrication and agreeing to say he identified Tobias when he did not, the record is not as "clear" as East would have this Court believe.

In particular, when the statement was written, and the role that statement played in advancing the prosecution of Tobias, are both disputed. Properly construed—with the facts in the light most favorable to Tobias, and reasonable inferences from those facts in his favor—a reasonable jury could conclude that East's statement was written and submitted on August 20, 2012, the same day he fabricated the identification. *Id.* ¶82. Indeed, it is undisputed that on August 20 East went to the LAPD station with the Detectives; that East sometimes wrote statements at LAPD offices; that East's statement was written on an LAPD form; that the form is not dated; and that East's fabricated identification appears in documents generated on August 20, before Tobias was charged (e.g., the probable cause determination, the August 20, 2012 chronology entry in the Murder Book, and the Arrest Report). *Id.* ¶¶82-91. Put simply, East wrote the statement that very

Plaintiff's Response in Opposition to East's Renewed Motion For Summary Judgment
2:17-cv-1076-DSF-AS

day, and, on Plaintiff's facts, wrote it at the police station before turning it over to
Detective Cortina (who was the one who wrote both the probable cause
determination, the chronology for the Murder Book, and the Arrest Report). *Id.* A
reasonable jury can easily conclude, in addition to the antecedent fabrication
identification, that East's fabricated statement was given to Cortina on August 20,
or else Cortina would not have included the information in three other documents
with the same date. *Id*. East's contentions otherwise are for the jury.

Finally, even East's attempt to point to self-serving, post-discovery
declarations from the detectives fails. Those declarations, claiming that the East
Statement was not submitted until September of 2012, contradict their *own* reports.
*See, e.g.*, Response to East Statement of Fact, ¶37 (Cortina report contradicts his
declaration as to when he received statements from East and Negroe). In such a
circumstance, summary judgment cannot be granted; particularly on a fact issue
like causation.

**V.    This Court Should Reconsider Its Ruling that East is Not Liable for
Agreeing to Fabricate Evidence Against Tobias**

As the foregoing illustrates, there is more than enough evidence in the record
to permit a reasonable jury to find that East did, in fact, enter an agreement with
the Detectives to fabricate evidence against Tobias. East's fabrications appear not
just in his form, but in several police documents, falsely claiming he identified
Tobias when he did not. A 1983 conspiracy (*i.e.*, an agreement or meeting of the
minds) "may be inferred from conduct and need not be proved by evidence of an
express agreement"." *Ward v. EEOC*, 719 F.2d 311, 314 (9th Cir. 1983). Indeed,
an agreement "may be inferred on the basis of circumstantial evidence such as the
actions of the defendants" meaning, for example,  a showing that the alleged

Plaintiff's Response in Opposition to East's Renewed Motion For Summary Judgment
2:17-cv-1076-DSF-AS

conspirators have committed acts that 'are unlikely to have been undertaken without an agreement' may allow a jury to infer the existence of a conspiracy. *See Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1301-02 (9th Cir. 1999). (quoting *Kunik v. Racine County,* 946 F.2d 1574, 1580 (7th Cir. 1991)). In addition, while each participant must "share the common objective" of the conspiracy, "each participant in the conspiracy need not know the exact details of the plan. *Franklin v. Fox*, 312 F.3d 423, 441 (9th. Cir. 2002);

Like causation, the existence of an "unlawful conspiracy is generally a factual issue and should be resolved by the jury, "so long as there is a possibility that the jury can 'infer from the circumstances (that the alleged conspirators) had a 'meeting of the minds' and thus reached an understanding' to achieve the conspiracy's objectives." *Mendocino Environmental Center*, 192 F.3d at 1301-02 (quoting *Hampton v. Hanrahan,* 600 F.2d 600, 621 (7th Cir.1979)).

Here, East and Plaintiff see the facts very differently. With the clarification that Tobias's claims against East extend beyond just the written statement, this Court should reexamine the issue of whether a jury can find East agreed to falsely prosecute Tobias—an inference readily made from the fact that he could not make an identification, but then after speaking to the detectives and hearing them explain the importance of his identification to charging Tobias, agreed to claim he had made an identification. ASOF, ¶66-80. The inference is further supported by the fact that East's fabrications appear not only in East's statement form but in other documents in the investigation written by Cortina (who was not at the middle school); East helped the Detectives identify other officers to try to make "identifications"; he arrested another student with Tobias at the detectives' request

Plaintiff's Response in Opposition to East's Renewed Motion For Summary Judgment
2:17-cv-1076-DSF-AS

1   and followed them to the police station; he used *their* form for his statement;  and

2   he was specifically told that Tobias was going to "frickin pay" if Negroe did not

3   make an identification (which is exactly what happened). *Id.* ¶¶81-92, 97-99. This

4   is sufficient. *Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (en

5   banc); *Caldwell* , 899 F.3d at 1117-18; *Arnold*, 637 F.2d at 1355; *Pacific Shores*,

6   730 F.3d at 1168.[5]

7                              **Conclusion**

8           A reasonable jury could conclude that on August 20, 2012, East fabricated

9   an identification of Tobias that never happened. It is undisputed that this

10  fabrication was documented in several places and presented to the prosecutor to

11  obtain charges against Tobias on August 22, 2012.  In addition, a reasonable jury

12  could also infer from the facts that East's written statement was written and

13  submitted on August 20, when East was at Rampart station with the detectives.

14  That statement, too, was then part of the Murder Book presented to the prosecutors

15  to obtain charges against Tobias. Either the fabricated identification or the

16

17

_____

18  [5] East argues that the Second Amended Complaint includes a "judicial admission"
    about the confession. Br. at 11. East is mistaken. The Second Amended Complaint
19  likewise pleaded, as to the fabrication claim, that absent Defendants misconduct,
    "the prosecution of Plaintiff could not and would not have been further
20  prosecuted" and that the fabrications "directly and proximately resulted in the
    unjust and wrongful" conviction and imprisonment of Tobias. Dkt. 67, at 36 ¶182-
21  82. Because a "plaintiff is generally entitled to plead alternative or multiple
    theories of recovery on the basis of the same conduct on the part of the defendant,"
22  *MB Fin. Grp., Inc. v. U.S. Postal Serv.*, 545 F.3d 814, 819 (9th Cir. 2008)
23  (citing  FED. R. CIV. P. 8(D)(2)  ("A party may set out [two] or more statements of a
24  claim or defense alternatively or hypothetically, either in a single count or defense
    or in separate ones."), there was no "judicial admission" whatsoever.
25

Plaintiff's Response in Opposition to East's Renewed Motion For Summary Judgment
2:17-cv-1076-DSF-AS

1    fabricated statement—and of course both—were a substantial factor in Tobias's

2    wrongful pre-trial detention, and thus sufficient to deny summary judgment.

3            For these reasons, East's motion for summary judgment should be denied.

4                                    Respectfully submitted,

5
                                     **ART TOBIAS**
6

7                                    By:  /s/ David B. Owens_
                                           *Attorneys for Plaintiff*
8

9                                    David B. Owens, Cal. Bar No. 275030
                                     david@loevy.com
10                                   Anand Swaminathan*
                                     LOEVY & LOEVY
11                                   311 N. Aberdeen Street, 3rd Floor
                                     Chicago, Illinois 60607
12                                   (312) 243-5900
                                     (312) 243-5902 (Fax)
13                                   *admitted pro hac vice

14

15

16

17

18

19

20

21

22

23

24

25

Plaintiff's Response in Opposition to East's Renewed Motion For Summary Judgment
2:17-cv-1076-DSF-AS