David B. Owens, Cal. Bar No. 275030
david@loevy.com
Anand Swaminathan*
*Attorney for Plaintiff, Art Tobias*
LOEVY & LOEVY
311 N. Aberdeen Street, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900
*admitted pro hac vice

Anya J. Goldstein
Summa LLP
800 Wilshire Blvd., Suite 1050
Los Angeles, CA 90017
T: (213) 260-9451

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART TOBIAS, | Case No. 2:17-cv-1076-DSF-AS |
| Plaintiff, | **Plaintiff's Separate Statement of Material Facts In Response to East's Motion for Summary Judgment** |
| v. | |
| CITY OF LOS ANGELES, et al. | Date: January 24, 2022 |
| Defendants. | Time: 1:30 p.m. |
| | JUDGE: Hon. Dale S. Fischer |
| | [Filed Concurrently with Plaintiff's Opposition to Motion for Summary Judgment, Response to Defendant East's Statement of Undisputed Facts, Revised Exhibit Index, and Additional Evidence] |

Plaintiff's Separate Statement of Material Facts in Response to East's Renewed Motion for Summary Judgment ent
2:17-cv-1076-DSF-AS

The Declaration of David B. Owens, Exhibits, and Index to Exhibits, were previously filed at Dkt. 132, with Plaintiff's Response to Defendants' Motion for Summary Judgment. To streamline Plaintiff's opposition to East's renewed motion for summary judgment, and to avoid further redundancy on the Docket, Plaintiff has submitted a Revised Index of Exhibits, with exhibits below bearing the same number as the prior filing, along with citations to the docket numbers corresponding to those exhibits to the Declaration of David B. Owens.

| UNCONTROVERTED MATERIAL FACTS | SOURCE |
|---|---|
| 49. Plaintiff Art Tobias was wrongfully charged, prosecuted, and ultimately convicted of shooting Alex Castaneda and two others in August 2012. Plaintiff had nothing to do with the Castaneda homicide shooting and was completely innocent. Plaintiff spent three years and five months—from ages 13 to 17—incarcerated for a crime he did not commit, causing him unimaginable damages. | Ex. 86 (Tobias Dep.) at 209:21-210:4, 215:19-23, 384:17-85:15 (period of confinement, damages). |
| 50. On August 18, 2012, about forty minutes after midnight, Alex Castaneda was shot and killed on the 1400 block of Alvarado Terrace in Los Angeles, California. At the time of the shooting, Castaneda was with a group of friends, two of whom were also shot but whose injuries were not fatal. | Ex. 3, Dkt. 132-4 (Death Investigation Report by Motto/Pere, LAPD 2178) |

| | | |
|---|---|---|
| 1 2 3 4 | 51. Two perpetrators fired guns at the group; one in dark clothing on the far side of the street and one in a white shirt closer to the group. The perpetrators fled the scene in a reddish car, possibly a Hyundai. | Ex. 47, Dkt. 132-49 (Preliminary Case Screening at LAPD 2170), Ex. 48, Dkt. 132-50 (Alfonzo Cruz FI Card at LAPD 2596). |
| 5 6 7 8 9 10 11 12 | 52. The perpetrator in a white shirt closer to the victims was described by several witnesses who were present at the scene of the shooting. They uniformly described the shooter as an adult. In particular, witness Ricky Mora described the white shirt shooter as "male Hispanic 20-30 years old, wearing a white muscle shirt with a pistol in his hand." Witness Kevin Soria described the shooter as "male Hispanic 18-19 years old about 6 ft, 190-200 lbs. wearing a white shirt." | Ex. 47, Dkt. 132-49 (Preliminary Case Screening at LAPD 2170), Ex. 49, Dkt. 132-51 (Ricky Mora FI Card, LAPD 2597); Ex. 50, Dkt. 132-52 (Kevin Soria FI Card at LAPD 2598). |
| 13 14 15 16 | 53. The perpetrators were also reported to have yelled "MS" or "Mara Salvatrucha" before shooting, indicating their gang affiliation. | Ex. 47, Dkt. 132-49 (Preliminary Case Screening at LAPD 2170), Ex.49, Dkt. 132-51 (Ricky Mora FI Card, LAPD 2597); Ex. 50, Dkt. 132-52 (Kevin Soria FI Card at LAPD 2598). |
| 17 18 19 20 | 54. Art Tobias did not match the description of the shooter in the slightest. At the time of the shooting, he was 13 years old, and was 4'11" and 110 pounds, and wore dark rimmed glasses. | Ex. 35, Dkt. 132-37 (Born Statement Form); Ex. 88 (East Dep.) at 112:21-113:13; Ex. 33, Dkt. 132-35 (Tobias FI Card) at 2327; Ex. 18, Dkt. 132-20 (Arteaga Dep.) at 6:21-7:7. |
| 21 22 23 24 | 55. Tobias also was *not* a member of the MS gang believed to be responsible for the shooting. This information was known to the LAPD, both to gang enforcement officers and as told to the detectives | Ex. 35, Dkt. 132-37 (Born Statement Form); Ex. 30, Dkt. 132-32 (Born Dep.) at 91:8-92:7; Ex. 13, Dkt 132-14 (Tobias Interrogation Transcript) at Tobias_PLA 28:12-15, 32:9-13. |

