**Arthur C. Preciado** (SBN 112303)
art.preciado@gphlawyers.com
**Calvin House** (SBN 134902)
calvin.house@gphlawyers.com
GUTIERREZ, PRECIADO & HOUSE, LLP
3020 E. Colorado Boulevard
Pasadena, CA 91107
Tel: 626-449-2300 | Fax: 626-449-2330
Attorneys for Defendant
L.A. School Police Officer Daniel East

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART TOBIAS,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF LOS ANGELES; SGT. SANCHEZ, #25339; DETECTIVE MICHAEL ARTEAGA, #32722; DETECTIVE JEFF CORTINA, #35632; DETECTIVE J. MOTTO, #25429; DETECTIVE JULIAN PERE, #27434; OFFICER MARSHALL COOLEY, #38940; OFFICER BORN, #38351; L.A. SCHOOL POLICE OFFICER DANIEL EAST, #959; and UNIDENTIFIED EMPLOYEES of the CITY OF LOS ANGELES,<br><br>  Defendant. | No. 2:17-cv-01076-DSF-AS<br><br>**Defendant East's Reply Brief in further support of Motion for Summary Judgment**<br><br>Date: January 24, 2022<br>Time: 1:30 p.m. |

1

**Table of Contents**

Introduction ........................................................................................................... 1

Argument .............................................................................................................. 1

   A. There is no basis for the falsification claim other than the written statement. ...................................................................................................... 2

   A. There is no evidence that Officer East's written statement was a cause in fact of Tobias's deprivation of liberty. ......................................................... 3

      1. Arrest ............................................................................................... 4

      2. Filing of Charges ............................................................................. 4

   B. Tobias has not met his burden to provide evidence that raises a triable issue. ............................................................................................................. 6

Conclusion ............................................................................................................ 7

## Table of Authorities

**CASES**

*Caldwell v. City & County of San Francisco*,
   889 F.3d 1105 (9th Cir. 2018) ................................................................. 1, 4, 7
*Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) .................................... 6
*Hall v. City of Los Angeles*,
   697 F.3d 1059 (9th Cir. 2012) ........................................................................ 2
*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) ....................................................................................... 3
*McLaughlin v. Liu*,
   849 F.2d 1205 (9th Cir. 1988) ........................................................................ 3
*Spencer v. Peters*,
   857 F.3d 789 (9th Cir. 2017) .......................................................................... 1

**STATUTES**

42 U.S.C. § 1983 ....................................................................................................... 7

**Introduction**

Art Tobias's opposition to the summary judgment motion is long on rhetoric, argument, and speculation, but short on any evidence to satisfy his burden of raising a triable issue that Officer East's written statement was a cause in fact of the deprivation of Tobias's liberty. Instead of linking evidence to alleged facts that would establish causation in fact, the opposition falls back on the Court's earlier ruling that East's written statement "could have" contributed to Tobias's harm, claiming that all the Court need do is add the words "a reasonable jury *can* find" to the previous ruling. That is directly contrary to the Ninth Circuit's ruling that the Court should *not* apply a "could have" standard, but should apply the *Spencer* legal standard, by determining whether Tobias has raised a triable issue that the fabricated evidence "was the cause in fact and proximate cause of his injury." Dkt. 283, p. 3. Because Tobias has not provided evidence to meet that burden, the Court should grant summary judgment to Officer East.

**Argument**

The causation element of a fabrication of evidence claim requires proof that "(a) the act was the cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the absence of the conduct; and (b) the act was the 'proximate cause' or 'legal cause' of the injury, meaning that the injury is of a type that a reasonable person would see as a likely result of the conduct in question." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). See also *Caldwell v. City & County of San Francisco*, 889 F.3d 1105, 1115 (9th Cir. 2018) ("To establish causation, [a plaintiff] must raise a triable issue that the fabricated evidence was the cause in fact and proximate cause of his injury"). It is not enough that the written statement "could have" contributed to Tobias's injury. Dkt. 283, p. 3.

### A. *There is no basis for the falsification claim other than the written statement.*

Both this Court and the Ninth Circuit have been clear that, if Tobias has a fabrication claim, it must be based on the difference between the recorded interview and the latter written statement. (Dkt. 283, p. 2 ("here, we are asked to weigh the sufficiency of the evidence with respect to discrepancies between East's oral and written statements"); Dkt. 270, p. 4 ("The alleged falsehood in question is East's written statement that he was "fairly sure" that the person in the video was Plaintiff"); Dkt. 170, p. 16 ("While watching the surveillance video, Officer East told Detectives that he had a hard time identifying anyone; he eventually identified Plaintiff and said he was "so much smaller in real life." Yet Officer East's written statement says he was "fairly sure" the suspect was Plaintiff because the individual had a distinct walk and stature similar to Plaintiff, facts not mentioned in his recorded conversation with Detectives").)

