**Arthur C. Preciado** (SBN 112303)
art.preciado@gphlawyers.com
**Calvin House** (SBN 134902)
calvin.house@gphlawyers.com
GUTIERREZ, PRECIADO & HOUSE, LLP
3020 E. Colorado Boulevard
Pasadena, CA 91107
Tel: 626-449-2300 | Fax: 626-449-2330
Attorneys for Defendant
L.A. School Police Officer Daniel East

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ART TOBIAS,<br><br>            Plaintiff,<br><br>     v.<br><br>CITY OF LOS ANGELES; SGT. SANCHEZ, #25339; DETECTIVE MICHAEL ARTEAGA, #32722; DETECTIVE JEFF CORTINA, #35632; DETECTIVE J. MOTTO, #25429; DETECTIVE JULIAN PERE, #27434; OFFICER MARSHALL COOLEY, #38940; OFFICER BORN, #38351; L.A. SCHOOL POLICE OFFICER DANIEL EAST, #959; and UNIDENTIFIED EMPLOYEES of the CITY OF LOS ANGELES,<br><br>            Defendant. | No. 2:17-cv-01076-DSF-AS<br><br>**Defendant East's Supplemental Reply Brief in further support of Motion for Summary Judgment**<br><br>Date: February 11, 2022<br>Time: To Be Taken Under Submission |

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Table of Contents

Introduction.............................................................................................................1

Argument ................................................................................................................1

   A. Prior rulings by this Court and the Ninth Circuit established that the
only basis for the falsification claim is the difference between the
recorded interview and the written statement. ...................................2

   B. There is no evidence that Officer East's written statement was a cause
in fact of the deprivation of Tobias's liberty.....................................3

   B. Tobias has not met his burden to provide evidence that raises a triable
issue. .............................................................**Error! Bookmark not defined.**

Conclusion ..............................................................................................................6

i

# Table of Authorities

**CASES**

*Caldwell v. City & County of San Francisco*,
  889 F.3d 1105 (9th Cir. 2018) ................................................................ 1, 4, 7

*Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) ..................................... 6

*Hall v. City of Los Angeles*,
  697 F.3d 1059 (9th Cir. 2012) ................................................................ 2

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986) ................................................................ 3

*McLaughlin v. Liu*,
  849 F.2d 1205 (9th Cir. 1988) ................................................................ 3

*Spencer v. Peters*,
  857 F.3d 789 (9th Cir. 2017) ................................................................ 1

**STATUTES**

42 U.S.C. § 1983 ................................................................ 7

**Introduction**

   Tobias's supplemental opposition does not add anything new to the arguments he presented in his initial opposition.

   As in his initial opposition, Tobias claims the fabrication claim is based in part on statements made during the oral interview. But that contradicts the rulings by this Court and the Ninth Circuit that the only possible basis for a fabrication claim are the discrepancies between the oral interview and the written statement.

   As in his initial opposition, Tobias claims that references to Officer East's statement in in the written record of the criminal investigation create a factual dispute as to whether the written statement was a cause in fact of depriving him of his liberty. But he does not cite any evidence that would support a finding that the written statement actually played a role in the arrest, detention, prosecution or conviction.

   The Court should grant summary judgment to Officer East.

**Argument**

   The causation element of a fabrication of evidence claim requires proof that "(a) the act was the cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the absence of the conduct; and (b) the act was the 'proximate cause' or 'legal cause' of the injury, meaning that the injury is of a type that a reasonable person would see as a likely result of the conduct in question." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). See also *Caldwell v. City & County of San Francisco*, 889 F.3d 1105, 1115 (9th Cir. 2018) ("To establish causation, [a plaintiff] must raise a triable issue that the fabricated evidence was the cause in fact and proximate cause of his injury"). It is not enough that the written statement "could have" contributed to Tobias's injury. Dkt. 283, p. 3.

1

***A.***     ***Prior rulings by this Court and the Ninth Circuit established that the only basis for the falsification claim is the difference between the recorded interview and the written statement.***

Both this Court and the Ninth Circuit have made clear that, if Tobias has a fabrication claim, it must be based on the difference between the recorded interview and the latter written statement. (Dkt. 283, p. 2 ("here, we are asked to weigh the sufficiency of the evidence with respect to discrepancies between East's oral and written statements"); Dkt. 270, p. 4 ("The alleged falsehood in question is East's written statement that he was "fairly sure" that the person in the video was Plaintiff"); Dkt. 170, p. 16 ("While watching the surveillance video, Officer East told Detectives that he had a hard time identifying anyone; he eventually identified Plaintiff and said he was "so much smaller in real life." Yet Officer East's written statement says he was "fairly sure" the suspect was Plaintiff because the individual had a distinct walk and stature similar to Plaintiff, facts not mentioned in his recorded conversation with Detectives").)

The Ninth Circuit's ruling should have put the matter to rest, because this Court lacks jurisdiction to decide anything other than the issue remanded by the Ninth Circuit. "A district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). Although Officer East made these points in his reply brief following remand [see Dkt. 302, pp. 5-6], Tobias's supplemental opposition does not even mention them. He only points out that he has been making this contention throughout the case. That is now beside the point, because the Court is not considering such a claim.

The supplemental opposition also refers to evidence that supposedly shows Officer East assisted the LAPD Detectives "in many ways that were unrecorded." [Dkt. 305, p. 9] But, there is no claim for unlawfully assisting the LAPD

1    Detectives. The claim that this Court is considering is for falsifying evidence that
2    was a cause in fact of the deprivation of Tobias's liberty.