25

Plaintiff's Separate Statement of Material Facts in Response to East's Renewed Motion for Summary Judgment ent
2:17-cv-1076-DSF-AS

| | | |
|---|---|---|
| 1<br>2<br>3<br>4 | that interrogated Tobias. | |
| 5<br>6<br>7<br>8 | **56.** None of the eyewitnesses to the crime provided any information implicating Plaintiff. The eyewitness also never identified anyone. Indeed, none of the eyewitnesses was ever shown a photo array or in-person lineup of potential suspects to attempt to identify the shooter. | Ex. 56, Dkt. 132-58 (Chronological Record at LAPD 2159); Ex. 47, Dkt. 132-49 (Preliminary Investigation Form) at LAPD 2170-71; Ex. 73, Dkt. 132-75 (Detective Defendants' Response to First Interrogatories) at Interrogatory No. 11. |
| 9<br>10<br>11<br>12 | **57.** Surveillance video from the scene of the Castaneda murder captured the white shirted perpetrator in the act of shooting. | Ex. 28, Dkt. 132-30 (Surveillance Video). |
| 13<br>14<br>15<br>16<br>17<br>18 | **58.** The shooter depicted in the video did not look like Tobias in the slightest. The person depicted in the video was much bigger, clearly heavyset, and much older than Tobias. The shooter in the video also did not appear to be wearing glasses. | Ex. 28, Dkt. 132-30 (Surveillance Video); Ex. 29, Dkt. 132-31 (Freeze-frame of shooter); Ex. 88 (East Dep.) at 90:23-91:1, 134:22-136:1; Ex. 6, Dkt. 132-8 (audio of East interview) at shooter in video "appears to be a large student to be a middle school student"); Ex. 30, Dkt. 132-32 (Born Dep.) at 116:14-22 (person in video appears bigger that Tobias). |
| 19<br>20<br>21<br>22 | **59.** Nevertheless, despite no resemblance to the witnesses' descriptions of the perpetrator or to the person depicted in the video, Defendants made Tobias a suspect in the Castaneda homicide. | *See infra.* |

23
24
25

Plaintiff's Separate Statement of Material Facts in Response to East's Renewed Motion for Summary Judgment ent
2:17-cv-1076-DSF-AS