Nonetheless, Tobias seems to now be claiming that there was some other fabrication that occurred between the recorded interview and the written statement. That claim is not a basis for denying Officer East's summary judgment motion, for two reasons:

1. This Court lacks jurisdiction to decide anything other than the issue remanded by the Ninth Circuit. "A district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). Here, the Ninth Circuit made clear that the fabrication of evidence claim to be re-examined was based on the "discrepancies between East's oral and written statements." (Dkt. 283, p. 2.)

2. Even if the Court had jurisdiction to consider Tobias's alternative theory, Tobias has failed to point to any evidence to support it. The theory appears to rest on the factual assertions in Nos. 73-80 of Tobias's separate statement. (Dkt. 298,

2

pp. 8-9.) In that portion of his separate statement, he asserts that Officer East entered into an agreement to falsely claim that he had identified Tobias as the shooter even though he had not. The only items of evidence cited to support this assertion are the recording and transcript of the interview (Dkt. 132-7 and 132-8), portions of the depositions of East (Dkt. 297-4, Motto (Dkt. 297-5), Arteaga (Dkt. 132-20), and Cortino (Dkt. 297-3), and some documents from the Murder Book (Dkt. 132-2, 132-58, 132-73). None of those documents contain any reference to an agreement by Officer East to make a false identification. Although Tobias purports to rely on written statements from the LAPD detectives characterizing the interaction with Officer East as an identification, those statements do not show that Officer East fabricated anything. They are the detectives' interpretations of what Officer East said during the recorded interview.

The opposition argues that Tobias is entitled to rely on this agreement to falsify theory, because the Court should draw reasonable inferences in his favor. But, where a party relies on circumstantial evidence to oppose summary judgment, he must produce "some evidence" that excludes the possibility the moving party acted properly. *McLaughlin v. Liu*, 849 F.2d 1205, 1206-07, 1209 (9th Cir. 1988), citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Tobias's theory that Officer East had made a false identification after the recorded interview, but before he submitted his written statement rests entirely on circumstantial evidence. But, he has not identified a shred of evidence to exclude the possibility that there never was such an agreement.

### A. *There is no evidence that Officer East's written statement was a cause in fact of Tobias's deprivation of liberty.*

Of the four points described in the moving papers where deprivation of Tobias's liberty was at issue, he only appears to claim a triable issue as to the arrest and the presentation to the deputy district attorney who decided to file charges. Although the opposition also asserts that the "fabrications" had an effect "as the

3

pretrial detention wore on" (Dkt. 297, p.15), it does not explain when there would have been an opportunity to end the deprivation of liberty after Tobias was arrested, detained at juvenile hall, and charged with the murder.

The citation to *Caldwell* to support this argument is unconvincing. There "the allegedly fabricated identification was part of the evidentiary record that Giannini reviewed prior to authorizing charges against Caldwell. And there is no dispute that [the] identification was a crucial piece of evidence against Caldwell." *Caldwell*, *supra*, 889 F.3d 1117. As the full quotation makes clear, the mere presence of a false identification in the record of a criminal case does not establish causation in fact. Instead, the plaintiff must show that the identification was reviewed in connection the filing of charges and that it was a crucial piece of evidence.

1.   *Arrest*

Tobias's claim as to the arrest is that the false identification that supposedly occurred between Officer East's recorded interview and the submission of his written statement was critical to the arrest. (Dkt. 297, p. 20.) We have explained above that the Ninth Circuit remanded this case to determine whether the discrepancies between the recorded interview and the written statement were a cause in fact of a deprivation of liberty, and that the opposition does not identify any evidence from which one could infer that there was some fabrication other than the written statement. The written statement could not have had any impact on the decision to arrest, because Officer East did not even prepare it until after he left LAPD Rampart Station later that day.

2.   *Filing of Charges*

To support his argument that Officer East's identification caused the filing of charges, Tobias asserts that the "fabrications" were part of the following documents submitted to the assistant district attorney who decided to file charges: the chronology, the probable cause statement, the arrest report, and LAPD Detective Arteaga's notes. Although those documents mention Officer East they did not, and

could not, identify Officer East's written statement as an item to be relied on in deciding whether to prosecute. The case against Tobias was presented for filing on August 22, 2012. Both East and Cortina have declared under oath that the statement was not delivered until September 4, 2012. Tellingly, the chronology that Tobias relies on to claim that the "falsifications" were part of the presentation to the deputy district attorney states in one of the entries for 9/4/12: "Cortina – Telephone Berendo Middle School (twice) left a voice message for Dean Negroe and called back and left a voice message for Daniel East, LAUSD Police Officer requesting the statement forms again. Officer East showed up at the station and provided me with statement forms for both he and Dean Negroe." (Dkt. 295, pp. 4-5.)