3    **B.    There is no evidence that Officer East's written statement was a cause in**
4    **fact of the deprivation of Tobias's liberty.**

5    Although the supplemental opposition argues that Officer East must have
6    submitted his written statement the same day that Tobias was arrested, that does not
7    address the Court's tentative conclusion that "no reasonable juror could conclude
8    that East's written report was a but-for cause of any of Plaintiff's harm given that
9    Plaintiff had confessed to the murder prior to the written report being delivered to
10   anyone involved in investigating the case." [Dkt. 304] Tobias has not provided any
11   evidence that Officer East submitted his written statement before Tobias was
12   arrested, nor any evidence that he submitted it before the LAPD Detectives
13   interrogated Tobias at the station.

14   Instead, Tobias falls back on his argument that the presence of Officer East's
15   written statement in the record of the investigation is enough to allow a reasonable
16   jury to determine that the written statement was a cause in fact of his harm. But he
17   overstates the rulings of the authorities he relies on. None of them state that the
18   mere presence of a document in the record of a prosecution is sufficient to create a
19   triable issue as to causation.

20   In *Caldwell*, "the allegedly fabricated identification was part of the
21   evidentiary record that Giannini reviewed prior to authorizing charges against
22   Caldwell. And there is no dispute that [the] identification was a crucial piece of
23   evidence against Caldwell." *Caldwell*, *supra*, 889 F.3d 1117. In other words, the
24   mere presence of a false identification in the record of a criminal case does not
25   establish causation in fact. Instead, the plaintiff must provide evidence that the
26   identification was reviewed in connection the filing of charges and that it was a
27   crucial piece of evidence against the accused. There is no such evidence in this
28   case.

In *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1357 (9th Cir. 1981), the Court pointed to the following facts as evidence sufficient to establish causation in fact:

> The Task Force would not have existed but for IBM. IBM brought the information concerning possible criminal activity to the authorities. IBM turned over to the Task Force the information that it had gathered concerning the possible leaks of trade secrets during its own investigation. An IBM employee, Callahan, was a member of the Task Force. The Task Force relied heavily, perhaps exclusively, on IBM personnel in determining what information constituted trade secrets, and what documents were IBM documents. The district attorney relied on IBM attorneys to provide appropriate witnesses to testify before the grand jury. IBM supplied the Task Force with "buy money" to enable Bourget to purchase documents and information from the suspected thieves, while under surveillance. IBM also provided the Task Force with money for expenses incurred during the course of the investigation that could not be covered by the local budget. IBM also rented an airplane that was used by members of the Task Force for travel during the course of the investigation. It is clear that "but for" IBM's involvement, there would have been no investigation, and Arnold never would have been arrested or indicted or had his residence searched.

There is no evidence of such extensive involvement in the criminal proceedings in this case.

The case that the *IBM* decision relied on (and which contains the reference to preliminary steps) also rested on evidence of extensive involvement in the commitment proceedings. There, the complaint alleged that the defendants willfully refused to advice the court that they had ignored its order and were detaining

plaintiff against his wishes, and that they filed a false return stating that they had followed the court's order. On those allegations, the plaintiff's imprisonment would have been caused by the preliminary steps that led to the challenged order. *Hoffman v. Halden*, 268 F.2d 280, 297-98 (9th Cir. 1959). There are no such facts in this case.

The *Whitlock* case acknowledged that "an officer (or investigating prosecutor) fabricates evidence and puts that fabricated evidence in a drawer, making no further use of it, then the officer has not violated due process; the action did not cause an infringement of anyone's liberty interest." It found evidence of cause in fact, "because [the fabrication] was introduced against them at trial, was instrumental in their convictions." *Whitlock v. Brueggemann*, 682 F.3d 567, 582 (7th Cir. 2012). By contrast, here, Officer East's written statement was not introduced at trial, and played no role in his conviction.

*Pacific Shores Props., Ltd. Liab. Co. v. City of Newport Beach*, 730 F.3d 1142, 11680 (9th Cir. 2013) had nothing to do with the elements of a fabrication claim under section 1983. It discussed causation principles applicable to anti-discrimination statutes, which require evidence that "that it is more probable that the event was caused by the defendant than that it is not." There is no such evidence in this case.

The portion of the *Gregory* case that the supplemental opposition relies on was concerned with the defendants' absolute immunity defense, not with the causation element of a fabrication claim. *Gregory v. City of Louisville*, 444 F.3d 725, 741-42 (6th Cir. 2006).

**Conclusion**

In the operative complaint, Tobias affirmatively alleged that the "only reason" he was prosecuted and convicted was the confession that the LAPD Detectives extracted from him when they interrogated him. [Dkt. 67, pp. 34-35] None of the evidence that he cites in his supplemental opposition is sufficient to create a triable issue as to that allegation. The chronology of events established by the record of the criminal investigation, the sworn testimony of those involved, and the allegations of Tobias's complaint show that there was no point at which Officer East's written statement deprived Tobias of his liberty.

Therefore, the Court should grant summary judgment to Officer East.

Dated: February 11, 2022

GUTIERREZ, PRECIADO & HOUSE, LLP

By:     /s/ Calvin House
        Calvin House
        Attorneys for Defendant
        L.A. School Police Officer Daniel East