| | | |
|---|---|---|
| 1 2 3 4 5 6 | **60.** In fact, Tobias could not have committed the crime. He was at home when the shooting happened. His mother saw him at home and spoke to him at 12:42am, which she remembers because she showed him the time on her phone. Tobias was wearing a black Scooby Doo t-shirt (not a white shirt like the one the Castaneda shooter was wearing). | Ex. 9, Dkt. 132-10 (Contreras Dep.) at 76:15-77:1; Ex. 14, Dkt. 132-15 (Trial Transcript at Tobias_PLA 606, 608). |
| 7 8 9 10 | **61.** Detectives Cortina, Pere, Motto and Arteaga were all Rampart division homicide detectives at the time (collectively, the "Detective Defendants"). | Ex. 87 (Cortina Dep.) at 79:25-80:17; Ex. 46, Dkt. 132-48 (Pere Dep) at 22-25, 27, 33. |
| 11 12 13 14 15 16 | **62.** Motto and Arteaga interviewed Defendant LAUSD Officer Daniel East. | Ex. 40, Dkt. 132-42 (Homicide Manual, Section 6.2) at LAPD 376; Ex. 6, Dkt. 132-7 (Berendo Tr); Ex. 18, Dkt. 132-20 (Arteaga Dep.) at 47:6-10, 72:7-16, 274:5-276:22; Ex. 87 (Cortina Dep.) at 79:25-80:17, 230:18-21; Ex. 89 (Motto Dep.) at 58:15-24; Ex. 46, Dkt. 132-48 (Pere Dep.) at 45:4-25,46:7-11. |
| 17 18 19 20 21 22 23 24 | **63.** This Court has already concluded that a reasonable jury can find that Defendants Cooley and Born fabricated evidence against Tobias, claiming they "identified" him from the surveillance video despite the fact neither one had met Tobias; despite the obvious differences between the perpetrator and Tobias; and other record evidence. As with East, Tobias's claim against Born and Cooley | Dkt. 170 (Order Denying Motions for Summary Judgment); *see also* Response to East's Statement of Fact, ¶¶8, 12 (incorporated by reference). |

25

Plaintiff's Separate Statement of Material Facts in Response to East's Renewed Motion for Summary Judgment ent
2:17-cv-1076-DSF-AS

| | | |
|---|---|---|
| | includes not only their written reports but also their fabrications in agreeing to falsely claim they had honestly "identified" Tobias from the video. | |
| 64. | On the afternoon of August 20, 2012, Arteaga and Motto went to Berendo Middle School, Tobias' school, with the purpose of trying to obtaining "identifications" of Tobias. | Ex. 56, Dkt. 132-58 (Chronological Record) at LAPD 2159; Ex. 31, Dkt. 132-33 (Arteaga Statement Form) at LAPD 2635. |
| 65. | They met at the school with Defendant Daniel East. East is a Los Angeles Unified School District officer. His duties also involved conducting criminal investigations at school and working with other law enforcement agencies at times, including LAPD. East learned the detectives were coming. | Ex. 56, Dkt. 132-58 (Chronological Record) at LAPD 2159; Ex. 53, Dkt. 132-55 (East Statement Form) at LAPD 2636; Ex. 88 (East Dep.) at 37:11-38:4, 128:12-18. |
| 66. | East was told by the detectives that they had a suspect in mind and that the person was a current Berendo student. He was told that he was going to watch a video, and be asked to make an identification. | Ex. 6, Dkt. 132-7 (Transcript of Recording from Berendo Middle School) ("Berendo Tr.") at 4:8-17; Ex. 7, Dkt. 132-8 (Audio Recording from Berendo Middle School) ("Berendo Audio"). |
| 67. | When East first watched the video of the Castaneda shooting, he immediately recognized that the suspect was too large to be a middle school student; and too large to be a 13 or 14 year-old. | Ex. 6, Dkt. 132-7 (Berendo Tr.) at 9:13-15; 9:21-24; Ex. 7, Dkt. 132-8 (Berendo Audio) |

Plaintiff's Separate Statement of Material Facts in Response to East's Renewed Motion for Summary Judgment ent
2:17-cv-1076-DSF-AS