      Although Tobias attempts to dispute that evidence by asserting that the written statement was delivered to the LAPD Detectives the same day that Tobias was arrested (see Dkt. 298, p. 10, No. 82, pp. 15-16, No. 103), he has not identified any evidence that raises a triable issue as to the timing of the delivery of the written statement. The evidence he cites to support those factual assertions are (1) the written statement itself (Dkt. 132-55), which bears the date and time of the interview, but contains no information about when it was submitted; (2) excerpts from Officer East's deposition where he states in response to a general question about where he would write reports related to incidents at the school, that he might write them on the computer system at LAPD (Dkt. 297-4, p. 16), that he wrote the statement the day of his recorded interview or the day after (Dkt. 297-4, p. 18), and that he was not aware of any delay in delivering his statement to the LAPD Detectives (Dkt. 297-4). When asked directly when he took the document over to the LA Rampart Division, Officer East said "within a few days of the incident." (Dkt. 293-5, p. 32.) None of that testimony contradicts his declaration that he delivered the written statement on September 4, 2012. It certainly does not support the claim that he delivered it to the LAPD Detectives on the night of August 20, 2012.

### B. *Tobias has not met his burden to provide evidence that raises a triable issue.*

Although Tobias argues that the moving papers misapprehend the standards for determining whether there is a triable issue as to causation in fact, it is the opposition that mangles the standards beyond recognition. The moving papers explained that where, as here, the nonmoving party has the burden of proof at trial, the moving party satisfies his initial summary judgment burden by "pointing out through argument the absence of evidence to support plaintiff's claim." *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) Once the moving party has done that, the adverse party "'may not rest upon the mere allegations or denials of the adverse party's pleading,' but must provide affidavits or other sources of evidence that 'set forth specific facts showing that there is a genuine issue for trial.'" *Ibid.*

Here, the moving papers met Officer East's summary judgment burden by putting all the evidence that bears upon the role of Officer East's written statement in the decisions that deprived Tobias of his liberty, and pointing out through argument that none of that evidence showed that the written statement was a cause in fact of any deprivation. The moving papers also relied on Tobias's judicial admission that the "only reason" he was prosecuted and convicted was the confession that the LAPD defendants extracted from him when they interrogated him. 2d Amended Complaint, ¶¶ 170, 176 (Dkt. 67, pp. 34-35). Tobias has not provided any basis for relieving him of the consequences of that admission.

Instead of acknowledging his burden, and pointing to specific evidence that raises a triable issue, Tobias attempts to disguise the lack of evidence with three misleading arguments:

First, he claims, in the face of settled case law and the Ninth Circuit's mandate in this case, that the Court should apply a "substantial factor" standard to the causation issue. Decision after decision makes clear that the plaintiff in a section 1983 case must establish causation in fact, or but-for causation, meaning

6

that the injury would not have occurred in the absence of the conduct. *Spencer*, *supra*, 857 F.3d at 798; *Caldwell*, *supra*, 889 F.3d at 1115 (9th Cir. 2018). Tobias has not explained how his evidence shows that he would not have suffered a deprivation of liberty if Officer East had never submitted his written statement.

Second, he erroneously claims that the moving papers argue that there can only be one cause in fact of a particular injury. They do not. Like the Ninth Circuit's mandate, the moving papers argue that Tobias is required to provide evidence that Officer East's written statement was a cause in fact. There is no question that there may be more than one cause in fact. The weakness in Tobias's claim is that he has no evidence that Tobias's statement was a cause at all.

Finally, Tobias purports to rely on "findings" that the Court made in earlier proceedings, suggesting that the Court can go back to them and ignore the Ninth Circuit's mandate to apply the *Spencer* cause in fact standard, instead of denying summary judgment because the written statement could have contributed to Tobias's injury. According to the opposition, all the Ninth Circuit mandate requires is to add the words "a reasonable jury can find" to the previous determination. That would certainly not satisfy that Court's instruction not to base the decision on remand on what "could have" happened.

**Conclusion**

The chronology of events established by the record of the criminal investigation, the sworn testimony of those involved, and the allegations of Tobias's complaint show that there was no point at which Officer East's written statement caused an act that deprived Tobias of his liberty. Therefore, the Court should grant summary judgment to Officer East.

Dated: January 10, 2022            GUTIERREZ, PRECIADO & HOUSE, LLP

                                   By:   /s/ Calvin House
                                         Calvin House
                                         Attorneys for Defendant
                                         L.A. School Police Officer Daniel East

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28