| | |
|---|---|
| **68.** When East watched the video a second time, he did not identify Plaintiff or anyone. Instead, he confirmed that he could not make an identification based upon the video. | Ex. 6, Dkt. 132-7 (Berendo Tr.) at 10:11-15. |
| **69.** Although East could not make an identification, he told the detectives he was "thinking of" a person too small to be the person in the video; someone who was "a lot smaller in statute" than the person in the video. | Ex. 6, Dkt. 132-7 (Berendo Tr.) at 10:22-11:3. |
| **70.** Despite knowing that the person was too large to be a middle student, despite not being able to make an identification from the video, and despite knowing that Plaintiff was too small in stature to be the person in the video, East told the detectives he had been "thinking of" Art Tobias. | Ex. 6, Dkt. 132-7 (Berendo Tr.) at 10:22-11:3; Ex. 7, Dkt. 132-8 (Berendo Audio). |
| **71.** Even though East knew the person in the video was too big to be Tobias, and East could not identify a person from the video, the detectives explicitly informed East that they believed Tobias was the shooter, saying "that's who we think it is." | Ex. 6, Dkt. 132-7 (Berendo Tr.) at 10:3; Ex. 7, Dkt. 132-8 (Berendo Audio). |
| **72.** East knew that Plaintiff was too small to be the person in the video, and laughed out loud when he was told that the detectives suspected Plaintiff was the shooter. | Ex. 6, Dkt. 132-7 (Berendo Tr.) at 11:1-5; Ex. 7, Dkt. 132-8 (Berendo Audio). |

| | | |
|---|---|---|
| 1 2 3 4 5 6 7 | 73. Nonetheless, East agreed to assist the detectives in implicating Plaintiff in the crime. After finding out that Plaintiff was the suspect, East was shown a picture of Tobias. Then, East attempted to help the Detectives by pulling up additional photographs of Plaintiff, which East had in his school files. In the course of this meeting, East and the Detectives discussed what East's statement should be. | Ex. 6, Dkt. 132-7 (Berendo Tr.) at 11:3-12:7, 13:13-14:15; Ex. 7, Dkt. 132-8 (Berendo Audio). |
| 8 9 10 11 12 13 14 15 16 | 74. East agreed to claim that he had identified plaintiff when he had not and to assist in the investigation. East agreed to attempt to pull "Field Interview" ("FI") cards of Plaintiff; East knew that someone had died from the Castaneda shooting; and East knew that the Detectives did not have enough evidence to inculpate Plaintiff; and East even knew that, without a "cold turkey" identification, the Detectives planned to "try to rope [Plaintiff']s] mother" into the investigation. | Ex. 6, Dkt. 132-7 (Berendo Tr.) at 17:20-22; Ex. 7, Dkt. 132-8 (Berendo Audio). |
| 17 18 19 20 | 75. East understood that the video of the Castaneda shooting did not depict Plaintiff, and that the detectives were going to try to get identifications from additional people, including Mr. Negroe and Plaintiff's mother. | Ex. 6, Dkt. 132-7 (Berendo Tr.) at 17:15-18:5; Ex. 7, Dkt. 132-8 (Berendo Audio). |
| 21 22 23 24 | 76. In fact, Detective Motto put it in no uncertain terms: If the detectives did not get positive identifications from "everybody, including [Plaintiff's] mother," then they would "have a hard time | Ex. 6, Dkt. 132-7 (Berendo Tr.) at 18:1-5; Ex. 7, Dkt. 132-8 (Berendo Audio). |

25

Plaintiff's Separate Statement of Material Facts in Response to East's Renewed Motion for Summary Judgment ent
2:17-cv-1076-DSF-AS

| | | |
|---|---|---|
| | proving what you [East] just saw. So somebody's going to have to frickin pay." | |
| | 77. Arteaga and Motto then proceeded to show the video to Roger Negroe, an assistant Dean at the school. Negroe made no identification. Negroe was able to tell the detectives, from reviewing the video, that the suspect is "chubby." | Ex. 6, Dkt. 132-7 (Berendo Tr.) at 21-22, 22:23-24; Ex. 7, Dkt. 132-8 (Berendo Audio). |
| | 78. When Negroe left the room after making no identification from the surveillance video, he had a conversation with East in which they discussed that they both viewed the video and that the Detectives' suspect was a Berendo student. | Ex. 88 (East Dep.) at 40:19-42:4. |
| | 79. After Negroe did not make an identification, East met with Arteaga and Motto again. This meeting was not recorded. East knew that Negroe had not made an identification and discussed with them that he would be writing a report claiming to have identified Tobias, knowing it would be used to help prosecute Plaintiff for the Castaneda homicide. | Ex. 89 (Motto Dep.) at 116:20-117:14; Ex. 88 (East Dep.) at 45:4-12, 46:1-12; Ex. 6, Dkt. 132-7 (Berendo Tr.) at 17:19-18:5; Ex. 7, Dkt. 132-8 (Berendo Audio). |
| | 80. With the benefit of East's agreement to falsely claim that the person in the video was Tobias, Detectives Motto and Arteaga arrested Tobias for the Castaneda Homicide at 3:30 pm at Berendo Middle School. | Ex. 56, Dkt. 132-58 (Chronological Records) at LAPD 2159, Ex. 1, Dkt. 132-2 (Arrest Report of Art Tobias) at Tobias_PLA 000179; Ex. 71, Dkt. 132-73 (Follow-Up Report) at LAPD 2277; Ex. 87 (Cortina Dep.) 261:15-18; Ex. 18, Dkt. 132-20 (Arteaga Dep.) at 38:20-24. |

Plaintiff's Separate Statement of Material Facts in Response to East's Renewed Motion for Summary Judgment ent
2:17-cv-1076-DSF-AS

| | | |
|---|---|---|
| 1 2 3 | **81.** East was present when Plaintiff was arrested and even drove another student to the Rampart station. | Ex. 88 (East Dep.) at 51:22-52:25, 47:8-9, 48:5-24. |
| 4 5 6 7 8 9 10 | **82.** East wrote his statement and delivered it to Detective Cortina at Rampart station the same day. | Ex. 53, Dkt. 132-55 (East Statement Form) at LAPD 2636 (on LAPD statement form, not LAUSD); Ex. 88 (East Dep.) at 51:22-25 (went to Rampart Station same day), 59:20-60:1 (would write reports at LAPD station), 69:17-70:23 (admitting that he created the report same day or next day), 106:23-25 (no delay in getting his statement form to detectives). |
| 11 12 13 14 | **83.** In the recorded meeting with the detectives, East never once stated he was "fairly sure that the suspect in the video is Art Tobias." | *See generally* Ex. 6, Dkt. 132-7 (Berendo Tr.) at l, Ex. 7, Dkt. 132-8 (Berendo Audio). |
| 15 16 17 | **84.** In the recorded meeting with the detectives, East never once stated the person in the video "is Art Tobias." | *See generally* Ex. 6, Dkt. 132-7 (Berendo Tr.); Ex. 7, Dkt. 132-8 (Berendo Audio). |
| 18 19 20 21 22 23 24 | **85.** Yet, East's report includes the false claim that after watching the video East stated he was "fairly sure that the Suspect in the video is Art Tobias." In watching the video multiple times East never said that phrase, or that the person "looks like Tobias," and instead stated the person was too big to be a middle school student and that he could not | Ex. 6, Dkt. 132-7 (Berendo Tr.) at 14:16-18, 10-15; Ex. 7, Dkt. 132-8 (Berendo Audio); Ex. 53, Dkt. 132-55 (East Statement Form) at LAPD 2636. |

25

Plaintiff's Separate Statement of Material Facts in Response to East's Renewed Motion for Summary Judgment ent
2:17-cv-1076-DSF-AS

| | | |
|---|---|---|
| | identify someone from the video. | |
| | **86.** East's report also includes the false claim that "the person in the video had a distinct walk and stature which is similar to that of Art Tobias," when in fact he had said the opposite – that the shooter's stature was too big to be a middle school student – when he viewed the video. | *Compare* Ex. 53, Dkt. 132-55 (East Statement Form) at LAPD 2636, *with* Ex. 6, Dkt. 132-7 (Berendo Tr.) at 9:13-15; 9:21-24; 10:24-11:2 (Art Tobias "is a lot smaller in statute" than the person on the video). |
| | **87.** East included this statement in an attempt to bolster his false claim that he had identified Plaintiff, when he had not, because East knew that Negroe had not identified Plaintiff and they would have trouble proving the case against Tobias based upon his false reporting alone. | Ex. 6, Dkt. 132-7 (Berendo Tr.) at 17-18 |
| | **88.** Detective Cortina memorialized East's fabrication in the chronological record for the Murder Book the same day as well, falsely stating that when he initially watched the video East said the perpetrator "Looks like Art Tobias." | Compare Ex. 56, Dkt. 132-58 (Chronological Record) at LAPD 2159 with Ex. 6, Dkt. 132-7 (Berendo Tr.) at 9:13-15; 9:21-24, 10:11-15, 10:22-11:3. |
| | **89.** In the recorded meeting with the detectives, East never once stated the perpetrator "Looks like Art Tobias" but actually stated the person was too big to be a middle school student and that he could not ID someone from the video. | *See generally* Ex. 6, Dkt. 132-7 (Berendo Tr.) at 1, Ex. 7, Dkt. 132-8 (Berendo Audio). |

Plaintiff's Separate Statement of Material Facts in Response to East's Renewed Motion for Summary Judgment ent
2:17-cv-1076-DSF-AS

| | | |
|---|---|---|
| 1 2 3 4 5 6 7 8 9 10 11 12 | 90. The Chronology, the initial Arrest Report, East's report, the Detectives' handwritten notes, Arteaga's typed report about the interview, and all other police reports concerning the interactions between East and the detectives at the middle school omit the fact that (1) East was told who the suspect was; (2) East was shown a picture of Plaintiff; (3) East pulled up multiple pictures of Plaintiff; (4) East was told that unless people made identifications they "would have trouble proving what [East] just saw"; (5) that they were going to try to "rope" Plaintiff's mother into the investigation; (6) that if they failed in those efforts somebody was going to have to "frickin pay." | Ex. 56, Dkt. 132-58 (Chronological Record) at LAPD 2159; Ex. 31, Dkt. 132-33 (Arteaga Statement Form) at LAPD 2635; Ex. 85, Dkt. 132-87 (Arteaga Handwritten Notes) at LAPD 2634; Ex. 53, Dkt. 132-55 (East Statement Form) at LAPD 2636; Ex. 1, Dkt 132-2 (Tobias Arrest Report) at Tobias_PLA 179-181. |
| 13 14 15 16 17 18 | 91. At the Rampart station, as they had discussed with East, Defendants conducted an interview of Helen Contreras, Tobias's mother, and an interrogation of Plaintiff. The goal was to obtain a confession from Plaintiff, as well as an identification of Tobias from the video by his mother. | *See* ASOF ¶¶ 92-93, *infra*; Ex. 6, Dkt. 132-7 (Berendo Tr.) at 18:1-5; Ex. 7, Dkt. 132-8 (Berendo Audio). |
| 19 20 21 22 23 24 | 92. As Detective Motto had told East, the plan was to attempt to "rope" Tobias's mother (Contreras) into the investigation by trying to get her to falsely "identify" Plaintiff. Detective Arteaga showed Contreras a still image of the shooter. He did not show Contreras the video. Contreras immediately stated "that's not him. That's not what he was | See ASOF ¶¶ 112-114, *supra*; Ex. 16, Dkt. 132-17&132-18 (Contreras Interrogation Transcript) at Tobias_PLA 1369, 1370, 1387. |
| 25 | | |

Plaintiff's Separate Statement of Material Facts in Response to East's Renewed Motion for Summary Judgment ent
2:17-cv-1076-DSF-AS

| | | |
|---|---|---|
| | wearing that day when he came home." Contreras did not ever identify Plaintiff from the blurry image. | |
| | **93.** In the interview, Contreras repeatedly denied that her son was involved. She repeatedly informed Arteaga that her son was not the person depicted in the image he showed her from the shooting, that he had came home by 12:42am, and that he was wearing a black t-shirt with a cartoon character on it. She even recognized what was happening: "You're wrongfully accusing my son right now." | Ex. 16, Dkt. 132-17&132-18 (Contreras Interrogation Transcript) at Tobias_PLA 1368, 1369, 1370, 1385 ("that boy . . . that you showed me on the camera, that was not my son"), 1387, 1389. |
| | **94.** Eventually, after asking for attorney, invoking his right to silence several times, asking for his mother at least three times, and denying involvement dozens of times, Tobias' will was finally overborne and he falsely confessed to a crime he did not commit. | Ex. 13, Dkt. 132-14 (Tobias Interrogation Transcript) at Tobias_PLA 82-104; Ex. 12, Dkt. 132-13 (Tobias Interrogation Video); Ex. 19, Dkt. 132-21, Dr. Leo Decl. (Dr. Leo June 10 Report) at 24-25, 28-30. |
| | **95.** The confession was false and coerced, and a result of the improper tactics above. Tobias confessed because of the threats, promises, and other tactics used to overbear his will. | Ex. 86, (Tobias Dep.) at 211, 213-14, 215, 272-76, 288-90; Ex. 19, Dkt. 132-21, Dr. Leo Decl.(Dr. Leo June 10 Report) at 25; Ex. 19, Dkt. 132-21, Dr. Leo Decl.(Dr. Leo July 15 Report) at 1-5. |
| | **96.** In addition, after the interrogation was over and the Detective Defendants had obtained a false confession, they allowed Tobias to finally speak with his mother, which was secretly recorded. The first thing Tobias told | Ex. 13, Dkt. 132-14 (Tobias Interrogation Transcript) at Tobias_PLA 107-08; Ex. 19, Dkt. 132-21 Dr. Leo Decl. (Dr. Leo June 10 Report) at 25. |

| | | |
|---|---|---|
| | his mother is that he did not do it, and that "they forced me to" confess. He also told her that he only confessed because "they were going to tell the judge that I'm a cold blooded killer and I'm going to get more time." | |
| | **97.** On the night of August 20, 2012, Defendant Cortina wrote out a Probable Cause Determination/Declaration, The information on the form was for the purpose of getting charges approved against Tobias. On the form, in support of probable cause Cortina wrote that the "facts establishing elements of offense" included an identification of Tobias by Defendant East. | Ex. 54, Dkt. 132-56 (Probable Cause Determination) at LAPD 2221; Ex. 87 (Cortina Dep.) at 215:2-216:14, 217:9-218:21, 219:12-18, 220:13-15. |
| | **98.** East's fabrications were memorialized in an August 20, 2012 entry in the chronological record for the Murder Book. | Ex. 56, Dkt. 132-58 (Chronological Record) at LAPD 2159. |
| | **99.** At some point on August 20, 2012, East's fabrications were also memorialized in the "Arrest Report" for Tobias, including the statement that, after watching the video, "Officer East indicated the male in the video looked like Art Tobias," when he had not said this. | Ex. 1, Dkt. 132-2 (Tobias Arrest Report) at Tobias_PLA 179-181 |
| | **100.** Defendants Cortina and Pere met with the Deputy District Attorney Malene, on August 22, 2012 to present the case for charges. | Ex. 56, Dkt. 132-58 (Chronological Record) at LAPD 2160, 2262-2264; Ex. 87 (Cortina Dep.) at 220:25-221:10 |

| | | |
|---|---|---|
| 1 2 3 4 5 6 7 8 | **101.** The evidence the Detectives presented to the Deputy DA in seeking to charge Tobias with murder included chronology of the murder book as it existed at that time, the arrest report, the probable cause determination, Arteaga's notes and report, and East's statement, all of which included the false claim that East had identified Tobias, said the person in the video "is" or "looked like" Tobias, as described below. | Ex. 87 (Cortina Dep.) at 220:13-15, 221:21-23; *infra* ¶102-103. |
| 9 10 11 12 | **102.** Indeed, the presentation to Deputy District Attorney Malene included LAPD Detective Cortina's probable cause declaration, which cited the fabricated identification of Tobias by East. | Exhibit 64, Dkt. 132-66, (Chronological Record) at LAPD 2159-60; Ex. 87 (Cortina Dep.) at 218:10-221:23. |
| 13 14 15 16 17 18 19 20 21 22 23 24 | **103.** The presentation to Deputy District Attorney Malene also included the LAPD Murder Book as it existed on August 22, 2012. The information contained in the Murder Book and presented to Deputy District Attorney Malene included the following references to East's fabricated identification:<br>- Cortina's probable cause declaration relying on East's fabricated identification<br>- Arteaga's handwritten note falsely stating that East had identified Tobias<br>- Cortina's August 20 chronological record entry summarizing the Detectives' interview of East and falsely stating that East had identified | Ex. 87 (Cortina Dep.) at 218:10-221:23; Exhibit 64, Dkt. 132-66 (Chronological Record) at LAPD 2159-60; Ex. 54, Dkt. 132-56 (Probable Cause Determination) at LAPD 2221; Exhibit 64, Dkt. 132-66 (Arteaga Notes) at LAPD 2634; *supra* at ¶¶82, 97-102. |

25

Plaintiff's Separate Statement of Material Facts in Response to East's Renewed Motion for Summary Judgment ent
2:17-cv-1076-DSF-AS

| | | |
|---|---|---|
| | Tobias<br>- East's fabricated statement written and given to the detectives on August 20. | |
| | **104.** Based on the presentation to Deputy DA Malene, which included East's fabricated identification and fabricated written statement, Tobias was charged with murder. | Exhibit 64, Dkt. 132-66, (Chronological Record) LAPD 2159-60. |
| | **105.** Between August 2012 and May 4, 2013, when the case went to trial, no additional evidence beyond what was presented to the D.A. suggesting Tobias was involved in the Castaneda homicide was generated (and, in fact, the Detectives suppressed exculpatory evidence in violation of Due Process). The only evidence used to detain Tobias after August 20, 2012 and before trial consisted of (1) East's fabrications (in various documents, as set forth above), (2) Born's fabrications, (3) Cooley's fabrications, and (4) the false and coerced confession. | Exhibit 64, Dkt. 132-66 (Castaneda Final Report in Murder Book) at LAPD 02275-80; Exhibit 64, Dkt. 132-66 (Chronological Record) at LAPD 2160-64. |
| | **106.** East's fabrications, including his written report, were in the Murder Book and specifically provided to the prosecutor who was trying the case while Tobias was in pretrial detention and before trial. | Exhibit 64, Dkt. 132-66 (Chronological Record) LAPD 2164. |

Plaintiff's Separate Statement of Material Facts in Response to East's Renewed Motion for Summary Judgment ent
2:17-cv-1076-DSF-AS

| | |
|---|---|
| **107.** East testified at trial against Tobias, while Cooley and Born did not. In preparation for his trial testimony, East met with the deputy district attorney trying the case. In that meeting, East discussed his fabricated written statement with the deputy DA, which included his false identification of Tobias. | Ex. 88 (East Dep.) at 13:21-14:1, 14:24-16:18. |
| **108.** Tobias was continually detained for more than 8 months, between August of 2012 and May of 2013, in pretrial detention until the when the case went to trial in May of 2013. | Exhibit XX, (Tobias 6/4/18 Dep.) at 115:2-116:12; Ex. 71, Dkt. 132-73 (Follow up Report) at LAPD 2280. |
| 46. Tobias was wrongfully convicted of Castaneda's murder on May 10, 2013. | Exhibit 64, Dkt. 132-66 (Chronological Record) at LAPD 02164; Exhibit 17 (Motto Deposition) 250-251. |
| **109.** On February 11, 2015, the California Court of Appeal, Second Appellate District, overturned Plaintiff's conviction and ordered a new trial. The State did not re-try Tobias. | Ex. 43, Dkt. 132-45 (Art T. Decision). |

Respectfully submitted,

**ART TOBIAS**

By: /s/ David B. Owens
 *Attorneys for Plaintiff*

David B. Owens, Cal. Bar No. 275030

Plaintiff's Separate Statement of Material Facts in Response to East's Renewed Motion for Summary Judgment ent
2:17-cv-1076-DSF-AS

|   |   |
|---|---|
| 1 | david@loevy.com |
| 2 | Anand Swaminathan* |
|   | LOEVY & LOEVY |
| 3 | 311 N. Aberdeen Street, 3rd Floor |
|   | Chicago, Illinois 60607 |
| 4 | (312) 243-5900 |
|   | (312) 243-5902 (Fax) |
| 5 | *admitted pro hac vice |